The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

IN SEATTLE

| | |
|---|---|
| CHERYL KATER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation.<br><br>Defendant. | No. C15-0612 MJP<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Fed. R. Civ. P. 26, the Court's initial Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, Dkt. 11, and the Court's Minute Order, Dkt. 50, Plaintiff Cheryl Kater ("Plaintiff") and Defendant Churchill Downs Incorporated ("Defendant") (collectively, the "Parties") submit the following Joint Status Report and Discovery Plan.

**I.     NATURE AND COMPLEXITY OF THE CASE**

In this putative class action, Plaintiff alleges that Defendant's online, casino-themed games constitute illegal gambling and seeks to recover the money she alleges she lost as a result of her gameplay. On behalf of herself and a putative nationwide class, Plaintiff alleges claims under Washington's Recovery of Money Lost and Gambling Act (RMLGA), RCW § 4.24.070,

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP
-1-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1 under Washington's Consumer Protection Act, RCW ch. 19.86, and for unjust enrichment.

2      Plaintiff contends that, insofar as the case is a putative class action, it is complex.

3      Defendant contends that the case does not "present unusual problems . . . which require

4 extraordinary treatment," and that it is therefore not a complex case under Local Rule W.D.

5 Wash. LCR 102(a).

6 **II.  DEADLINE FOR DEFENDANT TO ANSWER PLAINTIFF'S COMPLAINT**

7      Plaintiff's proposed deadline for Defendant to file its answer to Plaintiff's complaint is

8 August 24, 2018.  Defendant proposes that the Court set a deadline for Defendant to file its

9 answer to Plaintiff's complaint of 10 days after the Court's ruling on Defendant's forthcoming

10 motion to compel arbitration, if the litigation is to proceed in this Court.

11 **III. DEADLINE FOR JOINDER OF ADDITIONAL PARTIES**

12      The Parties' proposed deadline for joinder of additional parties without leave of Court is

13 **October 12, 2018.**

14      Plaintiff proposes that, if the Court determines on class certification that a class should be

15 certified but the class representative cannot be Plaintiff Kater, the deadline for joining a

16 replacement class representative should be 60 days after the date of that order.

17      Defendant objects to any extension of the deadline for joinder without leave of Court, and

18 reserves all rights to object to any substitution of a new class representative.

19 **IV. CONSENT TO MAGISTRATE**

20      No.

21 **V. PROPOSED DISCOVERY PLAN**

22      **A.  Defendant Seeks to Stay Discovery Pending Resolution of its Forthcoming
23          Motion to Compel Arbitration**

24      Defendant states that, consistent with the reservation of rights in its motion to dismiss,

25 *see* Dkt. 24 at 4 n.6, it anticipates filing a motion to compel arbitration on or before July 20,

26 2018. As will be detailed in its forthcoming motion, Defendant disagrees that it has waived its

27 right to compel arbitration. Defendant expressly and timely asserted its right to compel

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP

-2-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

arbitration in its motion to dismiss, Defendant will promptly file a motion to enforce that right, and no discovery has been taken in this case. *See Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005) ("[C]ourts are reluctant to find prejudice [sufficient to support waiver of the right to compel arbitration] to the plaintiff who has chosen to litigate, simply because the defendant litigated briefly (e.g., by filing a motion to dismiss or requesting limited discovery)."); *cf. Martin v. Yasuda*, 829 F.3d 1118, 1128 (9th Cir. 2016) (finding waiver when the parties engaged in substantial discovery and the defendant had previously represented to the court that it was "better off" in federal court).

Defendant intends to seek a stipulation, or file a motion, to stay all discovery deadlines pending resolution of the motion to compel arbitration. Similar stays have been granted by the Court in related cases. *See, e.g.*, *Wilson v. Huuuge, Inc.*, No. 2:18-cv-05276-RBL, Dkt. No. 30 (W.D. Wash. June 25, 2018); *Benson v. Double Down*, No. 2:18-cv-00525-RBL, Dkt. No. 37 (W.D. Wash. June 25, 2018).

Plaintiff respectfully contends that Defendant's contemplated motions to stay and to compel arbitration would be futile, in part because Defendant long ago waived its right to file a motion to compel arbitration. *See Martin v. Yasuda*, 829 F.3d 1118, 1128 (9th Cir. 2016) ("A party that signs a binding arbitration agreement and has subsequently been sued in court has a choice: it can either seek to compel arbitration or agree to litigate in court. It cannot choose both. A party may not delay seeking arbitration until after the district court rules against it in whole or in part; nor may it belatedly change its mind after first electing to proceed in what it believed to be a more favorable forum.").

