The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT TACOMA

| | |
|---|---|
| CHERYL KATER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>                    Defendant. | Case No.: 15-cv-00612-RBL<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT – CLASS ACTION**<br><br>**JURY DEMAND** |

DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT – CLASS ACTION (15-cv-00612-RBL)

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Defendant Churchill Downs Incorporated ("CDI") hereby answers the Complaint – Class Action ("Complaint") filed in this action by Plaintiff Cheryl Kater ("Plaintiff") on April 17, 2015, and provides separate and affirmative defenses to the allegations in the Complaint.  Unless specifically admitted, CDI denies all allegations and claims contained in the Complaint.

1.      In response to the allegations in Paragraph 1, CDI admits that, at the time the Complaint was filed, Big Fish Games, Inc. was a wholly owned subsidiary of CDI, and that Big Fish Games, Inc. owns and operates Big Fish Casino, an online gaming and social entertainment platform.  CDI denies that it ever directly owned or operated Big Fish Casino.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 1.

2.      In response to the allegations in Paragraph 2, CDI admits that roulette, blackjack, and slots games are available to play for free on the Big Fish Casino platform, and that Big Fish Casino games may be played via the Big Fish Casino website and the Big Fish Casino mobile app. Except as expressly stated, CDI denies the remaining allegations in Paragraph 2.

3.      In response to the allegations in Paragraph 3, CDI admits that free virtual chips are provided to Big Fish Casino users at certain times, including when users first play a game on the Big Fish Casino platform.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 3.

4.      CDI denies the allegations in Paragraph 4.

5.      CDI denies the allegations in Paragraph 5.

6.      Paragraph 6 and its accompanying footnote contain legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI admits that Plaintiff purports to bring claims under Washington law, and that Big Fish Casino users are subject to the Big Fish Games Terms of Use, including the mandatory arbitration and governing law provisions therein.  CDI denies that it violated Washington law, denies that it may be held liable for any conduct related to Big Fish Casino, denies that it "illegally profited" in any way, denies that Plaintiff was harmed as a result of any alleged conduct by CDI, denies that the claims alleged in the Complaint may be asserted on behalf of the putative class, and denies that

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1    Plaintiff is entitled to any relief from CDI.  Except as expressly stated, CDI denies the remaining
2    allegations in Paragraph 6.

3        7.    CDI is without sufficient knowledge or information to form a belief as to the truth of
4    the allegations in Paragraph 7 and, therefore, denies the allegations.

5        8.    CDI admits that it is a corporation incorporated under the laws of the
6    Commonwealth of Kentucky, that Big Fish Games, Inc. has a principal place of business at 333
7    Elliott Avenue West, Suite 200, Seattle, Washington 98119, and that Big Fish Games, Inc.
8    conducts business throughout this District, Washington state, and the United States.  Except as
9    expressly stated, CDI denies the remaining allegations in Paragraph 8.

10       9.    Paragraph 9 contains legal conclusions and not allegations of fact, and therefore no
11   response is required.  To the extent a response is required, CDI does not challenge that the
12   requirements of 28 U.S.C. § 1332(d)(2) are satisfied for purposes of this action only.  Except as
13   expressly stated, CDI denies the remaining allegations in Paragraph 9.

14       10.   Paragraph 10 contains legal conclusions and not allegations of fact, and therefore no
15   response is required.  To the extent a response is required, CDI admits that Big Fish Games, Inc.
16   conducts business in the State of Washington and states that CDI does not challenge personal
17   jurisdiction with respect to Plaintiff's individual claims for purposes of this action only.  Except as
18   expressly stated, CDI denies the remaining allegations in Paragraph 10.

19       11.   Paragraph 11 contains legal conclusions and not allegations of fact, and therefore no
20   response is required.  To the extent a response is required, CDI states that it does not challenge
21   venue for purposes of this action only.  Except as expressly stated, CDI denies the remaining
22   allegations in Paragraph 11.

23       12.   CDI is without sufficient knowledge or information to form a belief as to the truth of
24   the allegations in Paragraph 12 and, therefore, denies those allegations.

25       13.   In response to the allegations in Paragraph 13 and its accompanying footnotes that
26   quote from a document, CDI states that the document speaks for itself.  CDI admits that CDI owns
27   certain horse racetracks and casinos, and that CDI acquired Big Fish Games, Inc. in or around

S U S M A N  G O D F R E Y  L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

December 2014.  CDI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 and its accompanying footnotes and, therefore, denies those allegations.

