The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

| | |
|---|---|
| CHERYL KATER, individually and on behalf of all others similarly situated, | Case No. 2:15-cv-00612-RBL |
| *Plaintiff*, | |
| *v.* | **AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN** |
| CHURCHILL DOWNS INCORPORATED, a Kentucky Corporation. | |
| *Defendant*. | |

Pursuant to Fed. R. Civ. P. 26, Plaintiff Cheryl Kater ("Plaintiff") and Defendant Churchill Downs Incorporated ("Defendant") (collectively, the "Parties") submit the following Amended Joint Status Report and Discovery Plan.

## I.   NATURE AND COMPLEXITY OF THE CASE

**Plaintiff:** In this putative class action, Plaintiff alleges that Big Fish Casino constitutes illegal gambling, and seeks to recover the money she alleges she lost as a result of her gameplay. On behalf of herself and a putative nationwide class, Plaintiff alleges claims under Washington's Recovery of Money Lost and Gambling Act (RMLGA), Wash. Rev. Code § 4.24.070, under Washington's Consumer Protection Act, Wash. Rev. Code § 19.86.010, and for unjust enrichment against Defendant Churchill Downs. Insofar as this case is a putative class action, Plaintiff contends it is "complex."

**Defendant:** Churchill Downs contends that Big Fish Casino—a virtual game platform that can be downloaded free of charge—does not constitute gambling within the meaning of the

Washington Gambling Act, Wash. Rev. Code § 9.46.0237.  For that and other reasons, Plaintiff, a Michigan resident, cannot prevail on any of the three Washington law claims alleged. Moreover, Big Fish Games, Inc.—which owns and operates Big Fish Casino—was a wholly owned, indirect subsidiary of Churchill Downs until January 2018 when Churchill Downs sold its entire interest in Big Fish Games.  As described more fully below, Defendant contends that Plaintiff improperly filed this putative class action against Churchill Downs rather than its former wholly owned, indirect subsidiary, Big Fish Games, and that Big Fish Games must be joined as a necessary party under Rule 19 of the Federal Rules of Civil Procedure.  Defendant contends that the case does not "present unusual problems . . . which require extraordinary treatment," and that it is therefore not a complex case under Local Rule W.D. Wash. LCR 102(a).

## II.      DEADLINE FOR DEFENDANT TO ANSWER PLAINTIFF'S COMPLAINT.

Defendant answered Plaintiff's complaint on **November 16, 2018**.

## III.     DEADLINE FOR JOINDER OF ADDITIONAL PARTIES

The Parties' proposed deadline for joinder of additional parties without leave of Court is **March 1, 2019.**

**Defendant:** Defendant anticipates filing a motion to join Big Fish Games as a necessary party under Rule 19 of the Federal Rules of Civil Procedure before that date. Defendant objects to any extension of the deadline for joinder without leave of Court, and reserves all rights to object to any substitution of a new class representative.

**Plaintiff:** Though Plaintiff believes Big Fish Games is not a "necessary party" under Rule 19, Plaintiff—in an effort to minimize unnecessary burdens upon the Court—does not anticipate opposing a motion by Defendant to join Big Fish Games into this case. Plaintiff and her counsel anticipate potentially adding several additional class representatives to this case. Plaintiff also proposes that, if the Court determines on class certification that a class should be certified but the class representative cannot be Plaintiff Kater or any other proposed class

representatives, the deadline for joining replacement class representatives should be 60 days after the date of that order.

## IV.   CONSENT TO MAGISTRATE

No.

## V.   PROPOSED DISCOVERY PLAN

### A.  Fed. R. Civ. P. 26(f) Conference

The parties held a Federal Rule of Civil Procedure 26(f) conference on December 5, 2018.

### B.  Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)

The parties have exchanged initial disclosures.

### C.  Discovery Subjects, Timing, and Phasing

*i.      Subjects on which discovery may be needed.*

**Plaintiff:** Plaintiff anticipates taking discovery on at least the following non-exhaustive list of topics: (1) whether Defendant was the "proprietor for whose benefit" Big Fish Casino operated, *see* RCW 4.24.070; (2) the total number of individuals who lost money playing Defendant's social casino games, (3) the total amount of money lost by Plaintiff and members of the putative class on Defendant's social casino games, (4) the distribution of revenues Defendant collected from members of the putative class; (5) notes, memoranda, emails, studies, or other internal documents relating to the addictive qualities of Defendant's social casino games; (6) the source code, developer notes, and databases underlying Defendant's social casino games; and (7) statistics relating to the putative class' experience playing Defendant's social casino games (*e.g.*, including the average length of individual gameplay sessions for class members).

