The Honorable Ronald B. Leighton

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT TACOMA

CHERYL KATER, individually and on behalf of all others similarly situated,

                    Plaintiff,

v.

CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,

                    Defendant.

Case No.: 15-cv-00612-RBL

**DEFENDANT'S MOTION FOR JOINDER OF BIG FISH GAMES, INC. AS A NECESSARY PARTY**

ORAL ARGUMENT REQUESTED

NOTE ON MOTION CALENDAR: March 8, 2019

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 4

I.      Big Fish Games Is a Necessary Party Under Rule 19 ........................................... 4

        A.      Plaintiff Cannot Obtain Complete Relief Without Big Fish Games' Participation
                In This Action. ...................................................................................................... 4

        B.      Big Fish Games' Interests May Be Impaired Absent Joinder ............................... 6

                1.      Big Fish Games Claims a Legally Protected Interest in BFC .................... 6

                2.      Big Fish Games' Absence from this Action Could Impair or
                        Impede Its Ability to Protect Its Interest ................................................... 7

        C.      Joinder of Big Fish Games is Feasible .................................................................. 7

CONCLUSION ................................................................................................................... 8

DEFENDANT'S MOTION FOR JOINDER
(15-cv-00612-RBL)

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co.*,
   621 F. Supp. 892 (D. Nev. 1985) ..........................................................................5

*Alto v. Black*,
   738 F.3d 1111 (9th Cir. 2013) ...........................................................................4

*Am. Greyhound Racing, Inc. v. Hull*,
   305 F.3d 1015 (9th Cir. 2002) ...........................................................................6

*Comenout v. Whitener*,
   2015 WL 917631 (W.D. Wash. Mar. 3, 2015), *aff'd*, 692 F. App'x 474 (9th Cir.2017) ....................5

*Confederated Tribes of Chehalis Indian Reservation v. Lujan*,
   928 F.2d 1496 (9th Cir. 1991) ...........................................................................5

*CP Nat. Corp. v. Bonneville Power Admin.*,
   928 F.2d 905 (9th Cir. 1991) ............................................................................4

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ......................................................................................7

*Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*,
   276 F.3d 1150 (9th Cir. 2002) ...........................................................................5

*Doctor's Assocs., Inc. v. Distajo*,
   66 F.3d 438 (2d Cir. 1995)...............................................................................2

*E.E.O.C. v. Peabody W. Coal Co.*,
   400 F.3d 774 (9th Cir. 2005) ...........................................................................7

*Glancy v. Taubman Centers, Inc.*,
   373 F.3d 656 (6th Cir. 2004) ...........................................................................7

*Hells Canyon Pres. Council v. Stein*,
   2017 WL 3641419 (D. Or. Aug. 24, 2017) ...............................................................6

*Kater v. Churchill Downs Inc.*,
   886 F.3d 784 (9th Cir. 2018) ......................................................................1, 3, 6

*California ex rel. Lockyer v. United States*,
   450 F.3d 436 (9th Cir. 2006) ...........................................................................7

*Northrop Corp. v. McDonnell Douglas Corp.*,
   705 F.2d 1030 (9th Cir. 1983) ..........................................................................6

*Picciotto v. Cont'l Cas. Co.*,
   512 F.3d 9 (1st Cir. 2008) ..............................................................................7

ii

*Provident Tradesmens Bank & Tr. Co. v. Patterson*,
   390 U.S. 102 (1968)......................................................................................................7

*Thimmegowda v. Big Fish Games, Inc.*,
   No. 2:19-cv-00199 (W.D. Wash. Feb. 11, 2019)................................................1, 3

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*,
   2009 WL 10669576 (C.D. Cal. July 1, 2009)...............................................................5

*White v. Divine Investments, Inc.*,
   2008 WL 4347230 (E.D. Cal. Sept. 22, 2008)...............................................................4

*White v. Univ. of California*,
   765 F.3d 1010 (9th Cir. 2014) .......................................................................................6

*Zepeda v. INS*,
   753 F.2d 719 (9th Cir. 1983) .........................................................................................5

**Statutes**

28 U.S.C. § 1332(a) ...........................................................................................................8

28 U.S.C. § 1332(c)(1).......................................................................................................8

28 U.S.C. § 1391(b)(1) ......................................................................................................8

**Rules**

Fed. R. Civ. P. 19.....................................................................................................*passim*

Fed. R. Civ. P. 21.................................................................................................................4

DEFENDANT'S MOTION FOR JOINDER
(15-cv-00612-RBL)

