The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation.<br><br>*Defendants*. | No. 3:15-cv-00612-RBL<br><br>**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STAY**<br><br>NOTE ON MOTION CALENDAR:<br>July 5, 2019 |

PLS' PARTIAL OPP.
TO DEFS' MOT. TO STAY
Case No. 3:15-cv-00612-RBL

TOUSLEY BRAIN STEPHENS, PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 2

III.   ARGUMENT ......................................................................................................... 3

     A.    The Court Need Not Consider Any Arguments Related to Discovery as to Ms. Kelly's Claims or Any Claims Against Big Fish ................ 3

     B.    The FAA Does Not Contemplate a Mandatory Stay of Any Claims Here……………………………………………………………………………..4

     C.    Because Defendants' Arbitration Motion Cannot Resolve Ms. Kater's Claims Against Churchill Downs, a Stay of Those Claims Would Be Pointless ........................................................................................................ 5

IV.   CONCLUSION ...................................................................................................... 7

PLS' PARTIAL OPP.                            i                      **TOUSLEY BRAIN STEPHENS, PLLC**
TO DEFS' MOT. TO STAY                                   1700 Seventh Avenue, Suite 2200
Case No. 15-cv-00612-RBL                                Seattle, Washington 98101-4416
                                                                                        Tel: 206.682.5600 • Fax: 206.682.2992

# TABLE OF AUTHORITIES

**United States Court of Appeals Cases**

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
    498 F.3d 1059 (9th Cir. 2007) ................................................................................. 6

*Hill v. G E Power Sys., Inc.*,
    282 F.3d 343 (5th Cir. 2002) ................................................................................... 4

*IDS Life Ins. Co. v. SunAmerica, Inc.*,
    103 F.3d 524 (7th Cir. 1996) ................................................................................... 5

*Kater v. Churchill Downs Inc.*,
    886 F.3d 784 (9th Cir. 2018) ................................................................................... 2

*Lair v. Bullock*,
    697 F.3d 1200 (9th Cir. 2012) ................................................................................. 7

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ................................................................................. 3

*Mendez v. Puerto Rican Int'l Companies, Inc.*,
    553 F.3d 709 (3d Cir. 2009) .................................................................................... 5

*Waste Mgmt., Inc. v. Residuos Industrialies Multiquim, S.A. de C.V.*,
    372 F.3d 339 (5th Cir. 2004) ................................................................................... 4

**United States District Court Cases**

*Ballard v. Corinthian Colleges, Inc.*,
    2006 WL 238066 (W.D. Wash. Aug. 16, 2006) ...................................................... 4

*CPB Contractors Pty Ltd. v. Chevron Corp.*,
    2017 WL 7310776 (N.D. Cal. Jan. 17, 2017) ..................................................... 4, 5

*E. W. Bank v. Bingham*,
    992 F. Supp. 2d 1130 (W.D. Wash. 2014) .............................................................. 4

*Hagens Berman Sobol Shapiro LLP v. Rubinstein*, C09-894 RSM,
    2009 WL 10676380 (W.D. Wash. Dec. 8, 2009) .................................................... 6

*Karimy v. Associated Gen. Contractors of Am.--San Diego Chapter, Inc., Apprenticeship &
    Training Tr. Fund*, 2009 WL 3698397 (S.D. Cal. Nov. 5, 2009) ........................... 6

PLS' PARTIAL OPP.
TO DEFS' MOT. TO STAY
Case No. 15-cv-00612-RBL

TOUSLEY BRAIN STEPHENS, PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

*Kater v. Churchill Downs Downs Inc.*,
    2018 WL 5734656 (W.D. Wash. Nov. 2, 2018) ................................................................. 1

*Kor Media Grp., LLC v. Green*,
    294 F.R.D. 579 (D. Nev. 2013) ........................................................................................ 3

*Morales v. Sherwood*,
    2016 WL 8730853 (E.D. Cal. Feb. 26, 2016) .................................................................. 5

**Statutes and Rules**

Fed. R. Civ. P. 34 ........................................................................................................................ 1

