HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHERYL KATER,

        Plaintiff,

v.

CHURCHILL DOWNS INCORPORATED, et al.,

        Defendants.

CASE NO. C15-612RBL

ORDER ON MOTION TO STAY DISCOVERY PENDING RESOLUTION OF SECOND MOTION TO COMPEL ARBITRATION

THIS MATTER is before the Court on defendants' Motion to Stay Discovery [Dkt. # 105] pending resolution of its second Motion to Compel Arbitration [Dkt. # 100]. Kater sued Churchill Downs in 2015. Judge Pechman granted Churchill Downs' Motion to Dismiss, Kater appealed, and the Ninth Circuit reversed. Churchill Downs moved to compel arbitration a year ago, and the Court denied that Motion, based on its determination that Defendants had waived their right to arbitrate by choosing to litigate instead. [Dkt. # 75]. Two months later, Kater served her first discovery on Churchill Downs.

In February, Churchill Downs moved to join Big Fish Games as a necessary party, and before that motion was decided, the parties stipulated that Kater could file an amended complaint

ORDER - 1

naming Big Fish as a defendant. [Dkt. # 82]. The ensuing Amended Complaint also added Suzie Kelly as a plaintiff [Dkt. # 85].

Defendants filed a second motion to compel arbitration [Dkt. # 100]. It argues that the claims in the amended complaint are arbitrable for all the reasons Churchill Downs cited the first time around: plaintiffs agreed to arbitrate any claims when they accepted the Terms of Use and continually played Big Fish for years. They argue that Kater and Kelly were certainly aware of the TOU when they filed their amended complaint; it was already the subject of a motion in this case.

Defendants now argue that forcing them to engage in discovery while their new Motion to Compel Arbitration is pending risks wasting the Court and the parties' time. They argue that Kater and Kelly's claims against Big Fish and Churchill Downs are inseparable, and cite authorities holding that in such cases, a stay is appropriate. They also argue[1] that the Arbitration Act imposes a mandatory stay while the arbitrability question is resolved (even if some claims are not arbitrable) and seek a discretionary stay in any event.

Under the Federal Arbitration Act (FAA), courts must stay judicial determination of claims within the scope of a binding arbitration agreement. 9 U.S.C. § 3. "It is, however, within a district court's discretion whether to stay, for 'considerations of economy and efficiency,' an entire action, including issues not arbitrable, pending arbitration." *Congdon v. Uber Techs., Inc.*, 226 F. Supp. 3d 983, 990 (N.D. Cal. 2016) (quoting *United States ex rel. Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985)). When deciding whether to stay claims involving non-signatories to the arbitration agreement, courts should weigh "the possible

---

[1] Defendants argue that participating in discovery can be evidence of waiver of the right to arbitrate. This Court already found that Churchill downs waived its right to arbitrate Kater's claims and requiring it to respond to discovery in the wake of that decision is not further evidence of waiver; it is the result of a waiver.

damage which may result from granting the stay, the hardship or inequity which a party may suffer in being required to go forward, and 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Courts generally grant motions to stay where the plaintiff's claims against a non-signatory defendant are intertwined with their arbitrable claims against another defendant. *See, e.g., Sharp Corp. v. Hisense USA Corp.*, No. 17-CV-03341-YGR, 2017 WL 6017897, at *5 (N.D. Cal. Dec. 5, 2017); *Ballard v. Corinthian Colleges, Inc.*, No. C06-5256 FDB, 2006 WL 2380668, at *2 (W.D. Wash. Aug. 16, 2006). "[S]imultaneous litigation of such claims in separate forums would likely lead to a duplication of effort, as well as the risk of inconsistent decisions and inefficiencies." *Ballard*, 2006 WL 2380668, at *2. On the other hand, courts are more hesitant to stay proceedings simply because the plaintiffs in another case involving the same issues agreed to arbitrate. *See, e.g., Congdon*, 226 F. Supp. 3d at 991. This is true partly because an arbitrator's decision with respect to one plaintiff would not be binding on a court overseeing a different plaintiff's claim. *Id*. In short, a stay is more appropriate when another defendant did not agree to arbitrate but less appropriate when another plaintiff did not.

Kater argues that Defendants have flatly refused to respond to discovery first served almost eight months ago—before Big Fish or Kelly were parties—effectively imposing their own stay while they take another run at avoiding this lawsuit. She concedes that discovery to Big Fish, and all discovery related to Kelly's claims, should await the Court's decision on the pending motion to compel arbitration. But she argues that there is no basis for delaying further her discovery to Churchill Downs.

The Court agrees. None of the cases cited involve a procedural history akin to the one here. Churchill Downs already sought to compel arbitration[2], and lost. Kater's discovery pre-dates the additional parties and claims.

The Motion to Stay all discovery to Big Fish, and all of Kelly's discovery, is GRANTED and such discovery is STAYED pending resolution of the motion to compel arbitration. The Motion to Stay Kater's outstanding, pre-amendment discovery to Churchill Downs is DENIED, and Churchill Downs shall respond to it within 30 days.

IT IS SO ORDERED.

Dated this 21st day of August, 2019.

Ronald B. Leighton
United States District Judge

---

[2] This Court denied a similar motion to compel arbitration on the merits in a similar case, and that case is on appeal. *See Benson v. Double Down Interactive LLC, et.al.*, Cause No. 18-cv-0525RBL, Dkt. #s 57 and 61. Oral argument in that case has not been scheduled and there is no reasonable expectation of a decision in the next six months.