The Honorable Ronald B. Leighton

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT TACOMA**

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation,<br><br>　　　　　　Defendants. | Case No.: 2:15-cv-00612-RBL<br><br>**DEFENDANTS' STATEMENT IN RESPONSE TO NOVEMBER 19, 2019 ORDER** |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>　　　　　　Defendants. | Case No.: 2:19-cv-00199-RBL<br><br>**DEFENDANTS' STATEMENT IN RESPONSE TO NOVEMBER 19, 2019 ORDER** |

The Court's November 19 Order did not give Plaintiffs license to rewrite the terms of Big Fish Games's contract with its customers—terms that have existed since before this litigation began. Nor did the Order compel BFG to advocate Plaintiffs' unproven position on the merits or solicit new clients on behalf of Plaintiffs' counsel. Plaintiffs' proposed three-page "pop-up," Ex. B, attempts to do each of these impermissible things and more. The Court should reject Plaintiffs' thinly-veiled motion for reconsideration of the November 19 Order and instead adopt Defendants' proposal, Ex. A, which carefully tracks the Court's guidance.

**November 19 Order.** The Order[1] directed BFG to modify any future "pop-up or other initial communication" sent to putative class members. Order at 12. As the Court observed, any restriction of speech must infringe as little as possible "on Big Fish's right to communicate with its players." *Id.* at 11. Accordingly, the Court specified that the pop-up must: (1) "reference" the ability to (and provide instruction on how to) opt out of the arbitration and class waiver provision, (2) "briefly explain" the rights at issue in the lawsuits, (3) advise players to consult an attorney on the legal terms, and (4) provide contact information for Plaintiffs' counsel. *Id.* at 12.

**Defendants' Proposal (Exhibit A).** Defendants' proposed pop-up complies with the Order.[2] Ex. A. *First*, the ability to opt out is referenced in the third sentence, immediately following a description of the arbitration and class waiver provision. *Id*. The pop-up also explains *how* to opt out—by mailing written notice to BFG's Legal Department within 30 days of accepting the Terms of Use ("TOU")—and provides a hyperlink to the TOU for further details. *Id. Second*, Defendants' proposed language briefly explains the lawsuits, including (1) the statutes pursuant to which the lawsuits are brought; (2) the remedy Plaintiffs seek; and (3) the status of the litigation, *i.e.*, that the Court has not yet "decided who is right or whether the lawsuits can proceed as class actions." *Id. Third*, the pop-up incorporates the Court's suggested

---

[1] Defendants reserve all rights to (1) appeal and/or seek reconsideration of the Order and any related orders; (2) compel arbitration of claims brought by Plaintiffs or class members (should a class be certified); and/or (3) move to dismiss any claims for lack of personal jurisdiction.

[2] Consistent with the Court's direction to "cooperate and together attempt to draft [pop-up] language," Order at 12, Defendants proposed language to Plaintiffs within three days. Plaintiffs did not substantively respond until five days later, two business days prior to the filing deadline.

DEFENDANTS' STATEMENT IN RESPONSE
TO NOVEMBER 19, 2019 ORDER (2:15-cv-00612-RBL; 2:19-cv-00199-RBL)

- 1 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 FIFTH AVENUE, SUITE 5600
SEATTLE, WASHINGTON 98104-7097
+1 206 839 4300

language encouraging users to contact an attorney with questions about the legal effect of the TOU. *Id.*; Order at 12. *Finally*, the pop-up identifies Plaintiffs' counsel and provides their toll-free phone number. Ex. A. The Court should therefore adopt Defendants' pop-up, which carefully tracks the "narrow remedy" ordered. Order at 12.

**Plaintiffs' Proposal (Exhibit B).** Plaintiffs' pop-up reaches far beyond the narrow scope of the Order and, if adopted, would force BFG to communicate numerous misleading or untrue statements to customers.[3] This is contrary to Rule 23(d) and Supreme Court precedent. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981) (remedy must be "carefully drawn" to "limit[] speech as little as possible"). Instead of a neutral, factually accurate pop-up, Plaintiffs offer a misleading missive that advocates their untested views of the law and their bias against arbitration.

*First*, Plaintiffs' proposal improperly disparages arbitration despite the strong federal policy in favor of enforcing arbitration agreements. For example, Plaintiffs misleadingly state that "[t]here is no judge and no jury" without mentioning that any arbitration would be heard by a neutral arbitrator. *Id.* ¶ 5. Plaintiffs also falsely state that users "give up" substantive claims by agreeing to the TOU, *id* ¶ 4; there is no question that users can bring in arbitration the same claims that Plaintiffs have alleged in this litigation. Plaintiffs also inaccurately state that customers in arbitration will be subject to the TOU's one-year statute of limitations, *id.* ¶ 7, while customers in the class actions will not. In truth, the statute of limitations term applies regardless of whether a user opts out of the arbitration provision. *Kater*, Dkt. 128-5 at 9-10.

