|  |  |
|---|---|
|  | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation,<br><br>Defendants. | CASE NO. C15-0612-RBL<br><br>ORDER ON PARTIES' PROPOSED POP-UP LANGUAGE AND DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>Defendants. | CASE NO. C19-0199-RBL<br><br>ORDER ON PARTIES' PROPOSED POP-UP LANGUAGE AND DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL |

1     On November 19, 2019, the Court granted Plaintiff's Motion seeking to enjoin Defendants' pop-up message to users, which required them to forfeit their right to participate in these lawsuits in order to continue playing Defendants' app-based gambling games. *Kater* Dkt. # 137; *Thimmegowda* Dkt. # 88. But rather than simply prohibiting pop-ups, the Court identified several requirements that must be met for Defendants' future communications with class members to comply with Rule 23(d):

> Any pop-up or other initial communication directed to putative class members must do the following. First, it must reference the ability to (and provide instruction on how to) OPT-OUT of arbitration and out of the agreement to WAIVE a player's status as putative class member in either litigation. Second, it must briefly explain the rights at issue in these lawsuits such that an average user would understand what they are giving up by agreeing to the Terms. Finally, it must advise players to contact an attorney for advice on any of the legal terms and provide contact information for the Plaintiff's attorneys with respect to the class action lawsuits. (Examples: "If you have questions about the legal effect of these provisions, you should contact an attorney." "Plaintiffs in the putative class actions are represented by [Plaintiffs' attorneys' contact information].").

*Kater* Dkt. # 137; *Thimmegowda* Dkt. # 88. The Court encouraged the parties to draft language together.

However, rather than coming up with mutually-agreeable language, Defendants' filed a Statement on November 29 with the parties' two starkly-different proposals. *Kater* Dkt. # 138; *Thimmegowda* Dkt. # 89. Plaintiffs' proposal is a 3-page long, FAQ-style description of the lawsuits and the rights players may lose if they consent to the Terms of Use. *Kater* Dkt. # 138-2; *Thimmegowda* Dkt. # 89-2. The final portion of the pop-up is depicted to the right.

1 | The Defendants' proposal is a much briefer, more neutral message that requires users to opt-out by mail in 30 days. *Kater* Dkt. # 138-1; *Thimmegowda* Dkt. # 89-1. It is depicted to the right.

Defendants' proposed pop-up language meets the Court's requirements from the November 19 Orders. It clearly (if dryly) explains what is at stake in these lawsuits and how a player may contact an attorney if they have further questions. And although the pop-up does not allow players to opt-out of the Terms by simply clicking a button, it does conspicuously explain the opt-out method and gives a sizable time window to complete it. This satisfies Rule 23(g) as it has been applied in the cases the Court relied upon in its prior Orders.

While Plaintiffs' proposal meets the Court's requirements as well, it also goes far beyond them. Rule 23(d) may impose limitations on Defendants' communications with putative class members, but it is still Defendants' own speech. The Court's Orders did not give Plaintiffs license to dictate their preferred wording verbatim. In light of this, the Court APPROVES Defendants' proposed pop-up language. *See Kater* Dkt. # 138-1; *Thimmegowda* Dkt. # 89-1.

---

**BIG FISH CASINO**

Big Fish Games' Terms of Use include a "Dispute Resolution By Binding Arbitration" provision requiring individual arbitration of any dispute and waiving the right to participate in any class action lawsuit or other representative proceeding. By clicking the button below or continuing to access the game, you agree to the Terms of Use. However, you may opt out of the Dispute Resolution provision by mailing written notice to the Big Fish Games Legal Department within 30 days of accepting the Terms of Use. This opt-out procedure is detailed in the Terms of Use, available here. If you have questions about the legal effect of the Terms of Use, you should contact an attorney.

There are two pending lawsuits in federal court in Tacoma, Washington relating to Big Fish Casino. These lawsuits assert claims under Washington law, including the Recovery of Money Lost at Gambling Act and the Consumer Protection Act. The lawsuits seek to recover money allegedly lost while playing Big Fish Casino. Big Fish Games denies the claims and believes they have no merit. The court has not yet decided who is right or whether the lawsuits can proceed as class actions. The individual named plaintiffs in these lawsuits are represented by attorneys at the law firm Edelson PC, who may be contacted at 800-347-5750. If you accept the Terms of Use and do not opt out of the Dispute Resolution provision, you cannot participate in these lawsuits, even if a class is certified.

**I AGREE TO THE TERMS OF USE**

---

ORDER - 3

1   Defendants' have also filed an ex parte motion for extension of time to file a notice of
2   appeal regarding the Court's November 19 Orders. *Kater* Dkt. # 144; *Thimmegowda* Dkt. # 95.
3   The deadline would normally be December 19, *see* Fed. R. App. P 4(a)(1)(A), but Defendants
4   argue that good cause exists to extend the deadline because of the time it took for the parties to
5   submit proposals and for the Court to rule on them. The Court GRANTS Defendants' Motions.
6   *Kater* Dkt. # 144; *Thimmegowda* Dkt. # 95. If Defendants still wish to appeal the November 19
7   Orders, they shall have until January 17, 2020 to file notice.
8   IT IS SO ORDERED.

10  Dated this 19th day of December, 2019.

            _____
            Ronald B. Leighton
            United States District Judge