# EXHIBIT B

| | |
|---|---|
| **From:** | Barnhart, Lindsey |
| **Sent:** | Friday, January 24, 2020 5:05 PM |
| **To:** | Alex Tievsky |
| **Cc:** | Todd Logan; Brandt Silver-Korn; Rafey Balabanian; Cecily Shiel; Henn, Emily; mparris@orrick.com; prugani@orrick.com |
| **Subject:** | RE: Kater v. Churchill Downs Incorporated et al. |

Alex,

I don't believe you or Todd ever told us that Todd is on vacation.  In any event, given that you launched the website this week, we assumed someone at your firm would be able to speak with us about it this week.  While we would have preferred to meet and confer yesterday, as originally requested, we are available on Monday at 12:30 PT for a call.  Please dial 1-866-798-7071; access code 1079284.

We encourage you to take another look at our November 29, 2019 brief, which addressed statements identical to those that appear on your new website:

- Representing that "[t]here is no judge and no jury in arbitration," without mention of the neutral arbitrator who will decide the claims.  *See* Dkt. 138 at 2.
- Statements implying users "give up" any claims for relief by agreeing to arbitrate.  *Id.*  For example: "If you give up your rights and agree to arbitration, you might be giving up your chance to recover all of the money you have spent, even if the court later decides that Big Fish has to give players refunds."
- "Finally, Big Fish's Terms of Use say that you can only file claims that are less than a year old.  But the Plaintiffs in the two class actions believe you can recover all of your losses.  If you give up your rights, you might be giving up your only opportunity to recover for losses that are more than a year old."  *Id.*
- "A federal appellate court has already decided the key issue in this case in favor of the players."  *Id.* at 3.
- Statements implying that class action litigation is free, while arbitration is prohibitively expensive.  *Id.*  For example: "There is no charge to you to keep your right to participate in the class actions, and if the Court allows the cases to proceed as class actions, it will appoint lawyers to represent Big Fish players."

Numerous other statements on the website are also inaccurate and misleading.  As just a few examples:

- "These lawsuits claim that players, including you, are entitled to a refund of ALL money they have spent on Big Fish Casino and Jackpot Magic Slots because they are unlicensed gambling games."  No Plaintiff alleges any claims relating to Jackpot Magic Slots.  This statement also leaves out any mention of the sizable percentage of any class recovery that your firm may ask the Court to award you in attorneys' fees.
- "Big Fish says you have thirty (30) days to opt out, and it is not clear when they think the thirty-day clock starts running."  The Terms of Use clearly state that the opt-out clock begins running upon acceptance of the Terms.

Please be prepared to discuss these and the other statements on your website, along with your many other communications targeting putative class members and encouraging them to review your misleading website, on Monday.  In the meantime, we reiterate our request that you immediately cease these misleading communications.

Best,
Lindsey

**From:** Alex Tievsky <atievsky@edelson.com>
**Sent:** Friday, January 24, 2020 8:16 AM
**To:** Barnhart, Lindsey <LBarnhart@cov.com>
**Cc:** Todd Logan <tlogan@edelson.com>; Brandt Silver-Korn <bsilverkorn@edelson.com>; Rafey Balabanian <rbalabanian@edelson.com>; Cecily Shiel <cshiel@tousley.com>; Henn, Emily <ehenn@cov.com>; mparris@orrick.com; prugani@orrick.com
**Subject:** Re: Kater v. Churchill Downs Incorporated et al.

[EXTERNAL]
Lindsey:

1

You are correct that the website is still live. Despite my request to point out specific problems with the communications on the website, you have declined to do so, instead referring us to a document that raises arguments that are irrelevant in this context (the "keep my rights" button), references statements we're not making anymore (*e.g.*, about attorney's fees), and does not reflect recent developments in the law (such as the *Huuuge* decision). If you're not able to point to a single purportedly misleading statement, then I'm worried a call isn't going to be very productive. That is also the reason it's difficult for us to see this as any kind of emergency, unlike our request for a TRO, in which we pointed out specific statements made by your client that the Court found to be "coercive and misleading," "unfair" and to "cause[] irreparable harm to plaintiffs and to putative class members." (Dkt. 137 at 10-11.)