**B.   Fed. R. Civ. P. 26(f) Conference**

Plaintiff proposes a deadline of July 27, 2018 to conduct the Federal Rule of Civil Procedure 26(f) conference. Absent a stay pending resolution of Defendant's forthcoming motion to compel arbitration, Defendant agrees.

**C.   Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)**

Plaintiff proposes that the Parties exchange initial disclosures on or before August 3,

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP
-3-
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

2018. Absent a stay pending resolution of Defendant's forthcoming motion to compel arbitration, Defendant agrees.

**D.     Discovery Subjects, Timing, and Phasing**

   *i.     Subjects on which discovery may be needed.*

Plaintiff anticipates taking discovery on at least the following non-exhaustive list of topics: (1) the total number of individuals who lost money playing Defendant's social casino games, (2) the total amount of money lost by Plaintiff and members of the putative class on Defendant's social casino games, (3) the distribution of revenues Defendant collected from members of the putative class; (4) notes, memoranda, emails, studies, or other internal documents relating to the addictive qualities of Defendant's social casino games; (5) the source code, developer notes, and databases underlying Defendant's social casino games; and (6) statistics relating to the putative class' experience playing Defendant's social casino games (*e.g.*, including the average length of individual gameplay sessions for class members).

Defendant anticipates taking discovery on at least the following non-exhaustive list of topics: (1) Plaintiff's motivations and reasons for playing Big Fish Casino games; (2) Plaintiff's motivations and reasons for purchasing virtual items within Big Fish Casino; (3) Plaintiff's Big Fish Casino game play, awards of free virtual items, and purchase history; (4) other Big Fish Casino users' game play and purchase history; (5) Plaintiff's communications regarding Big Fish Casino; and (6) Plaintiff's usage and purchase history of other social gaming platforms.

   ii.     *Timing of discovery*

Plaintiff proposes an approximately eight (8) month fact discovery period (for both class and merits discovery). More specifically, Plaintiff proposes that fact discovery close on **February 1, 2019**, that any expert reports be disclosed on **March 1, 2019**, that any rebuttal expert reports be disclosed on **April 12, 2019**, and that all expert discovery close on **May 3, 2019**. Absent a stay pending resolution of Defendant's forthcoming motion to compel arbitration, Defendant agrees.

As noted below, the Parties propose that briefing on class certification and merits issues

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP

-4-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

commence following the close of fact and expert discovery.

    iii. *Phasing of discovery*

The Parties do not propose any phasing of discovery.

  **E.** **Electronically Stored Information (ESI) Protocol**

The Parties anticipate filing and requesting that the Court enter an ESI Protocol based on the Western District of Washington's Model Agreement re: Discovery of ESI.

  **F.** **Privilege Issues**

The Parties intend to submit to the Court for its review and approval a proposed Protective Order governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this matter based on the Western District of Washington's Model Stipulated Protective Order. The proposed protective order will also provide a procedure, consistent with Fed. R. Evid. 502(b), for clawing back inadvertently disclosed privileged documents.

  **G.** **Limitations on Discovery**

The Parties agree that, aside from any modifications requested in their forthcoming stipulated Protective Order and/or ESI protocol, no limitations or modifications to the discovery contemplated by the Federal Rules of Civil Procedure are necessary at this time.

  **H.** **Other Discovery-Related Orders**

The Parties anticipate filing and requesting that the Court enter a stipulated Agreement re: Discovery of ESI and a stipulated Protective Order, both which will be modeled on versions provided by the Western District of Washington.

Defendant anticipates seeking a stipulation, or filing a motion, to stay discovery pending resolution of Defendant's forthcoming motion to compel arbitration. Plaintiff anticipates opposing Defendant's contemplated motions to stay and to compel arbitration.

**VI.** **PARTIES' VIEWS, PROPOSALS, AND AGREEMENTS ON:**

  **A.** **Prompt Case Resolution**

The Parties and their counsel will work together professionally and collaboratively to

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP

-5-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1  ensure the prompt resolution of this matter. The Parties will reasonably evaluate the relative
2  strengths and weaknesses of their claims and defenses on a regular basis, and will keep an open
3  dialogue as to how those strengths and weaknesses may inform the resolution of this case.

      **B.**    **Alternative Dispute Resolution**

5        The Parties remain open to discussing the potential resolution of this matter in the future,
6  but do not believe such discussions are appropriate at this time. Should the Parties proceed with
7  resolution discussions, they anticipate mediating before a private mediator.