14.    In response to the allegations in Paragraph 14 and its accompanying footnote that quote from a document, CDI states that the document speaks for itself.  CDI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and its accompanying footnote that relate to unnamed "developers" and, therefore, denies those allegations.  CDI denies the remaining allegations in Paragraph 14 and its accompanying footnote.

15.    In response to the allegations in Paragraph 15 and its accompanying footnote that quote from a document, CDI states that the document speaks for itself.  CDI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and its accompanying footnote that relate to unidentified "[g]ames" and, therefore, denies those allegations.  CDI denies the remaining allegations in Paragraph 15 and its accompanying footnote.

16.    In response to the allegations in Paragraph 16 and its accompanying footnote that quote from a document, CDI states that the document speaks for itself.  CDI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and its accompanying footnote that relate to unnamed "developers" and, therefore, denies those allegations.  CDI denies the remaining allegations in Paragraph 16 and its accompanying footnote.

17.    In response to the allegations in Paragraph 17 and its accompanying footnote that quote from a document, CDI states that the document speaks for itself.  CDI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and its accompanying footnote that relate to unidentified "games" and "titles," and to the unspecified "industry," and, therefore, denies those allegations.  CDI denies the remaining allegations in Paragraph 17 and its accompanying footnote.

18.    In response to the allegations in Paragraph 18 and its accompanying footnote that quote from a document, CDI states that the document speaks for itself.  CDI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and its

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

accompanying footnote that related to unidentified "games" and, therefore, denies those allegations.  CDI denies the remaining allegations in Paragraph 18 and its accompanying footnote.

19.    In response to the allegations in Paragraph 19 and its accompanying footnote that quote from a document, CDI states that the document speaks for itself.  CDI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and its accompanying footnote that relate to unidentified "games" and, therefore, denies those allegations.  CDI denies the remaining allegations in Paragraph 19 and its accompanying footnote.

20.    In response to the allegations in Paragraph 20 and its accompanying footnote that quote from a document, CDI states that the document speaks for itself.  CDI denies that it may be held liable for any conduct related to Big Fish Casino.  CDI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20 and its accompanying footnote that relate to unidentified "games" and, therefore, denies those allegations.  CDI denies the remaining allegations in Paragraph 20 and its accompanying footnote.

21.    In response to the allegations in Paragraph 21, CDI admits that the Churchill Downs racetrack opened in 1875, that CDI owns certain horse racetracks and casinos, and that CDI indirectly owns TwinSpires.com.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 21.

22.    In response to the allegations in Paragraph 22 and its accompanying footnotes that quote from a document, CDI states that the document speaks for itself.  CDI admits that CDI acquired Big Fish Games, Inc. in or around December 2014, and that during the twelve months ending March 31, 2015, Big Fish Games earned approximately $358 million in revenue.  CDI is without sufficient knowledge or information to form a belief as to the truth of certain of the remaining allegations in Paragraph 22 and its accompanying footnotes and, therefore, denies those allegations.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 22 and its accompanying footnotes.

23.    In response to the allegations in Paragraph 23, CDI admits that users may play Big Fish Casino games via the Big Fish Casino Facebook app, the Big Fish Casino website, and the

DEFENDANT'S ANSWER TO COMPLAINT – CLASS ACTION (15-cv-00612-RBL)
4

S U S M A N   G O D F R E Y   L . L . P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Big Fish Casino mobile app.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 23.

24.    In response to the allegations in Paragraph 24 that quote from a document, CDI states that the document speaks for itself.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 24.

25.    In response to the allegations in Paragraph 25 and its accompanying footnote that quote from a document, CDI states that the document speaks for itself.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 25 and its accompanying footnote.

26.    In response to the allegations in Paragraph 26, CDI admits that free virtual chips are provided to Big Fish Casino users at certain times, including when users first play a game on the Big Fish Casino platform.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 26.

27.    In response to the allegations in Paragraph 27, CDI admits that the notification illustrated by Figure 1 has appeared and may appear at certain times during Big Fish Casino gameplay.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 27.

28.    In response to the allegations in Paragraph 28, CDI admits that the screen illustrated by Figure 2 has appeared at certain times during Big Fish Casino gameplay.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 28.

29.    CDI denies the allegations in Paragraph 29.

30.    In response to the allegations in Paragraph 30, CDI admits that Big Fish Casino users may use virtual chips to play Big Fish Casino games, and that the screen illustrated by Figure 3 has appeared and may appear at certain times during Big Fish Casino gameplay.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 30.