**Defendant:** Defendant notes that most of the discovery sought by Plaintiff resides not with Defendant but with Big Fish Games.  Defendant further suggests that a key subject of discovery is what the factual basis is for Plaintiff's claim that Defendant can be held responsible for the operation of Big Fish Casino given   Defendant and Big Fish Games are, and always have

been, separate corporate entities.  In addition, Defendant anticipates taking discovery on at least the following non-exhaustive list of topics: (1) Plaintiff's motivations and reasons for playing Big Fish Casino games; (2) Plaintiff's motivations and reasons for purchasing virtual items within Big Fish Casino; (3) Plaintiff's Big Fish Casino game play, awards of free virtual items, and purchase history; (4) other Big Fish Casino users' game play and purchase histories; (5) Plaintiff's communications and interactions with and regarding Big Fish Casino; (6) Plaintiff's usage and purchase history of other online social games; (7) the amount of damages Plaintiff claims she has incurred; and (8) any additional facts bearing on the Plaintiff's adequacy to serve as class representative.

        ii.    *Timing of discovery*

        The parties propose an approximately eight (8) month fact discovery period (for both class and merits discovery).  More specifically, the parties propose that fact discovery close on **September 27, 2019**, that expert reports for the party with the burden of proof be disclosed on **October 25, 2019**, that any rebuttal expert reports be disclosed on **December 20, 2019**, and that all expert discovery close on **January 17, 2020**.

        As noted below, the Parties propose that briefing on class certification and merits issues commence following the close of fact and expert discovery.

        iii.    *Phasing of discovery*

        **Defendant:** Defendant proposes that discovery focused on its corporate structure and how it and Big Fish Games are, and always have been, separate corporate entities proceed first on an expedited schedule because it will show that Plaintiff improperly filed this action against Churchill Downs —which never operated Big Fish Casino—rather than its former wholly owned, indirect subsidiary, Big Fish Games.  For 60 days, discovery should focus on this issue because it will likely be case dispositive for Churchill Downs and will facilitate early resolution of Defendant's anticipated motion for summary judgment on this issue.  *See* Manual for Complex Litigation (4th Ed.) § 11.422 ("Targeted discovery may be nonexhaustive, conducted to

produce critical information rapidly on one or more specific issues.").  Churchill Downs notes that, contrary to Plaintiff's assertion below, Churchill Downs has always taken the position that it is not a proper defendant in this case, including in past court filings.  *See, e.g.*, Appellee's Motion to Substitute Under Rule 43(b), Case No. 16-35010, Dkt. 48 (9th Cir. Jan. 9, 2018) (arguing that Big Fish Games, the "real party in interest," should be substituted for Churchill Downs because "[Big Fish Casino] is owned and operated by Big Fish Games" and Big Fish Games was always "a separate company" from Churchill Downs). Moreover, Plaintiff never alleged that Churchill Downs was the "proprietor for whose benefit" Big Fish Casino was operated, *see* RCW 4.24.070, as it has contended for the first time in this Joint Status Report.

**Plaintiff:** Plaintiff respectfully contends that no phasing of discovery is appropriate or necessary in this case. Defendant is the "proprietor for whose benefit" Big Fish Casino was operated—*see* RCW 4.24.070; *see also* Dkt. 2 ¶ 49—which explains why Defendant has never before argued to this Court that it is not a proper defendant in this case. Plaintiff notes that when Defendant sold Big Fish Games for $990 million to Aristocrat Leisure, Defendant agreed under the terms of that sale that Defendant would indemnify Aristocrat for the "losses and expense" stemming from this action. *See, e.g.*, Churchill Downs Form 10-Q, at 46, available at https://bit.ly/2RlmQpo (last accessed January 11, 2019).

### D. Electronically Stored Information (ESI) Protocol

The Parties anticipate filing and requesting that the Court enter an ESI Protocol based on the Western District of Washington's Model Agreement re: Discovery of ESI.