1

## INTRODUCTION

This lawsuit was brought against the wrong defendant.  As the Ninth Circuit recognized, Plaintiff's claims are contingent on a finding that Big Fish Casino ("BFC"), a virtual game platform, constitutes an illegal gambling game under Washington's Recovery of Money Lost at Gambling Act. *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 786 & n.1 (9th Cir. 2018).  Big Fish Games, Inc. ("Big Fish Games"), not defendant Churchill Downs Incorporated ("Churchill Downs"), has always owned and operated BFC.  Big Fish Games, not Churchill Downs, is the real party in interest, and it always was from the outset of this litigation – a fact underscored by a self-described "companion case" filed earlier this week naming Big Fish Games as a defendant. *Thimmegowda v. Big Fish Games, Inc.*, No. 2:19-cv-00199 (W.D. Wash. filed Feb. 11, 2019).  Churchill Downs does not even own Big Fish Games any longer, as that separate corporate entity was sold to Aristocrat Technologies in January 2018.  In the time since then, Plaintiff has refused to join Big Fish Games.  Plaintiff's refusal is especially perplexing because her counsel has recognized in other forums the propriety of joinder of Big Fish Games as a defendant. Declaration of Steven Seigel., Ex. E, at 13 (Kater's counsel arguing in public comments to the Washington State Gambling Commission that "We think it's likely that Big Fish Games Inc will be added as a defendant.  Just haven't gotten there yet.").

While Plaintiff now states that she "does not anticipate opposing [this] motion," she still refuses to acknowledge that Big Fish Games "must be joined" as a party to this lawsuit under Federal Rule of Civil Procedure 19.  *See* Dkt. No. 78, at 2 (Amended Joint Status Report and Discovery Plan).  Absent joinder, this Court could not grant the "complete relief" that Rule 19 demands if Plaintiff's claims were successful.  Fed. R. Civ. P. 19(a)(1)(A).  Plaintiff seeks injunctive and declaratory relief that would be ineffective without joining Big Fish Games—namely, asking this Court to (1) enjoin the operation of BFC and (2) declare the operation of BFC unlawful.  Churchill Downs lacks any authority to alter or cease the game's operation.  Moreover, any judgment rendered against Churchill Downs would impair Big Fish Games' property interest in BFC, which supplies an independent basis for joinder.  Fed. R. Civ. P. 19(a)(1)(B)(i).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## BACKGROUND

**Challenged Virtual Game Platform.**  BFC is a virtual game platform owned and operated by Big Fish Games.  *See* Dkt. No. 2 ("Compl.") ¶¶ 1, 22; Dkt. No. 76 ("Answer") ¶ 1.  When Plaintiff filed this putative class action in April 2015, Big Fish Games was a wholly owned subsidiary of Churchill Downs.  *See* Comp. ¶¶ 1, 22; Answer ¶ 1.  In January 2018, Churchill Downs completed its sale of Big Fish Games to Aristocrat Technologies through the closing of the contracting parties' Stock Purchase Agreement.  *See* Seigel Decl., Ex. C, at 2, 15 (Churchill Downs, Inc., Current Report (Form 8-K) (Jan. 9, 2018)); *see also* Seigel Decl., Ex. B (Churchill Downs, Inc., Current Report (Form 8-K) (Nov. 30, 2017)) (attaching Stock Purchase Agreement).  Churchill Downs retained no ownership interest in Big Fish Games.  *See id.*

**Arbitration agreement.**  Plaintiff entered into an agreement with Big Fish Games to arbitrate any claim relating to BFC when she accepted the game's terms of use.  *See* Dkt No. 60-2 (Vella Decl.) ¶¶ 6–9; Dkt. No. 60-3 (Terms of Use) ("You and Big Fish agree that any dispute, claim or controversy arising out of or relating to your access to or use of any Big Fish Offering . . . shall be determined by arbitration.").  While this Court held that *Churchill Downs* waived its right to arbitrate any such claims as a third-party beneficiary of the agreement, nonparty Big Fish Games has not waived its rights under the agreement because it has never had an opportunity to assert its right to arbitration in this case.  *See* Dkt. No. 75 (Order Denying Motion to Compel Arbitration); *see, e.g.*, *Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 453–58 (2d Cir. 1995) (holding that litigation conduct of one company could not be imputed to another for purposes of waiving arbitration rights unless they are alter egos).