PLS' PARTIAL OPP.
TO DEFS' MOT. TO STAY
Case No. 15-cv-00612-RBL

TOUSLEY BRAIN STEPHENS, PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

## I. INTRODUCTION

In November 2018—when this case was already more than three years old—the Court held that Churchill Downs waived any right to compel Cheryl Kater's claims to arbitration when it "took its first bite of the apple and chewed thoroughly for over three years." *Kater v. Churchill Downs Inc.*, 2018 WL 5734656, at *6 (W.D. Wash. Nov. 2, 2018). Churchill Downs filed its Answer two weeks later, and then in January 2019 Ms. Kater served Churchill Downs with the very first discovery in this case: a set of (thirty-two) Requests for Production of Documents pursuant to Fed. R. Civ. P. 34 ("RFPs").[1] Four months later, Ms. Kater, now joined by Suzie Kelly, served a second set of (five) RFPs.[2]

Yet in this now more-than-four-year-old case, Churchill Downs steadfastly refuses to engage in the discovery process. It has sat on Ms. Kater's first set of RFPs for nearly six months yet failed to produce a single document.[3] In the meantime, it replaced its previous law firm (who had agreed to search for responsive documents), with two new firms—apparently firms willing to take aggressive stances on discovery issues. *See* Dkts. 88-93, 104. And these new firms have taken a remarkably aggressive stance here: they have unilaterally granted Churchill Downs a stay of all discovery by refusing, in flagrant violation of the Federal Rules, to even begin a search for responsive documents "unless and until the Court orders that discovery proceed in this case."[4]

Notwithstanding Churchill Downs' obstructionism, and Plaintiffs' confidence that Defendants' (second) motion to compel arbitration is no more meritorious than the first, Plaintiffs went to great lengths to avoid unnecessary motion practice here: in exchange for an

---

[1]   *See* Declaration of Todd Logan in Support of Plaintiffs' Partial Opposition to Defendants' Motion to Stay ("Logan Decl.") ¶ 2; *see also* Exhibit 1 to the Logan Decl. (Plaintiff's First Set of Requests for Production of Documents).
[2]   *See* Logan Decl. ¶ 3; *see also* Exhibit 2 to the Logan Decl. (Plaintiffs' Second Set of Requests for Production of Documents).
[3]   *See* Logan Decl. ¶ 4.
[4]   *See* Logan Decl. ¶ 5; *see also* Exhibit 3 to the Logan Decl. (Churchill Downs Incorporated's Objections and Responses to Plaintiffs' Second Set of RFPs) ¶ 2.

Pls' Partial Opp. to
Defs' Mot. to Stay
Case No. 15-cv-00612-RBL-1

Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

agreement that Churchill Downs would produce documents in response to the pending RFPs, Plaintiffs offered (i) not to serve any further discovery upon either defendant, and (ii) a stay of Big Fish's responses to the already-served discovery, all pending adjudication of the new motion to compel arbitration.[5] But only a complete halt to the proceedings was good enough for Defendants, who refused Plaintiffs' overtures at a reasonable compromise and instead insisted on forging ahead with this motion to stay.[6]

While Plaintiffs believe none of the claims in this case are arbitrable, and anticipate defeating the renewed arbitration motion, they—in an effort to minimize unnecessary burdens upon the Court—do not oppose a temporary stay of discovery as to Ms. Kelly's claims or Ms. Kater's claims against Big Fish Games.

But Churchill Downs' obstructionism in this 2015 case should not be countenanced. Ms. Kater should be allowed to proceed with discovery as to her claims against Churchill Downs—claims which Churchill Downs concedes are "non-arbitrable," Dkt. 105 at 7, and which Churchill Downs has already answered, *see* Dkt. 102. The motion to stay should be denied as to Ms. Kater's claims against Churchill Downs, and Churchill Downs should be ordered to immediately begin producing documents responsive to Ms. Kelly's outstanding RFPs.

## II. BACKGROUND

This case involves two plaintiffs, Cheryl Kater and Suzie Kelly, and two defendants, Big Fish Games and Churchill Downs. In brief, Plaintiffs claim that "the virtual game platform 'Big Fish Casino' constitutes illegal gambling under Washington law." *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 785 (9th Cir. 2018).