*Second*, Plaintiffs' pop-up tells users that by clicking the "Keep My Rights" button, users agree to the TOU, opt out of the arbitration provision, and keep their rights to participate in the class actions. Ex. B ¶¶ 11-13 (noting that users "can also" send BFG a letter "indicating [their] choice"). That is a misstatement of fact, as well as an improper attempt to modify the TOU. The TOU require that users opt out of the arbitration provision by mailing written notice to BFG, *not*

---

[3] For the many users who access BFC by mobile app, Plaintiffs' lengthy pop-up will not be legible on their phone and tablet screens. Defendants also generally object to Plaintiffs' pop-up design and emphases, and request that any formatting decisions be left to BFG.

by clicking a button, as Plaintiffs' pop-up would have it.  The Order does not authorize Plaintiffs to rewrite BFG's contract and impose new opt-out procedures, and forcing BFG to make such a contractual modification goes far beyond what Rule 23(d) permits.  Plaintiffs also inaccurately assume all BFC users have the right to participate in these class actions and can preserve that right by opting out of the most recent version of the TOU.  But users who accepted any version of the TOU after March 2015 and did not timely opt out of arbitration (such as each Plaintiff) have *already agreed* to arbitrate their claims and cannot participate in the class actions.[4]

*Third*, Plaintiffs incorrectly imply that they have already prevailed in the litigation, even though *none* of their allegations—which Defendants vigorously dispute—has been proven. Plaintiffs invoke the Ninth Circuit's *Kater* decision, Ex. B ¶ 6, but that ruling was decided at the pleadings stage and so the Ninth Circuit assumed that Plaintiff Kater's allegations were true.  To actually prevail on any claim, Plaintiffs must present *evidence* to prove their allegations and certify a class.  There is no basis to presume they will be able to do so at this early stage, before most discovery has taken place and before the parties have briefed the issues on the merits.

*Fourth*, Plaintiffs misrepresent that participation in class action litigation is free, whereas arbitration is prohibitively expensive.  *Id.* ¶¶ 5, 8.  The TOU cap any arbitration fees paid by customers at $250.  And Plaintiffs' counsel is not working pro bono, despite the pop-up's suggestion that there is "no charge" associated with participation in the class action.  *Id.* Obviously, any fees or costs awarded to Plaintiffs' counsel by the Court, *id.*, will be taken out of class members' recovery, if any.  Moreover, juxtaposing contact information[5] for Plaintiffs' counsel with language encouraging customers to seek legal advice improperly suggests that BFG's customers should contact *Plaintiffs' counsel* for that advice.  *Id.* ¶ 10.  The Order does not compel BFG to assist Plaintiffs' counsel in soliciting new clients.

---

[4] To the extent Plaintiffs argue that any pop-up *must* include a choice between two options in order to not be coercive, such an argument is unsupported by any of the case law Plaintiffs have cited to date and should be rejected.  In any event, the proper meaningful choice here is between agreeing to the TOU and not agreeing to the TOU.  Defendants' pop-up presents that choice.

[5] Defendants object to the argumentative "casinolawsuits@edelson.com" email address.

DATED:   November 29, 2019

Respectfully submitted,

By:   */s/ Mark Parris*
*/s/ Paul Rugani*
Mark Parris (Bar No. 13870)
mparris@orrick.com
Paul F. Rugani (Bar No. 38664)
prugani@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104
Telephone: (206) 839-4320

*Attorneys for Defendants Aristocrat Technologies, Inc., Aristocrat Leisure Limited, Big Fish Games, Inc. and Churchill Downs Inc.*

*/s/ Emily Johnson Henn*
*/s/ Lindsey Barnhart*
Emily Johnson Henn (*pro hac vice*)
ehenn@cov.com
Lindsey Barnhart (*pro hac vice*)
lbarnhart@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Telephone: (650) 632-4700

*/s/ Gary Rubman*
Gary Rubman (*pro hac vice*)
grubman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-6000

*/s/ Matthew Q. Verdin*
*/s/ David Watnick*
Matthew Q. Verdin (*pro hac vice*)
mverdin@cov.com
David Watnick (*pro hac vice*)
dwatnick@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
Telephone: (415) 591-7065

*Attorneys for Defendants Aristocrat Technologies, Inc., Aristocrat Leisure Limited, and Big Fish Games, Inc.*