In any event, I've confirmed that Todd will be back in the office on Monday (as you know, he's out of the country on vacation), and that the rest of my team will be available then too. We'd suggest noon Pacific time (or later that day, if you prefer). Before our call, I would encourage you to provide us with a more specific and up-to-date explanation as to what you find objectionable so that we can be prepared to address your concerns.

Alex

Alexander G. Tievsky | Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
312.589.6379 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)
atievsky@edelson.com | www.edelson.com

CONFIDENTIALITY AND LIABILITY FOR MISUSE.
The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Jan 23, 2020 at 6:32 PM Barnhart, Lindsey <LBarnhart@cov.com> wrote:

> Alex,
>
> Your website is still live, and so we believe you are still engaging in misleading communications with putative class members.  As you concede, the website is "extremely similar" to Plaintiffs' pop-up proposal submitted on November 29, which the Court rejected after finding that your proposal went "far beyond" the requirements of Rule 23(d).  Our submission at Dkt. 158 methodically explained why the statements in Plaintiffs' pop-up proposal (which statements also appear on Plaintiffs' counsel's website) are misleading.
>
> Rather than taking our concerns regarding Plaintiffs' unauthorized communications with putative class members directly to the Court, *see* Dkt. 122 (Plaintiffs' emergency motion for temporary restraining order of Defendant's communications with putative class members), we hope to have a good faith discussion in an attempt to sort this issue out informally.  Your dismissal of our concerns as "not an emergency" is not only troubling, but also inconsistent with positions you have taken on related issues in this litigation.  Your filing with the Court represents that you will "make [your]selves available to meet and confer in good faith with all parties to ensure that all information presented on [Plaintiffs' counsel's] website is true and accurate."  We encourage you to honor that representation.  Please provide your next availability for a call, preferably early tomorrow morning PT.

Best,

Lindsey

---

**From:** Alex Tievsky <atievsky@edelson.com>
**Sent:** Thursday, January 23, 2020 12:19 PM
**To:** Barnhart, Lindsey <LBarnhart@cov.com>
**Cc:** Todd Logan <tlogan@edelson.com>; Brandt Silver-Korn <bsilverkorn@edelson.com>; Rafey Balabanian <rbalabanian@edelson.com>; Cecily Shiel <cshiel@tousley.com>; Henn, Emily <ehenn@cov.com>; mparris@orrick.com; prugani@orrick.com
**Subject:** Re: Kater v. Churchill Downs Incorporated et al.

[EXTERNAL]

Lindsey:

I can confirm that Plaintiffs are not engaging in any misleading communications with putative class members. I'll check with our team and get back to you on a time to meet and confer, although it won't be today. This is not an emergency.

While I do that, can you please be more specific about what you consider to be "misleading" in our communications? I've re-reviewed the submission you reference, and I'm not seeing any issues. To the extent you're referring to us speaking to class members, we note that your client gave them our phone number. We also note that the Court found that our proposed notice (which is extremely similar to what's on the website) complied with the Court's requirements, among which were that the communication not be misleading. (Dkt 145 at 3; dkt 137 at 12.) A meet and confer call will be far more productive if we know what your concerns are beforehand.

Alex

Alexander G. Tievsky | Edelson PC

350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
312.589.6379 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)

atievsky@edelson.com | www.edelson.com

3

CONFIDENTIALITY AND LIABILITY FOR MISUSE.
The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Jan 23, 2020 at 12:18 PM Barnhart, Lindsey <LBarnhart@cov.com> wrote:

Counsel,

We learned yesterday that you are communicating with putative class members about the Big Fish Games Terms of Use and this litigation without prior approval of the Court or advance notice to Defendants.  Plaintiffs have previously taken the position that such communications are improper.  *See* Dkt. 122 at 2 (moving to restrain BFG from communicating with its customers "[w]ithout telling Plaintiffs or their counsel, and without Court approval").  In addition to being unauthorized, Plaintiffs' counsel's communications contain numerous misleading and inaccurate statements, many of which are detailed in Defendants' Statement in Response to November 19, 2019 Order, Dkt. 138, and which the Court, in turn, declined to approve in its December 19 Order.

Please provide your availability to meet and confer today, and please confirm that Plaintiffs will immediately cease misleading communications with putative class members regarding the Big Fish Games Terms of Use.

Best,

Lindsey

**Lindsey Barnhart**

Covington & Burling LLP
3000 El Camino Real, 5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
T +1 650 632 4706 | lbarnhart@cov.com
www.cov.com

**COVINGTON**