      **C.**    **Related Cases**

9        Six cases alleging that online casino-themed games constitute illegal gambling under the
10 RMLGA have been filed in this District. Those cases, in the order they were filed, are:

11     1. *Wilson v. PTT, LLC*, No. 2:18-cv-05275-RBL (W.D. Wash. Apr. 6, 2018);
12     2. *Wilson v. Huuuge, Inc.*, No. 2:18-cv-05276-RBL (W.D. Wash. Apr. 6, 2018);
13     3. *Wilson v. Playtika*, No. 2:18-cv-05277-RBL (W.D. Wash. Apr. 6, 2018);
14     4. *Benson v. Double Down*, No. 2:18-cv-00525-RBL (W.D. Wash. Apr. 9, 2018);
15     5. *Fife v. Scientific Games*, No. 2:18-cv-00565-RBL (W.D. Wash. Apr. 17, 2018);
16        and
17     6. *Bell v. Game Show Network, LLC*, No. 3:18-cv-05393-RBL (W.D. Wash. May
18        15, 2018).

19       Defendant contends that while these cases present similar allegations and allege similar
20 causes of action, they do not concern substantially the same parties, property, transaction, or
21 event, and therefore are not "related cases" under Local Rule W.D. Wash. LCR 3(f)(2)(A).
22       Plaintiff takes no position as to whether this case should be related to the six similar cases
23 currently pending before the Honorable Ronald B. Leighton.

      **D.**    **State Agency Proceeding Regarding Relevant Statute**

25       On July 3, 2015, Big Fish Games, Inc. filed a petition for a declaratory order by the
26 Washington State Gambling Commission ("WSGC") confirming that the Big Fish Casino suite
27 of online video games does not constitute gambling within the meaning of the Washington

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP
-6-
Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Gambling Act. The WSGC discussed the petition at its July 12, 2018 meeting and is in the process of reviewing the petition, which is set for further discussion at the August meeting. Defendant anticipates that per the applicable administrative regulations, an initial order on the petition is likely to issue within the next six months. *See* Wash. Admin. Code § 230-17-180(3)(a)-(d); Wash. Rev. Code §§ 34.05.240(5), 34.05.425(8)(a).

Plaintiff believes that it is unlikely that the WSGC will rule substantively on the petition. Plaintiff maintains that she is a necessary party to the proceeding under Washington law, preventing the WSGC from entering a declaratory order without her consent, which she has declined to provide. *See* Wash. Admin. Code § 230-17-180(5). Further, at the July 12 meeting, the commissioners expressed both skepticism of Big Fish Casino's position and reluctance to involve themselves in pending litigation. Defendant disagrees with Plaintiff's characterization of the Commission's preliminary meeting.

**E.   Discovery Management**

The Parties agree that the Federal Rules of Civil Procedure and the Local Civil Rules shall be used to manage discovery so as to minimize burdens and expenses.

**F.   Anticipated Discovery Sought**

The Parties' descriptions of anticipated discovery are discussed above in Section 4(B), *supra*.

**G.   Phasing Motions**

**Motion for Judgment on the Pleadings.** Defendant reserves its right to file a motion for judgment on the pleadings in accordance with Federal Rule of Civil Procedure 12(c). Plaintiff respectfully contends that, by stipulation of the parties and as ordered by the Court, Dkts. 10-11, Defendant's deadline to file any Rule 12 motions expired on June 30, 2015 – nearly three years ago. Defendant disagrees. Prior stipulations and orders did not provide that all rule 12 motions were required to be filed by June 2015. Rule 12(c) motions can only be made "after the pleadings are closed" and are to be made "early enough not to delay trial." *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) (holding that 12(c) motion made before defendant

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP
-7-
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

answered was premature and "should have been denied").

**Motion for Class Certification.** The Parties propose that Plaintiff's motion for class certification shall be due 28 days after the close of expert discovery, and that the briefing schedule for the class certification motion be extended so that Defendant's opposition is due 28 days after the motion is filed and Plaintiff's reply is due 21 days after the opposition is filed.

**Dispositive Motions and *Daubert* Motions.** The Parties propose that any dispositive and *Daubert* motions be filed no later than 35 days after the entry of the Court's order regarding class certification. Defendant reserves its right to file dispositive motions prior to class certification briefing. Plaintiff respectfully contends that if Defendant files a dispositive motion prior to class certification briefing, it will have knowingly and voluntarily waived any subsequent arguments regarding the so-called rule against one-way intervention. Defendant contends that any one-way intervention issue is not ripe, and in any event disagrees with Plaintiff's contention.

### H.   Preservation of Discoverable Information

The Parties will comply with all requirements regarding preservation of discoverable information.

### I.   Privilege Issues

The Parties' forthcoming stipulated Protective Order will contain proposed procedures for governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this matter.