31.    In response to the allegations in Paragraph 31 that purport to interpret Figure 3, CDI states that Figure 3 speaks for itself.  CDI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31 and, therefore, denies those allegations.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

32.     In response to the allegations in Paragraph 32, CDI admits that the operation of certain aspects of some of the Big Fish Casino games is driven by algorithms.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 32.

33.     In response to the allegations in Paragraph 33 that purport to interpret Figure 4, CDI states that Figure 4 speaks for itself.  CDI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, denies those allegations.

34.     In response to the allegations in Paragraph 34, CDI admits that the operation of certain aspects of some of the Big Fish Casino games is driven by algorithms and that Big Fish Casino maintains certain records related to gameplay.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 34.

35.     In response to the allegations in Paragraph 35 and its accompanying footnotes that purport to interpret Figure 6, CDI states that Figure 6 speaks for itself.  Except as expressly stated, CDI denies the allegations in Paragraph 35 and its accompanying footnotes.

36.     In response to the allegations in Paragraph 36, CDI admits that Plaintiff purports to bring claims on behalf of herself and a putative class.  Except as expressly admitted, CDI denies the allegations in Paragraph 36.

37.     CDI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies those allegations.

38.     CDI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies those allegations.

39.     In response to the allegations in Paragraph 39, CDI admits that Plaintiff purports to bring this suit on behalf of herself and other unnamed individuals who purchased virtual chips on the Big Fish Casino platform.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 39.

40.     Paragraph 40 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph

DEFENDANT'S ANSWER TO COMPLAINT – CLASS
ACTION (15-cv-00612-RBL)
6

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

40.

41.     Paragraph 41 and each of its subparts contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 41 and each of its subparts.

42.     Paragraph 42 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 42.

43.     Paragraph 43 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 43.

44.     Paragraph 44 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 44.

45.     Paragraph 45 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 45.

46.     In response to the allegations in Paragraph 46, CDI admits that Plaintiff purports to reserve certain rights.  Except as expressly stated, CDI denies the allegations in Paragraph 46.

47.     In response to Paragraph 47, CDI affirmatively incorporates its foregoing responses to Paragraphs 1-46.

48.     Paragraph 48 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 48 as they relate to CDI.  CDI is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 as they relate to Plaintiff and, therefore, denies those allegations.

49.     Paragraph 49 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the text of RCW

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

4.24.070 speaks for itself.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 49.

50.     Paragraph 50 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the text of RCW 9.46.0237 speaks for itself.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 50.

51.     Paragraph 51 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the text of RCW 9.46.0241 speaks for itself.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 51.

52.     Paragraph 52 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 52.

53.     Paragraph 53 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 53.

54.     Paragraph 54 and each of its subparts contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the text of the statute speaks for itself.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 54 and each of its subparts.

55.     Paragraph 55 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the text of RCW 9.46.0285 speaks for itself.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 55.

56.     Paragraph 56 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 56.

57.     Paragraph 57 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the text of RCW 9.46.0225 speaks for itself.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 57.

58.     Paragraph 58 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the text of RCW 9.46.0201 speaks for itself.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 58.

59.     CDI denies that Plaintiff was harmed as a result of any alleged conduct by CDI, denies that any claims alleged in the Complaint may be brought on behalf of the putative class, denies that Plaintiff is entitled to any relief from CDI, and denies the remaining allegations in Paragraph 59.

60.     In response to Paragraph 60, CDI affirmatively incorporates its foregoing responses to Paragraphs 1-59.

61.     Paragraph 61 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the text of the Washington Consumer Protection Act speaks for itself.  Except as expressly stated, CDI denies the allegations in Paragraph 61.

62.     Paragraph 62 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the text of the Washington Consumer Protection Act speaks for itself.  Except as expressly stated, CDI denies the allegations in Paragraph 62.

63.     Paragraph 63 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the text of the Washington Consumer Protection Act speaks for itself.  Except as expressly stated, CDI denies the allegations in Paragraph 63.

64.     Paragraph 64 contains legal conclusions and not allegations of fact, and therefore no

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

response is required.   To the extent a response is required, CDI states that the text of the Washington Consumer Protection Act speaks for itself.  Except as expressly stated, CDI denies the allegations in Paragraph 64.

65.     Paragraph 65 contains legal conclusions and not allegations of fact, and therefore no response is required.   To the extent a response is required, CDI states that the text of the Washington Consumer Protection Act speaks for itself.  Except as expressly stated, CDI denies the allegations in Paragraph 65.

66.     Paragraph 66 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI admits that it has at all times acted in accordance with applicable law.  CDI denies the remaining allegations in Paragraph 66.