### E. Privilege Issues

The Parties intend to submit to the Court for its review and approval a proposed Protective Order governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this matter based on the Western District of Washington's Model Stipulated Protective Order. The proposed protective order will also provide a procedure, consistent with Fed. R. Evid. 502(b), for clawing back inadvertently

disclosed privileged documents.

**F. Limitations on Discovery**

The Parties agree that, aside from any modifications requested in their forthcoming stipulated Protective Order and/or ESI protocol and the phasing of discovery requested by Churchill Downs described above, no limitations or modifications to the discovery contemplated by the Federal Rules of Civil Procedure are necessary at this time.

**G. Other Discovery-Related Orders**

The Parties anticipate filing and requesting that the Court enter a stipulated Agreement re: Discovery of ESI and a stipulated Protective Order, both which will be modeled on versions provided by the Western District of Washington.

**VI.    PARTIES' VIEWS, PROPOSALS, AND AGREEMENTS ON:**

**A. Prompt Case Resolution**

The Parties and their counsel will work together professionally and collaboratively toward the prompt resolution of this matter. The Parties will reasonably evaluate the relative strengths and weaknesses of their claims and defenses on a regular basis, and will keep an open dialogue as to how those strengths and weaknesses may inform the resolution of this case.

**Defendant:** Defendant believes that joinder of Big Fish Games as a necessary party under Rule 19 of the Federal Rules of Civil Procedure is required to permit full resolution of this case. Defendant further believes that prompt case resolution is best accomplished through expedited discovery focused on Defendant's corporate form, its former ownership of the distinct corporate entity Big Fish Games, and the factual basis for Plaintiff's claim that Defendant can be held responsible for the operation of Big Fish Casino. Plaintiff makes no veil piercing allegations in her Complaint. Defendant anticipates moving for summary judgment using this expedited discovery on the basis that there is no dispute of material fact regarding Plaintiff's improper attempt to hold Defendant responsible for any alleged actions of its former wholly owned, indirect subsidiary, Big Fish Games.

**Plaintiff:** Plaintiff anticipates opposing any early summary judgment motion by Defendant, and additionally anticipates opposing any efforts by Defendant to file multiple summary judgment motions.

### B. Alternative Dispute Resolution

The Parties remain open to discussing the potential resolution of this matter in the future, but do not believe such discussions are appropriate at this time. Should the Parties proceed with resolution discussions, they anticipate mediating before a private mediator.

### C. Related Cases

Six other cases alleging that online casino-themed games constitute illegal gambling under the RMLGA have been filed in this District. Those cases, in the order they were filed, are:

1. *Wilson v. PTT, LLC*, No. 2:18-cv-05275-RBL (W.D. Wash. Apr. 6, 2018);

2. *Wilson v. Huuuge, Inc.*, No. 2:18-cv-05276-RBL (W.D. Wash. Apr. 6, 2018);

3. *Wilson v. Playtika*, No. 2:18-cv-05277-RBL (W.D. Wash. Apr. 6, 2018);

4. *Benson v. Double Down*, No. 2:18-cv-00525-RBL (W.D. Wash. Apr. 9, 2018);

5. *Fife v. Scientific Games*, No. 2:18-cv-00565-RBL (W.D. Wash. Apr. 17, 2018); and

6. *Bell v. Game Show Network, LLC*, No. 3:18-cv-05393-RBL (W.D. Wash. May 15, 2018).

**Defendant:** Defendant contends that while these cases present similar allegations and allege similar causes of action, they do not concern substantially the same parties, property, transaction, or event, and therefore are not "related cases" under Local Rule W.D. Wash. LCR 3(f)(2)(A).

**Plaintiff:** Plaintiff respectfully contends that this case is related to the six similar cases currently pending before the Court.

### D. Discovery Management

The Parties agree that the Federal Rules of Civil Procedure and the Local Civil Rules

shall be used to manage discovery so as to minimize burdens and expenses.

### E.  Anticipated Discovery Sought

The Parties' descriptions of anticipated discovery are discussed above in Section 4(B), *supra*.