**Plaintiff's claims.**  Plaintiff filed this putative class action in April 2015, asserting claims under Washington law relating solely to BFC.  Compl. ¶ 47–79.  Plaintiff's core allegation is that BFC constitutes an illegal gambling game under Washington's Recovery of Money Lost at Gambling Act.  *See id.*  Plaintiff concedes that each of her claims are contingent on proving that core allegation.  Dkt. No. 32 at 12–22.  Notwithstanding the fact that BFC is owned and operated by Big Fish Games, Plaintiff elected not to name Big Fish Games as a defendant, choosing instead to name only Churchill Downs, which at the time owned Big Fish Games.  Compl. ¶ 1.

DEFENDANT'S MOTION FOR JOINDER
(15-cv-00612-RBL)

Indeed, an alleged "companion" lawsuit filed earlier this week alleging the same causes of action arising out of game play on BFC names Big Fish Games as a defendant alongside Churchill Downs and Aristocrat Technologies. *Thimmegowda v. Big Fish Games, Inc.*, No. 2:19-cv-00199 (W.D. Wash. filed Feb. 11, 2019). According to Plaintiff's counsel, Plaintiff only "sued Churchill Downs . . . because they used to own Big Fish [Games]." Seigel Decl., Ex. E, at 12. Plaintiff has never explained why Churchill Downs' ownership of Big Fish Games made it liable for the alleged conduct of Big Fish Games, which was always a distinct corporate entity. Plaintiff opposed Churchill Downs' request before the Ninth Circuit to substitute Big Fish Games as the appropriate defendant. *See* Opp. to Mot. for Substitution at 1, *Kater v. Churchill Downs Inc.*, 886 F.3d 784 (9th Cir. Jan. 18, 2018) (No. 16-35010).

**Plaintiff's requested relief.** In addition to monetary relief, Plaintiff seeks (1) injunctive relief enjoining the operation of BFC and (2) declaratory relief declaring the operation of BFC unlawful. *See, e.g.*, Compl. ¶ 59 ("Plaintiff . . . seeks an order . . . requiring Defendant to cease the operation of its gambling devices."); *Id.* at 22 (requesting an order "[d]eclaring that Defendant's conduct," *i.e.* the operation of BFC, "violates the [Washington Consumer Protection Act]"). Plaintiff thus seeks from this Court an order requiring Churchill Downs to cease operating a game it does not own and to declare as unlawful its operation of a game it does not operate and has never operated.

**Big Fish Games' claimed interest.** Big Fish Games has repeatedly asserted its interest in defending the legality and continued operation of BFC. Before the Ninth Circuit, Big Fish Games affirmatively "consent[ed]" to substitution in a motion seeking to substitute Big Fish Games as the "real party in interest," based on its ownership and operation of BFC and the sale of Big Fish Games to Aristocrat Technologies. Mot. for Substitution at 1, *Kater v. Churchill Downs Inc.*, 886 F.3d 784 (9th Cir. Jan. 9, 2018) (No. 16-35010). Then, before the Washington State Gambling Commission, Big Fish Games filed a petition for a declaratory order "confirming that its Big Fish Casino suite of online video games ('BFC') does not constitute gambling within the meaning of the Washington Gambling Act." Seigel Decl., Ex. D, at 2.

3

DEFENDANT'S MOTION FOR JOINDER
(15-cv-00612-RBL)

**ARGUMENT**

## I.     Big Fish Games Is a Necessary Party Under Rule 19.

The federal rules dictate that Big Fish Games, the undisputed owner of the game that is the basis for Plaintiff's claims in this lawsuit, must be joined as a necessary party. A party may move to join a necessary party "at any stage in the proceeding." *See CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911–12 (9th Cir. 1991); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Under Federal Rule of Civil Procedure 19(a), a nonparty to an action, like Big Fish Games, "must be joined" if it is feasible to do so and either one of two relevant conditions is met. First, a nonparty must be joined if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, a nonparty must be joined if the nonparty "claims an interest relating to the subject of the action" and the nonparty's absence may "as a practical matter" impair or impede the nonparty's ability to protect that interest. Fed. R. Civ. P. 19(a)(1)(B)(i). Because each of these conditions are satisfied and joinder is feasible, this Court must join Big Fish Games as a necessary party.

### A.     Plaintiff Cannot Obtain Complete Relief Without Big Fish Games' Participation In This Action.

Big Fish Games is a necessary party because injunctive or declaratory relief, if granted in its absence would not provide "complete relief" to Plaintiff. Fed. R. Civ. P. 19(a)(1)(A). Complete relief would require "consummate" or "meaningful" relief. *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013). In her complaint, Plaintiff seeks (1) injunctive relief enjoining the operation of BFC and (2) declaratory relief declaring the operation of BFC unlawful. *See, e.g.*, Compl. ¶ 59; *id.* at 22. Complete relief is simply not possible without the participation of Big Fish Games, which owns and operates BFC.