Ms. Kater's case against Churchill Downs has been pending since 2015. It was initially dismissed for failure to state a claim, but that dismissal was reversed by the Ninth Circuit in early 2018. *Id.*

---

[5] *See* Logan Decl. ¶ 6.
[6] *Id.* ¶ 7.

PLS' PARTIAL OPP. TO
DEFS' MOT. TO STAY
Case No. 15-cv-00612-RBL-2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

In late 2018, Churchill Downs moved to compel Ms. Kater's claims to arbitration (despite having previously sought to have them dismissed by the Court). Dkt. 60. The Court found that Churchill Downs had waived any right to compel arbitration. Dkt 75. Ms. Kater thereafter amended her complaint to add Big Fish as an additional defendant and to add an additional plaintiff (Ms. Kelly). Dkt. 85.

Now, there is yet another motion to compel arbitration, but only as to Ms. Kater's claims against Big Fish and Ms. Kelly's claims against both defendants. Dkt. 100. Plaintiffs vehemently disagree with the substance of the renewed motion to compel, but do not dispute that if arbitration is compelled, the scope of certain discovery in this case could change. That said, even Churchill Downs agrees that Ms. Kater's claims against it will not be arbitrated, *see* Dkt. 105 at 7, so discovery on those claims will proceed before this Court no matter what.

### III.   ARGUMENT

"Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013). In cases where a stay of discovery is allowed, it is because a "pending dispositive motion is (1) potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought and (2) can be decided without additional discovery." *McDaniels v. Stewart*, 2016 WL 6973268, at *3 (W.D. Wash. Nov. 29, 2016). The expense of having to proceed with litigation, "without more, does not constitute a 'clear case of hardship or inequity'" that demands a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

#### A.   The Court Need Not Consider Any Arguments Related to Discovery as to Ms. Kelly's Claims or Any Claims Against Big Fish.

Almost all of Churchill Downs' motion is dedicated to the matter of whether discovery should be stayed as it relates to claims that are the subject of a pending motion to compel arbitration: Ms. Kelly's claims against both defendants and Ms. Kater's claims against Big Fish. But, again, Plaintiffs have no objection to a stay of discovery with respect to those claims. So the

PLS' PARTIAL OPP. TO
DEFS' MOT. TO STAY
Case No. 15-cv-00612-RBL-3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

arguments with respect to those issues have no bearing on the only disputed issue: whether a stay of discovery is appropriate as it relates to Ms. Kater's claims against Churchill Downs.

**B.     The FAA Does Not Contemplate a Mandatory Stay of Any Claims Here.**

Relying on widely-rejected Fifth Circuit jurisprudence, Defendants argue that the Federal Arbitration Act, 9 U.S.C. § 3, contemplates "a mandatory stay of all claims in this lawsuit, not just the arbitrable ones." Dkt 105 at 8. That argument is a non-starter.

The cases upon which Defendants rely—*Hill v. G E Power Sys., Inc.*, 282 F.3d 343 (5th Cir. 2002), *Waste Mgmt., Inc. v. Residuos Industrialies Multiquim, S.A. de C.V.*, 372 F.3d 339, 345 (5th Cir. 2004), and *CPB Contractors Pty Ltd. v. Chevron Corp.*, 2017 WL 7310776, at *5 (N.D. Cal. Jan. 17, 2017) (applying *Hill*)—do not stand for anything close to the proposition Defendants suggest they do. Those cases address limited scenarios in which, under Fifth Circuit jurisprudence, a non-signatory to an arbitration agreement (*e.g.*, a third-party beneficiary) may be entitled to a stay of litigation pending completion of an already-begun arbitration between signatories to the arbitration agreement. The upshot of those cases is that—again, in the view of the Fifth Circuit—Section 3 of the FAA "allows a court to stay claims against a non-signatory based on an arbitration agreement where 'litigation of the claims against the nonsignatory [] would have adversely affected the signatory's right to arbitration.'" *CPB Contractors*, 2017 WL 7310776, at *5 (quoting *Hill* 282 F.3d at 347).