### J.   Model Protocol for Discovery of ESI

As noted above, the Parties anticipate filing and requesting that the Court enter a stipulated Agreement regarding the discovery of ESI, based on the model version provided by the Western District of Washington.

### VII.   DATE OF COMPLETION OF DISCOVERY

Subject to Defendant's intention to seek a stay of discovery pending the Court's ruling on Defendant's forthcoming motion to compel arbitration, the Parties propose that fact discovery

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP
-8-
Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

close on **February 1, 2019**, and that expert discovery close on **May 3, 2019**.

## VIII. BIFURCATION

The Parties believe that class and merits discovery should proceed simultaneously given the significant overlap of class and merits issues.

## IX. PRETRIAL STATEMENTS AND PRETRIAL ORDERS

At this time the parties do not believe it is necessary to do away with the pretrial statements and orders set forth in Local Rules 16 and 16.1..

## X. SUGGESTIONS FOR SHORTENING OR SIMPLIFYING CASE

The Parties do not currently have any other suggestions for shortening or simplifying this case.

## XI. JURY OR NON-JURY TRIAL

Plaintiff has requested a jury trial.

## XII. DATE FOR TRIAL

The Parties believe the case is likely to be ready for trial by November 11, 2019.

## XIII. NUMBER OF TRIAL DAYS

The Parties believe a trial will last five (5) to ten (10) days.

## XIV. TRIAL COUNSEL INFORMATION

**Plaintiffs Trial Counsel**

> EDELSON PC
> Rafey S. Balabanian
> rbalabanian@edelson.com
> Eve-Lynn Rapp
> erapp@edelson.com
> Todd Logan
> tlogan@edelson.com
> 123 Townsend Street, Suite 100
> San Francisco, CA 94110
> Tel:    (415) 212-9300
>
> LAW OFFICES OF CLIFFORD A. CANTOR PC
> Cliff Cantor, WSBA No. 17893
> cliff.cantor@outlook.com

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP
-9-
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

627 208th Ave SE
Sammamish, WA 98074
Tel:    (425) 868-7813

**Defendant's Trial Counsel**

SUSMAN GODFREY LLP
Matthew R. Berry, WSBA No. 37364
mberry@susmangodfrey.com
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel:    (206) 373-7394
Fax:   (206) 516-3883

## XV. COMPLICATIONS OF TRIAL DATE

The Parties do not have complications regarding the setting of a trial date at this time.

## XVI. SERVICE OF PROCESS

Defendant has been served.

## XVII. SCHEDULING CONFERENCE

The Parties do not request a scheduling conference, but request that the Court issue a scheduling order consistent with the proposed deadlines outlined in this statement. At the Court's direction, the Parties will submit a stipulated proposed scheduling order.

## XVIII. CORPORATE DISCLOSURE STATEMENT

Defendant filed its disclosure statement on May 8, 2015.

## XIX. CAMERAS IN THE COURTROOM

Plaintiff consents to the Judiciary's Pilot Project on Cameras in the Courtroom. Defendant opposes this case's inclusion in the Pilot Project.

Dated: July 13, 2018                    s/ *Cliff Cantor*
                                        By: Cliff Cantor, WSBA No. 17893
                                        LAW OFFICES OF CLIFFORD A. CANTOR PC
                                        627 208th Ave. SE
                                        Sammamish, WA 98074
                                        Tel:    (425) 868-7813
                                        Fax:   (425) 732-3752
                                        Email: cliff.cantor@outlook.com

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP
-10-
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1
2
3
4
5
6
7

EDELSON PC
Rafey S. Balabanian (admitted pro hac vice)
Eve-Lynn Rapp (admitted pro hac vice)
Todd Logan (admitted pro hac vice)
123 Townsend Street, Suite 100
San Francisco, CA 94110
Tel:   (415) 212.9300
Fax:   (415) .373-9435
Email: rbalabanian@edelson.com
            erapp@edelson.com
            tlogan@edelson.com

8

*Attorneys for Plaintiff*

9

10  Dated: July 13, 2018, 2018

11
12
13
14

s/ *Matthew R. Berry*
By: Matthew R. Berry, WSBA No. 37364
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel:   (206) 373-7394
Fax:   (206) 516-3883
Email: mberry@susmangodfrey.com

15

*Attorneys for Defendant*

16
17
18
19
20

21

Certificate of Service

22   I certify that, on the date stamped above, I caused this document to be filed with the
Clerk of the Court via the CM/ECF system, which will send notice of filing by email to counsel
23  of record for all parties.

s/ *Cliff Cantor*, WSBA No. 17893

24
25
26
27

JT. STATUS REPORT & DISC. PLAN
No. C15-0612 MJP

-11-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752