67.     Paragraph 67 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 67.

68.     Paragraph 68 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI admits that Big Fish Casino has been advertised in the United States.  Except as expressly stated, CDI denies the allegations in Paragraph 68.

69.     CDI denies the allegations in Paragraph 69.

70.     In response to the allegations in Paragraph 70, CDI admits that Big Fish Games, Inc.'s principal place of business is located in Washington and that Plaintiff and each member of the putative class agreed to the Big Fish Casino Terms of Use, including the mandatory arbitration provision therein.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 70.

71.     Paragraph 71 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 71.

72.     Paragraph 72 contains legal conclusions and not allegations of fact, and therefore no

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 72.

73.     In response to the allegations in Paragraph 73, CDI admits that Plaintiff purports to seek injunctive and monetary relief on her own behalf and on behalf of unnamed and as-yet-unascertained individuals in this action.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 73.

74.     In response to Paragraph 74, CDI affirmatively incorporates its foregoing responses to Paragraphs 1-73.

75.     Paragraph 75 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 75.

76.     Paragraph 76 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI states that the Big Fish Casino Terms of Use speak for themselves and prohibit unlawful activity.  Except as expressly stated, CDI denies the remaining allegations in Paragraph 76.

77.     Paragraph 77 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 77.

78.     Paragraph 78 contains legal conclusions and not allegations of fact, and therefore no response is required.  To the extent a response is required, CDI denies the allegations in Paragraph 78.

79.     In response to the allegations in Paragraph 79, CDI admits that Plaintiff purports to seek restitution on her own behalf and on behalf of unnamed and as-yet-unascertained individuals in this action.  Except as expressly admitted, CDI denies the remaining allegations in Paragraph 79.

80.     In response to Plaintiff's prayer for relief, CDI denies that the alleged putative class can be certified, denies that CDI has violated any law, denies Plaintiff is entitled to preliminary or

DEFENDANT'S ANSWER TO COMPLAINT – CLASS
ACTION (15-cv-00612-RBL)
11

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

permanent injunctive relief against CDI, denies Plaintiff is entitled to entry of judgment against CDI, denies Plaintiff is entitled to an award of damages (statutory, actual, punitive, or otherwise) against CDI, denies Plaintiff is entitled to an award of restitution or disgorgement of profits, denies Plaintiff is entitled to recover costs, interest, or attorneys' fees from CDI, and denies Plaintiff is entitled to any relief whatsoever from CDI.

## SEPARATE AND AFFIRMATIVE DEFENSES

CDI asserts the following defenses to Plaintiff's alleged causes of action.  Insofar as any of the following expresses denial of an element of any claim alleged against CDI, such expression does not indicate that Plaintiff is relieved of her burden to prove each and every element of any such claim.

### FIRST DEFENSE

### (Failure to State a Claim)

The Complaint, and each cause of action alleged therein, fails to set forth facts sufficient to state a claim upon which relief may be granted against CDI and further fails to state facts sufficient to entitle Plaintiff or any members of the putative class to the relief sought or to any other relief whatsoever from CDI.

### SECOND DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any.  Similarly, members of the putative class that Plaintiff seeks to represent failed to mitigate their claimed damages, if any.

### THIRD DEFENSE

### (Waiver/Estoppel/Laches)

Plaintiff's claims, and those claims Plaintiff purports to bring on behalf of members of the putative class, are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

**FOURTH DEFENSE**

**(Statute of Limitations)**

Some or all of Plaintiff's claims, and those claims Plaintiff purports to bring on behalf of members of the putative class, are barred by the applicable statutes of limitations.

**FIFTH DEFENSE**

**(Arbitration)**

Absent members of the putative classes have a contractual obligation to arbitrate any claims they have arising out of or relating to Big Fish Casino.

**SIXTH DEFENSE**

**(Washington Gambling Act)**

Plaintiff has not alleged and cannot establish the conditions precedent to asserting any claims arising out of or relating to Big Fish Casino under the Washington Gambling Act, whether on behalf of herself or on behalf of members of the putative class.  CDI is entitled to each and every defense stated in the Washington Gambling Act and any and all limitations of liability.

**SEVENTH DEFENSE**

**(Recovery of Money Lost at Gambling Act)**

Plaintiff has not alleged and cannot establish the conditions precedent to asserting any claims arising out of or relating to Big Fish Casino under Washington's Recovery of Money Lost at Gambling Act, whether on behalf of herself or on behalf of members of the putative class.  CDI is entitled to each and every defense stated in the Recovery of Money Lost at Gambling Act and any and all limitations of liability.