### F.  Phasing Motions

**Motion to Join Big Fish Games.**

**Defendant:** As noted above, Defendant anticipates filing a motion to join Big Fish Games as a necessary party.  Plaintiff has consistently resisted adding Big Fish Games to this lawsuit.  *See, e.g.*, Plaintiff-Appellant's Response in Opposition to Appellee's Motion to Substitute Under Rule 43(b), Case No. 16-35010, Dkt. 50 (9th Cir. Jan. 18, 2018).  However, the federal rules dictate that Big Fish Games, the owner of the game at issue in this lawsuit, must be joined as a necessary party.  A party may move to join a necessary party "at any stage in the proceeding."  *See CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911–12 (9th Cir. 1991); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").  Under Federal Rule of Civil Procedure 19(a), a nonparty to an action, like Big Fish Games, "must be joined" if it is feasible to do so and either one of two conditions is met.  Because at least one of these conditions is met and joinder is feasible, this Court must join Big Fish Games as a necessary party.

**Plaintiff:** Though Plaintiff believes Big Fish Games is not a "necessary party" under Rule 19, and will continue to oppose any effort by Churchill Downs to escape this case by *substituting* another party in its stead, Plaintiff—in an effort to minimize unnecessary burdens upon the Court—does not anticipate opposing a motion by Defendant to *join* Big Fish Games into this case.

**Motion for Judgment on the Pleadings.**

**Defendant:** Defendant reserves its right to file a motion for judgment on the pleadings in accordance with Federal Rule of Civil Procedure 12(c).

1

**Plaintiff:** Plaintiff will oppose any such motion.

2

**Early Motion for Summary Judgment**.

3

**Defendant:** As noted above, Defendant contends that Plaintiff has no grounds to sue

4

Defendant for the alleged conduct of its former, wholly owned, indirect subsidiary, Big Fish

5

Games, Inc. There will be no material dispute of fact that Defendant and Big Fish Games were

6

always separate entities.  Nor will there be any material dispute of fact that Big Fish Games, not

7

Defendant, operated Big Fish Casino. The issue is appropriately resolved on summary judgment.

8

*See Gebrekidan v. USAA Ins. Co.*, No. C13-0508JLR, 2013 WL 6512995 (W.D. Wash. Dec. 12,

9

2013) (granting summary judgment to parent corporation where "Plaintiffs have made no

10

allegations, let alone offered any evidence, indicating that [the parent] utilized the corporate form

11

of [the subsidiary] to violate or evade a legal duty.").  Requiring the parties to quickly crystallize

12

theories of corporate liability will allow Defendant to seek early resolution on a dispositive issue

13

in a way that may curtail expenses and conserve judicial resources.

14

**Plaintiff:** Plaintiff expects to oppose any motion for summary judgment, including by

15

highlighting evidence Plaintiff expects to obtain in discovery tending to show that Defendant is

16

the "proprietor for whose benefit" Big Fish Casino was operated. *See* RCW 4.24.070. Plaintiff

17

will oppose any effort by Defendant to file multiple summary judgment motions.

18

**Motion for Class Certification**.

19

The Parties propose that Plaintiff's motion for class certification shall be due 28 days

20

after the close of expert discovery, and that the briefing schedule for the class certification

21

motion be extended so that Defendant's opposition is due 28 days after the motion is filed and

22

Plaintiff's reply is due 21 days after the opposition is filed.

23

**Dispositive Motions and *Daubert* Motions**.

24

**Defendant:** Defendant reserves its right to file dispositive motions prior to class

25

certification briefing. Defendant disagrees that any one-way intervention issue is ripe, and in any

26

event disagrees with Plaintiff's contention that any one-way intervention issue would apply here.

27

**Plaintiff:** Plaintiff proposes that any summary judgment or *Daubert* motions be filed no later than 60 days after the entry of the Court's order regarding class certification. Plaintiff respectfully contends that if Defendant files a dispositive motion prior to class certification briefing, it will have knowingly and voluntarily waived any subsequent arguments regarding the rule against one-way intervention.

### G. Preservation of Discoverable Information

The Parties will comply with all requirements regarding preservation of discoverable information.

### H. Privilege Issues

The Parties' forthcoming stipulated Protective Order will contain proposed procedures for governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this matter.