Plaintiff's request for injunctive relief enjoining the operation of BFC is beset by a fundamental problem: Churchill Downs has never and does not currently own or operate BFC, and therefore Churchill Downs would be "powerless" to alter, let alone cease, its operation. *White v. Divine Investments, Inc.*, 2008 WL 4347230, at *2 (E.D. Cal. Sept. 22, 2008) (ordering joinder of current property owners under Rule 19 where plaintiff sought specific relief against former property owners who lacked ability to effectuate the remedy sought by plaintiff). While it was always true that Big Fish

4

Games was a separate corporate entity from Churchill Downs, and that Big Fish Games always owned and operated BFC, it is abundantly clear that Churchill Downs has no control over Big Fish Games given that Churchill Downs sold Big Fish Games to Aristocrat Technologies in January 2018.  And it is elementary that an injunction does not bind nonparties to an action, subject to limited exceptions not applicable here.  *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).  Where, as here, a plaintiff seeks injunctive relief that would need to bind a nonparty to be effective, the Ninth Circuit has held that the nonparty must be joined.  *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1155–56 (9th Cir. 2002) (holding that injunctive relief enjoining a lessee from enforcing a lease provision could not afford complete relief unless the nonparty lessor, who could still seek to enforce the provision, is joined as a party); *see United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 2009 WL 10669576, at *13 (C.D. Cal. July 1, 2009) ("[Rule 19(a)(1)(A)] is usually implicated when a party seeks injunctive relief that would need to bind nonparties to be effective.").

In the same vein, Plaintiff's prayer for declaratory judgment against Churchill Downs would be meaningless if it were not entered against Big Fish Games.  Interested parties should be joined in a declaratory judgment action "whenever possible," so that such judgment "serves a useful purpose." *Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co.*, 621 F. Supp. 892, 893 (D. Nev. 1985).  Absent joinder, however, a declaratory judgment that the operation of BFC is unlawful would serve no useful purpose because it could not be enforced against the nonparty who owns and operates the game.  *See Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991) (holding that declaratory judgment against federal officials declaring that a plaintiff tribe has equal rights in a reservation would not afford complete relief unless the nonparty tribe, who could still assert management responsibilities over the reservation, is joined as a party).

At bottom, Plaintiff cannot be accorded complete relief in Big Fish Games' absence because Big Fish Games is the "real party in interest." *Comenout v. Whitener*, 2015 WL 917631, at *2 (W.D. Wash. Mar. 3, 2015), *aff'd*, 692 F. App'x 474 (9th Cir. 2017).  It is the operation of BFC that gave rise to the complaint and there can be no dispute that Big Fish Games, not Churchill Downs, is and always has been the owner and operator of BFC.

DEFENDANT'S MOTION FOR JOINDER
(15-cv-00612-RBL)

**B.      Big Fish Games' Interests May Be Impaired Absent Joinder**

Big Fish Games is also a necessary party because its interest in defending the legality and continued operation of Big Fish Casino may be impaired or impeded if it is not joined in this action.

**1.      Big Fish Games Claims a Legally Protected Interest in BFC.**

Big Fish Games "claims" a "legally protected interest" relating to the "subject of the action," which is a threshold requirement for a nonparty to be joined under Rule 19(a)(1)(B)(i).  Big Fish Games' interest in its property, BFC, is a paradigmatic example of an interest that is legally protected, as "property interests . . . are legally protected."  *Hells Canyon Pres. Council v. Stein*, 2017 WL 3641419, at *2 (D. Or. Aug. 24, 2017).  In fact, the rule "does not [even] require a property right."  *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1023 (9th Cir. 2002).  And Big Fish Games' interest in BFC not only relates to the subject of this action, but it is also at the heart of Plaintiff's claims, alleging as she does that the operation of the game is unlawful.  Compl. ¶ 1.