As a threshold issue, Defendants' cases are not binding on this Court. The Ninth Circuit has never addressed whether Section 3 of the FAA applies to non-signatories, *see id.*, and a variety of other courts, including courts in this district and several Circuit Courts, have rejected the Fifth Circuit's approach. *See, e.g.*, *E. W. Bank v. Bingham*, 992 F. Supp. 2d 1130, 1135 (W.D. Wash. 2014) ("Nor is the court aware of any Ninth Circuit or Supreme Court authority that applies Section 3 of the FAA to nonsignatories…Accordingly, Section 3's mandatory stay is inapplicable."); *Ballard v. Corinthian Colleges, Inc.*, 2006 WL 238066, at *2 (W.D. Wash. Aug. 16, 2006) (granting a discretionary stay but noting that "a nonsignatory may not invoke Section 3 in moving to stay an action pending arbitration."); *Mendez v. Puerto Rican Int'l Companies, Inc.*,

PLS' PARTIAL OPP. TO
DEFS' MOT. TO STAY
Case No. 15-cv-00612-RBL-4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

553 F.3d 709, 714 (3d Cir. 2009) ("With respect, we believe the criteria that have been developed in Fifth Circuit jurisprudence find more in Section 3 than its text will support."); *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 529 (7th Cir. 1996) ("[S]ection 3 assumes and the case law holds that the movant for a stay, in order to be entitled to a stay under the arbitration act, must be a party to the agreement to arbitrate, as must be the person sought to be stayed.").

More to the point, though, the issues addressed in Defendants' cases have nothing to do with the only disputed issue before the Court. Churchill Downs, the only defendant that purports to be a signatory to any arbitration agreement here, has already moved to compel Ms. Kater's claims to arbitration. That motion was denied on waiver grounds, and Churchill Downs concedes that it is not entitled to arbitrate Ms. Kater's claims. *See* Dkt. 107 at 5. Because Churchill Downs—again, the only defendant who purports to be a signatory to any arbitration agreement—has no right to arbitrate Ms. Kater's claims, there is zero risk that litigation of those claims will "interfere with" or "adversely affect" a signatory's "right to have [Ms. Kater's] claims against it decided in arbitration." *CPB Contractors*, 2017 WL 7310776, at *5. So, none of Defendants' FAA Section 3 jurisprudence is relevant here.

**C. Because the Court's Ruling on Defendants' Arbitration Motion Cannot Resolve Ms. Kater's Claims Against Churchill Downs, a Discretionary Stay of Those Claims Would Be Pointless.**

In evaluating a motion for a discretionary stay, courts "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Morales v. Sherwood*, 2016 WL 8730853, at *1 (E.D. Cal. Feb. 26, 2016). But because Defendants have conceded that Ms. Kater's claims against Churchill Downs are "non-arbitrable," no such possibility exists here.  Dkt. 105 at 7.

Defendants imply that the Court should exercise its discretion to stay Ms. Kater's claims against Churchill Downs because those claims are "interdependent" with other claims in this case. *See* Dkt. 105 at 9. That is nonsense. Under RCW 4.24.070, Churchill Downs is independently liable to Ms. Kater as the "proprietor for whose benefit" Big Fish Casino was

PLS' PARTIAL OPP. TO
DEFS' MOT. TO STAY
Case No. 15-cv-00612-RBL-5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

operated, without regard to Big Fish Games' liability (or the success of Ms. Kelly's claims). Because no chance exists that an Arbitrator's decision will be dispositive of Ms. Kater's claims against Churchill Downs, there likewise is no chance that the Court's ruling as to any arbitration issues will eliminate the need for discovery on Ms. Kater's claims against Churchill Downs. That alone is sufficient reason to deny the motion as it relates to those claims.