**EIGHTH DEFENSE**

**(Washington Consumer Protection Act)**

Plaintiff has not alleged and cannot establish the conditions precedent to asserting any claims arising out of or relating to Big Fish Casino under the Washington Consumer Protection Act, whether on behalf of herself or on behalf of members of the putative class.  CDI is entitled to

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

each and every defense stated in the Washington Consumer Protection Act and any and all limitations of liability.

## NINTH DEFENSE

### (Consent, Notification, Ratification, Acquiescence, Authorization, Account Stated, and/or Acceptance)

Plaintiff's claims, and those claims Plaintiff purports to bring on behalf of members of the putative class, are barred, in whole or in part, by the existence of consent, notification, ratification, acquiescence, authorization, and/or acceptance.

## TENTH DEFENSE

### (Voluntary Action)

Plaintiff's claims, and those claims Plaintiff purports to bring on behalf of members of the putative class, are barred by the fact that the purchases about which Plaintiff complains were made voluntarily.

## ELEVENTH DEFENSE

### (Plaintiff's Comparative Fault and/or Assumption of Risk)

Plaintiff's claimed damages, if any, are in whole or in part due to conditions that preexisted or are unrelated to the claims alleged in the Complaint.  The actions and/or omissions alleged in the Complaint were caused by Plaintiff's own actions, Plaintiff's fault, comparative fault and/or assumption of risk, which conduct will bar Plaintiff's claims or reduce her claim in an amount to be determined at the time of trial.  Similarly, the alleged injuries of members of the putative class that Plaintiff seeks to represent were caused, in whole or in part, by their own actions.

## TWELFTH DEFENSE

### (No Punitive Damages)

Plaintiff's claim for punitive and/or trebled damages violates CDI's right to due process under the United States Constitution, and other applicable law.

DEFENDANT'S ANSWER TO COMPLAINT – CLASS
ACTION (15-cv-00612-RBL)
14

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

**THIRTEENTH DEFENSE**

2

**(Big Fish Games, Inc.'s Actions Not Imputed to CDI)**

3

Plaintiff improperly sued CDI over the purported actions of its wholly owned subsidiary,

4

Big Fish Games, Inc.  Plaintiff has not alleged and has no basis to pierce the corporate veil to hold

5

CDI responsible for Big Fish Games, Inc.'s purported actions.  In addition, CDI no longer owns

6

Big Fish Games, Inc.

7

**FOURTEENTH DEFENSE**

8

**(Acts or Omissions of Third Parties)**

9

All or part of the damages alleged in the Complaint, if they occurred, were caused by the

10

acts and/or omissions of other persons or entities for whose conduct CDI is not legally responsible.

11

**FIFTEENTH DEFENSE**

12

**(No Standing)**

13

Plaintiff's claims, and those claims Plaintiff purports to bring on behalf of members of the

14

putative class, are barred in whole or in part because Plaintiff and the putative class members lack

15

standing to assert the alleged claims.

16

**SIXTEENTH DEFENSE**

17

**(No Personal Jurisdiction Over Claims of Absent Class Members)**

18

The Court lacks personal jurisdiction over any claims asserted on behalf of absent members

19

of the putative class.

20

CDI reserves the right to assert additional affirmative defenses at such time and to such

21

extent as warranted by discovery and the factual developments in this case.

22

**PRAYER FOR RELIEF**

23

CDI prays for entry of judgment in its favor and against Plaintiff as follows:

24

       1.        That the Complaint be dismissed in its entirety with prejudice;

25

       2.        That this action proceed between the named parties only, and that no class

26

               action be permitted under Fed. R. Civ. P. 23 and no class be certified under

27

               Fed. R. Civ. P. 23(c);

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1          3.        That Plaintiff takes nothing by way of the Complaint;

2          4.        For attorneys' fees and costs as permitted by law; and

3          5.        For such other and further relief as this Court deems just and proper.

## JURY DEMAND

CDI requests a trial by jury on all issues raised by the Complaint that are properly triable to a jury.

Dated:   November 16, 2018          Respectfully submitted,

/s/ Matthew R. Berry
Matthew R. Berry, WSBA #37364
mberry@susmangodfrey.com
Steven M. Seigel
sseigel@susmangodfrey.com
**Susman Godfrey L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
P: (206) 516-3880

Robert Rivera (*Pro Hac Vice Pending*)
rrivera@SusmanGodfrey.com
**Susman Godfrey L.L.P.**
1000 Louisiana Street, Ste. 5100
Houston, TX 77002-5096
P: (713) 653-7809

*Attorneys for Defendant*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated this 16th day of November, 2018.

*/s/ Matthew R. Berry*

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883