### I. Model Protocol for Discovery of ESI

As noted above, the Parties anticipate filing and requesting that the Court enter a stipulated Agreement regarding the discovery of ESI, based on the model version provided by the Western District of Washington.

## VII.   DATE OF COMPLETION OF DISCOVERY

The Parties propose that fact discovery close on **September 27, 2019**, and that expert discovery close on **January 17, 2020**.

## VIII.   BIFURCATION

The Parties believe that class and merits discovery should proceed simultaneously given the significant overlap of class and merits issues.

## IX.   PRETRIAL STATEMENTS AND PRETRIAL ORDERS

At this time the parties do not believe it is necessary to do away with the pretrial statements and orders set forth in Local Rules 16 and 16.1.

## X.   SUGGESTIONS FOR SHORTENING OR SIMPLIFYING CASE

The Parties do not currently have any other suggestions for shortening or simplifying this case.

**XI.    JURY OR NON-JURY TRIAL**

Plaintiff has requested a jury trial.

**XII.   DATE FOR TRIAL**

The Parties believe the case is likely to be ready for trial by August 1, 2020.

**XIII.  NUMBER OF TRIAL DAYS**

The Parties believe a trial will last five (5) to ten (10) days.

**XIV.   TRIAL COUNSEL INFORMATION**

**<u>Plaintiffs Trial Counsel</u>**

EDELSON PC
Rafey S. Balabanian
*rbalabanian@edelson.com*
Eve-Lynn Rapp
*erapp@edelson.com*
Todd Logan
*tlogan@edelson.com*
123 Townsend Street, Suite 100
San Francisco, CA 94110
Tel: 415.212.9300

**<u>Defendant's Trial Counsel</u>**

SUSMAN GODFREY LLP
Matthew R. Berry (WSB No. 37364)
mberry@susmangodfrey.com
Steven M. Seigel (WSB No. 53960)
sseigel@susmangodfrey.com
1201 Third Avenue, Suite 3800
Tel (206) 373-7394
Fax (206) 516-3883

**XV.    COMPLICATIONS OF TRIAL DATE**

The Parties currently do not have complications regarding the setting of a trial date.

**XVI.   SERVICE OF PROCESS**

Defendant has been served.

**XVII.  SCHEDULING CONFERENCE**

The Parties do not request a scheduling conference, but request that the Court issue a scheduling order consistent with the proposed deadlines outlined in this statement.  At the Court's direction, the Parties will submit a stipulated proposed scheduling order.

**XVIII.  CORPORATE DISCLOSURE STATEMENT**

Defendant filed its disclosure statement on May 8, 2015.

**XIX.   CAMERAS IN THE COURTROOM**

Plaintiff consents to the Judiciary's Pilot Project on Cameras in the Courtroom.

Defendant opposes this case's inclusion in the Pilot Project.

Dated: January 28, 2019                    By:___/s/ Janissa A. Strabuk_____
                                                              One of Plaintiff's Attorneys

                                                      TOUSLEY BRAIN STEPHENS PLLC
                                                      Janissa A. Strabuk, WSBA #21827
                                                      Cecily C. Shiel, WSBA # 50061
                                                      1700 Seventh Avenue, Suite 2200
                                                      Seattle, Washington 98101-4416
                                                      Tel:    206.682.5600
                                                      Fax:    206.682.2992
                                                      Email: jstrabuk@tousley.com
                                                      Email: cshiel@tousley.com

                                                      EDELSON PC
                                                      Rafey Balabanian*
                                                      rbalabanian@edelson.com
                                                      Eve-Lynn Rapp*
                                                      erapp@edelson.com
                                                      Todd Logan*
                                                      tlogan@edelson.com
                                                      123 Townsend Street, Suite 100
                                                      San Francisco, California 94107
                                                      Tel: 415.212.9300

                                                      *Counsel for Plaintiff and the Putative Class*
                                                      *Pro Hac Vice*

Dated: January 28, 2019                    By:/s/ Matthew R. Berry_____
                                                              Matthew R. Berry

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SUSMAN GODFREY LLP
Matthew R. Berry (WSB No. 37364)
mberry@susmangodfrey.com
Steven M. Seigel (WSB No. 53960)
sseigel@susmangodfrey.com
1201 Third Avenue, Suite 3800
Tel (206) 373-7394
Fax (206) 516-3883