 Big Fish Games has repeatedly "claimed" its interest in not only "the subject matter of this action," but also "the action itself."  *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983) (absent party must itself claim the interest).  When this action was pending before the Ninth Circuit, Big Fish Games affirmatively "consent[ed]" to substitution in a motion seeking to substitute Big Fish Games as the "real party in interest," based on its ownership and operation of BFC. Mot. for Substitution at 1, *Kater v. Churchill Downs Inc.*, 886 F.3d 784 (9th Cir. Jan. 9, 2018) (No. 16-35010).  Then, when Big Fish Games filed a petition with the Washington State Gambling Commission, it also claimed an interest in whether BFC constitutes gambling under Washington law.  *White v. Univ. of California*, 765 F.3d 1010, 1026 (9th Cir. 2014) (holding that an absent party had sufficiently "claimed" an interest when it requested the return of property from a university that went to the heart of the dispute challenging the university's decision to return the property).  In its petition, Big Fish Games sought a declaratory order "confirming that its BFC suite of online video games ('BFC') does not constitute gambling within the meaning of the Washington Gambling Act."  Seigel Decl., Ex. D, at 2. And Plaintiff concedes that each of her claims are contingent on proving precisely the opposite conclusion. Dkt. No. 32 at 12–22.

DEFENDANT'S MOTION FOR JOINDER
(15-cv-00612-RBL)

## 2. Big Fish Games' Absence from this Action Could Impair or Impede Its Ability to Protect Its Interest.

Unless Big Fish Games is joined, a judgment entered in its absence may, "as a practical matter," "impair or impede" its legally protected interest in BFC.  Fed. R. Civ. P. 19(a)(1)(B)(i).

A judgment entered against Churchill Downs regarding BFC would "undoubtedly" impair Big Fish Games' property interest in the suite of games it owns and operates.  *See Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 671 (6th Cir. 2004) (nonparty owner of corporate stock was necessary party in an action brought by a plaintiff seeking to void the stock's voting rights).  While a judgment entered in its absence would not bind Big Fish Games "in the technical sense," the Supreme Court has recognized that such a judgment may nonetheless impair its interests under Rule 19, concerned as it is with the "practical" effects of nonjoinder.  *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 110–11 (1968).  At a minimum, an adverse ruling may serve as persuasive precedent in other proceedings against Big Fish Games or weaken its bargaining position for settlement purposes. *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 16 (1st Cir. 2008).

Because Big Fish Games has demonstrated that it has a "significant protectable interest" at stake, this Court should "have little difficulty concluding that the disposition of this case may, as a practical matter, affect it."  *See California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) (interpreting analogous intervention provision).

### C. Joinder of Big Fish Games is Feasible

Finally, joinder of Big Fish Games is feasible.  Joinder is not feasible only "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005); *see* Fed. R. Civ. P. 19(a).

None of the bases for non-feasibility of joinder applies.  Big Fish Games is a Washington corporation with its principal place of business in Seattle, Washington.  Seigel Decl., Ex. A (Business Information for Big Fish Games, Inc., published on Washington Secretary of State's website).  Accordingly, Big Fish Games is subject to this Court's personal jurisdiction and venue is proper.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding that a corporation is subject to general

7

DEFENDANT'S MOTION FOR JOINDER
(15-cv-00612-RBL)

personal jurisdiction in its "place of incorporation and principal place of business"); 28 U.S.C. § 1391(b)(1) (providing that venue lies in "a judicial district in which any defendant resides").  And joinder of Big Fish Games will not destroy the diversity jurisdiction on which this putative class action is predicated because there is complete diversity between Plaintiff, a Michigan citizen, and Big Fish Games, a Washington citizen.  28 U.S.C. § 1332(a); *see also id.* § 1332(c)(1) (corporations are citizens of the state where their principal place of business is located and in the state in which they are incorporated).

## CONCLUSION

For the foregoing reasons, this Court should join Big Fish Games to this action as a necessary party under Rule 19.

DATED:   February 19, 2019                    Respectfully submitted,

                                    By:   */s/ Matthew R. Berry*
                                            Matthew R. Berry, WSBA #37364
                                            Steven Seigel, WSBA #53960
                                            mberry@susmangodfrey.com
                                            sseigel@susmangodfrey.com
                                            **Susman Godfrey LLP**
                                            1201 Third Avenue, Suite 3800
                                            Seattle, WA 98101-3000
                                            P: (206) 516-3880

                                            Robert Rivera
                                            rrivera@susmangodfrey.com
                                            **Susman Godfrey LLP**
                                            1000 Louisiana Street, Suite 3800
                                            Houston, TX 77002-5096
                                            P: (713) 653-7809

                                            *Attorneys for Defendant*

8

DEFENDANT'S MOTION FOR JOINDER
(15-cv-00612-RBL)

1

**CERTIFICATE OF SERVICE**

2

      I hereby certify that on the date below I electronically filed the foregoing with the Clerk of the

3

Court using the CM/ECF system which will send notification of such filing to all counsel of record.

4

      Dated this 19 day of February, 2019.

5

6

                        */s/ Matthew R. Berry*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION FOR JOINDER
(15-cv-00612-RBL)