Defendants also raise the specter of potentially duplicate discovery, *see* Dkt. 105 at 9, but that purported concern makes little sense. Discovery in arbitration is generally less comprehensive than what happens in court, so it's unclear how any overlap would hurt Defendants. *See Karimy v. Associated Gen. Contractors of Am.--San Diego Chapter, Inc., Apprenticeship & Training Tr. Fund*, 2009 WL 3698397, at *3 (S.D. Cal. Nov. 5, 2009) (staying discovery in court because discovery in arbitration provides an advantage in "speed and economy"). If arbitration is ordered and the parties have already conducted some discovery in court that is relevant to the arbitration, then they won't have to repeat it before an arbitrator. If no arbitration is ordered, then the same discovery still has to happen. But in any event, there is no scenario in which a ruling on arbitration changes the amount or type of discovery that is required to proceed with Ms. Kater's case against Churchill Downs. *See Hagens Berman Sobol Shapiro LLP v. Rubinstein*, C09-894 RSM, 2009 WL 10676380, at *2 (W.D. Wash. Dec. 8, 2009) ("The parties will need to conduct the same discovery either way. There is no harm to either party in promptly proceeding with discovery.").

Defendants' argument that Plaintiffs must "identify…cognizable prejudice" in order to "outweigh the myriad benefits of a stay" is likewise incorrect. Dkt. 105 at 9. In support of that proposition, Defendants cite *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007), but that case holds nearly the exact opposite. In *Dependable Highway*, the Ninth Circuit reiterated the Supreme Court's caution that "if there is even a fair possibility that the stay will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." 498 F.3d at 1066 (internal quotation marks and

PLS' PARTIAL OPP. TO
DEFS' MOT. TO STAY
Case No. 15-cv-00612-RBL-6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

alterations omitted). The burden is on the requesting party to demonstrate the appropriateness of the stay, not the resisting party to demonstrate how it would be harmed. *See Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).

Here, there is a fair possibility that a stay will work damage to Ms. Kater. First, there is the obvious matter that she has already been waiting *four years* for this case to move past the pleading stage, a delay caused almost entirely by Churchill Downs, and there is simply no reason to force her to wait any longer. The passage of time makes it more difficult to track down witnesses, locate documents, and procure necessary materials to prosecute a case. Further, because this is a class action, Ms. Kater will need to provide class notice if a class is certified. The longer that takes, the more stale Defendants' contact information for class members will become and the more difficult (and expensive) it will be to provide notice that complies with due process. Delaying discovery related to Ms. Kater's concededly "non-arbitrable" claims benefits only the Defendants, at the expense of Ms. Kater and putative class members.

## IV.   CONCLUSION

The Court should decline to stay discovery as it relates to Ms. Kater's claims against Churchill Downs, and Churchill Downs should be ordered to immediately begin producing documents responsive to Ms. Kelly's outstanding RFPs.

Respectfully Submitted,

**CHERYL KATER** and **SUZIE KELLY**,
individually and on behalf of all others similarly situated,

Dated: July 1, 2019

By:   /s/ Janissa A. Strabuk
        One of Plaintiffs' Attorneys

PLS' PARTIAL OPP. TO
DEFS' MOT. TO STAY
Case No. 15-cv-00612-RBL-7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

| | |
|---|---|
| Rafey S. Balabanian* | TOUSLEY BRAIN STEPHENS, PLLC |
| rbalabanian@edelson.com | Janissa A. Strabuk |
| Eve-Lynn J. Rapp* | jstrabuk@tousley.com |
| erapp@edelson.com | 1700 Seventh Avenue, Suite 2200 |
| Todd Logan* | Seattle, Washington 98101-4416 |
| tlogan@edelson.com | Tel: 206.682.5600 |
| Brandt Silver-Korn* | |
| bsilverkorn@edelson.com | Alexander G. Tievsky* |
| EDELSON PC | atievsky@edelson.com |
| 123 Townsend Street, Suite 100 | EDELSON PC |
| San Francisco, California 94107 | 350 N LaSalle Street, 14th Floor |
| Tel: 415.212.9300 | Chicago, Illinois 60654 |
| Fax: 415.373.9435 | Tel: 312.589.6370 |
| | Fax: 312.589.6378 |

*Admitted *pro hac vice*

*Attorneys for Plaintiffs and the Putative Class*

PLS' PARTIAL OPP. TO DEFS' MOT. TO STAY
Case No. 15-cv-00612-RBL-8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992