# EXHIBIT E

| | |
|---|---|
| **From:** | Barnhart, Lindsey |
| **Sent:** | Tuesday, January 28, 2020 11:37 AM |
| **To:** | Todd Logan |
| **Cc:** | Alex Tievsky; Brandt Silver-Korn; Rafey Balabanian; Cecily Shiel; Henn, Emily; mparris@orrick.com; prugani@orrick.com |
| **Subject:** | RE: Kater v. Churchill Downs Incorporated et al. |

Todd,

Your email below misrepresents much of our conversation yesterday and other communications between the parties, and omits key portions of yesterday's discussion. For example, when you tried to shift responsibility to us for crafting non-misleading statements for the website you launched without Court approval, we referred you to the Court-approved pop-up as illustrative of the type of language that would be acceptable and not misleading. You are apparently refusing to consider that alternative language. You also repeatedly threatened on yesterday's call to audio record future meet-and-confer calls between counsel.

Suffice it to say that we do not think it would be productive to further engage on these issues. We reached out to you five days ago to meet and confer on these issues but you claimed unavailability until yesterday afternoon, and then refused to answer most of our questions. And you made your position clear yesterday that Edelson does not believe that its website and other unauthorized communications with putative class members are misleading; we disagree.

If we seek relief from the Court, any motion we file will comply with the Local Civil Rules. Your email suggests that if we file a motion, you may request a telephonic motion to set a briefing schedule; and you demand that we meet and confer with you now to set a mutually agreeable briefing schedule. Your request is premature, and your attempt to manufacture a basis for an ex parte call to chambers by announcing that you consider your premature request to initiate an all-counsel call to have been declined is not appreciated.

Thanks,
Lindsey

---

**From:** Todd Logan <tlogan@edelson.com>
**Sent:** Tuesday, January 28, 2020 10:24 AM
**To:** Barnhart, Lindsey <LBarnhart@cov.com>
**Cc:** Alex Tievsky <atievsky@edelson.com>; Brandt Silver-Korn <bsilverkorn@edelson.com>; Rafey Balabanian <rbalabanian@edelson.com>; Cecily Shiel <cshiel@tousley.com>; Henn, Emily <ehenn@cov.com>; mparris@orrick.com; prugani@orrick.com
**Subject:** Re: Kater v. Churchill Downs Incorporated et al.

**[EXTERNAL]**
Lindsey:

Thanks for your time on the phone yesterday. As discussed, I am now back from (international) vacation--of which Alex informed you in a January 21 voicemail. The reason for Alex's voicemail, as you know, is that while I was on vacation your client violated the Court's most recent preliminary injunction order by disseminating my direct contact information to untold thousands of putative class members. This action rendered my phone unusable for days, and I am still not done wading through the voicemail backlog. If this was an inadvertent mistake, I'd appreciate an apology and an assurance that something similar will not happen again. If it was something else, please confirm as much. In any event, while we do not presently intend to bring this issue to the Court, we reserve all rights to do so.

Turning to the substance our call, you opened the conversation by requesting that I provide you a wide variety of information related to our website, including the number of inquiries we've received,

the substance of communications flowing from those inquiries, details regarding the launch of the website, and the medium and content of advertisements we've placed. While I answered several of your questions (*e.g.*, the timing of the launch of the website and the medium of advertisements we've placed), I declined to answer others either because a potential privilege attaches or because, in my view, your client is not otherwise entitled to the information. Nevertheless, and as I repeatedly requested on the phone, if there are outstanding questions that your client would still like answered, please put them in writing and we'll respond with our views shortly--likely within 48 hours. As I also noted, we'll likely ask for some reciprocity. So for example, we may be willing to share the content of advertisements we've placed, but in exchange we may request that Big Fish share the written communications it has been engaging in on Facebook, on forums, and elsewhere regarding its dispute resolution provision. We may also be willing to share the number of inquiries we've received--provided Big Fish shares the number of individuals who clicked "I accept" to the new pop-up. The overall goal, in our view, would be a reciprocal and fair exchange of non-privileged information.

We also discussed each of the website statements you identified in your prior email. As discussed, we do not believe that any of those statements are inaccurate, untrue, or otherwise misleading. We do agree that the content of the website is "extremely similar" to the content of the pop-up we proposed to the Court; it's just that in our view, our proposal to the Court was accurate, true, and in no way misleading. To put a finer point on things, for each of the statements you've identified, below I'll provide one reason (among many) why each representation is true, accurate, and not misleading.

- Representing that "[t]here is no judge and no jury in arbitration," without mention of the neutral arbitrator who will decide the claims.
  - This statement is true, accurate, and not misleading. There is neither a judge nor a jury in arbitration (and, as we also state, the right to appeal limited). I note that you and your colleague seemed to take issue specifically with the statement that there is "no judge" in arbitration, with your colleague--who, if I'm not mistaken, hasn't filed an appearance in these cases--seeming to argue that there in fact *is* a judge in arbitration. Please let us know if that is in fact your client's position.

- Statements implying users "give up" any claims for relief by agreeing to arbitrate. *Id.* For example: "If you give up your rights and agree to arbitration, you might be giving up your chance to recover all of the money you have spent, even if the court later decides that Big Fish has to give players refunds."
  - This statement is true, accurate, and not misleading. There are many things consumers may be giving up by agreeing to Big Fish's dispute resolution provision. That's why the Court, in its November 19, 2019 Order holding that your client engaged in "coercive and misleading" communications with putative class members, ordered your client to advise consumers of "what they are giving up" by agreeing to the Big Fish's Terms. *Kater v. Churchill Downs Inc.*, No. C15-0612-RBL, 2019 WL 6130844, at *6 (W.D. Wash. Nov. 19, 2019). Our statement is an example of one such thing consumers may be giving up: the right to enjoy the benefit of the Court's orders and judgments (not to mention those of the Ninth Circuit).

- "Finally, Big Fish's Terms of Use say that you can only file claims that are less than a year old.  But the Plaintiffs in the two class actions believe you can recover all of your losses.  If you give up your rights, you might be giving up your only opportunity to recover for losses that are more than a year old." *Id.*
  - This statement is true, accurate, and not misleading. We believe that class action tolling will permit members of the putative classes to pursue all of their losses. And

2

your client has now repeatedly argued that, in arbitration, it will seek to enforce a 1-year statute of limitations.

- "A federal appellate court has already decided the key issue in this case in favor of the players."  *Id.* at 3.
    - This statement is true, accurate, and not misleading. *See Kater v. Churchill Downs Downs Inc.*, No. 3:15-CV-00612-RBL, 2018 WL 5734656, at *4 (W.D. Wash. Nov. 2, 2018) ("Churchill Downs' 28-page motion requested that the court dismiss Kater's claims with prejudice, and self-admittedly addressed **the key issue** in this case ... Indeed, with these questions resolved by the Ninth Circuit, **there is little uncertainty that Churchill Downs engaged in illegal conduct** that Kater can recover for if she truly lost as much money as she claims.") (emphasis added).

- Statements implying that class action litigation is free, while arbitration is prohibitively expensive.  *Id.*  For example: "There is no charge to you to keep your right to participate in the class actions, and if the Court allows the cases to proceed as class actions, it will appoint lawyers to represent Big Fish players."
    - This statement is true, accurate, and not misleading. The statement implies neither that class action litigation is free nor that arbitration is prohibitively expensive. And in any event, the putative class cases are pursuing CPA claims for which consumers may be entitled to fee-shifting and cost-shifting.

- "These lawsuits claim that players, including you, are entitled to a refund of ALL money they have spent on Big Fish Casino and Jackpot Magic Slots because they are unlicensed gambling games."  No Plaintiff alleges any claims relating to Jackpot Magic Slots.  This statement also leaves out any mention of the sizable percentage of any class recovery that your firm may ask the Court to award you in attorneys' fees.
    - This statement is true, accurate, and not misleading. Plaintiffs in both cases seek to represent putative classes of consumers who have lost money to Big Fish Casino or Big Fish Games' other internet casino games, of which Jackpot Magic Slots is one. The lawsuits claim that players are entitled to a refund of all their losses. And again, the putative class cases are pursuing CPA claims for which consumers may be entitled to fee-shifting and cost-shifting.

- "Big Fish says you have thirty (30) days to opt out, and it is not clear when they think the thirty-day clock starts running."  The Terms of Use clearly state that the opt-out clock begins running upon acceptance of the Terms.
    - This statement is true, accurate, and not misleading. You conceded yesterday, in no uncertain terms, that Big Fish believes the timing of each consumer's "acceptance" of the Terms is a fact-bound determination that will vary on person-by-person basis. We disagree with Big Fish on that point, but the more important point is that it's "not clear" when Big Fish believes the thirty-day clock starts running for each member of the putative classes. (If Big Fish would like to clarify its beliefs on the timing of purported acceptance for each putative class member, we'd certainly consider adding an appendix to the website that includes the purported cutoff dates for each individual. Please let me know if Big Fish is interested in doing so, and in that event let's schedule a further meet and confer.)

With all of that said--and as we discussed on the phone--if your client has any specific edits to propose that it believes would render our website more truthful and/or more accurate, we would ask that your client please propose them, and we'll consider them in good faith. I heard you loud and clear

3

when you stated, several times, that it was "not your job" and "not [your] client's job" to propose draft revisions. With respect, I don't think that's a productive or reasonable approach. If your client wants us to change the content of our website, it should be willing to propose alternative drafting that it would be amenable to. And as I said repeatedly, while we do not believe any statements on the website are untrue, inaccurate, or misleading, we are absolutely willing to consider proposed revisions that might satisfy your client and forestall unnecessary motion practice.

Finally, based on your demand that I provide a written response within less than 24 hours of our phone call, it seems that your client may be considering filing some sort of motion this week. If that's the case, then (i) we ask that you please include this entire email chain as an exhibit to any such motion, and (ii) let's please meet and confer in advance of your filing (if only by an hour) and set a mutually agreeable briefing schedule or--failing agreement--call the Court pursuant to LCR 7(i) on our motion to set a briefing schedule. I'll note that if your client declines our latter request and files any motion requiring an expedited response, we'll consider our reasonable efforts to initiate an all-counsel call to have been declined, and will proceed accordingly. *See* LCR 7(i).

Best,

Todd

On Mon, Jan 27, 2020 at 12:16 PM Todd Logan <tlogan@edelson.com> wrote:

> Thanks Lindsey. 12:30PT works. Talk shortly.
>
> Todd
>
> On Fri, Jan 24, 2020 at 5:05 PM Barnhart, Lindsey <LBarnhart@cov.com> wrote:
>
>> Alex,
>>
>> I don't believe you or Todd ever told us that Todd is on vacation. In any event, given that you launched the website this week, we assumed someone at your firm would be able to speak with us about it this week. While we would have preferred to meet and confer yesterday, as originally requested, we are available on Monday at 12:30 PT for a call. Please dial 1-866-798-7071; access code 1079284.
>>
>> We encourage you to take another look at our November 29, 2019 brief, which addressed statements identical to those that appear on your new website:
>>
>> • Representing that "[t]here is no judge and no jury in arbitration," without mention of the neutral arbitrator who will decide the claims. *See* Dkt. 138 at 2.
>>
>> • Statements implying users "give up" any claims for relief by agreeing to arbitrate. *Id.* For example: "If you give up your rights and agree to arbitration, you might be giving up your chance to recover all of the money you have spent, even if the court later decides that Big Fish has to give players refunds."
>>
>> • "Finally, Big Fish's Terms of Use say that you can only file claims that are less than a year old. But the Plaintiffs in the two class actions believe you can recover all of your losses. If you give up your rights, you might be giving up your only opportunity to recover for losses that are more than a year old." *Id.*
>>
>> • "A federal appellate court has already decided the key issue in this case in favor of the players." *Id.* at 3.

4

- Statements implying that class action litigation is free, while arbitration is prohibitively expensive.  *Id.*  For example: "There is no charge to you to keep your right to participate in the class actions, and if the Court allows the cases to proceed as class actions, it will appoint lawyers to represent Big Fish players."

Numerous other statements on the website are also inaccurate and misleading.  As just a few examples:

- "These lawsuits claim that players, including you, are entitled to a refund of ALL money they have spent on Big Fish Casino and Jackpot Magic Slots because they are unlicensed gambling games."  No Plaintiff alleges any claims relating to Jackpot Magic Slots.  This statement also leaves out any mention of the sizable percentage of any class recovery that your firm may ask the Court to award you in attorneys' fees.

- "Big Fish says you have thirty (30) days to opt out, and it is not clear when they think the thirty-day clock starts running."  The Terms of Use clearly state that the opt-out clock begins running upon acceptance of the Terms.

Please be prepared to discuss these and the other statements on your website, along with your many other communications targeting putative class members and encouraging them to review your misleading website, on Monday.  In the meantime, we reiterate our request that you immediately cease these misleading communications.

Best,

Lindsey

---

**From:** Alex Tievsky <atievsky@edelson.com>
**Sent:** Friday, January 24, 2020 8:16 AM
**To:** Barnhart, Lindsey <LBarnhart@cov.com>
**Cc:** Todd Logan <tlogan@edelson.com>; Brandt Silver-Korn <bsilverkorn@edelson.com>; Rafey Balabanian <rbalabanian@edelson.com>; Cecily Shiel <cshiel@tousley.com>; Henn, Emily <ehenn@cov.com>; mparris@orrick.com; prugani@orrick.com
**Subject:** Re: Kater v. Churchill Downs Incorporated et al.

**[EXTERNAL]**

Lindsey:

You are correct that the website is still live. Despite my request to point out specific problems with the communications on the website, you have declined to do so, instead referring us to a document that raises arguments that are irrelevant in this context (the "keep my rights" button), references statements we're not making anymore (*e.g.*, about attorney's fees), and does not reflect recent developments in the law (such as the *Huuuge* decision). If you're not able to point to a single purportedly misleading statement, then I'm worried a call isn't going to be very productive. That is also the reason it's difficult for us to see this as any kind of emergency, unlike our request for a TRO, in which we pointed out specific statements made by your client

that the Court found to be "coercive and misleading," "unfair" and to "cause[] irreparable harm to plaintiffs and to putative class members." (Dkt. 137 at 10-11.)

In any event, I've confirmed that Todd will be back in the office on Monday (as you know, he's out of the country on vacation), and that the rest of my team will be available then too. We'd suggest noon Pacific time (or later that day, if you prefer). Before our call, I would encourage you to provide us with a more specific and up-to-date explanation as to what you find objectionable so that we can be prepared to address your concerns.

Alex

Alexander G. Tievsky | Edelson PC

350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
312.589.6379 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)

atievsky@edelson.com | www.edelson.com

CONFIDENTIALITY AND LIABILITY FOR MISUSE.
The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Jan 23, 2020 at 6:32 PM Barnhart, Lindsey <LBarnhart@cov.com> wrote:

> Alex,
>
> Your website is still live, and so we believe you are still engaging in misleading communications with putative class members.  As you concede, the website is "extremely similar" to Plaintiffs' pop-up proposal submitted on November 29, which the Court rejected after finding that your proposal went "far beyond" the requirements of Rule 23(d).  Our submission at Dkt. 158 methodically explained why the statements in Plaintiffs' pop-up proposal (which statements also appear on Plaintiffs' counsel's website) are misleading.

Rather than taking our concerns regarding Plaintiffs' unauthorized communications with putative class members directly to the Court, *see* Dkt. 122 (Plaintiffs' emergency motion for temporary restraining order of Defendant's communications with putative class members), we hope to have a good faith discussion in an attempt to sort this issue out informally.  Your dismissal of our concerns as "not an emergency" is not only troubling, but also inconsistent with positions you have taken on related issues in this litigation.  Your filing with the Court represents that you will "make [your]selves available to meet and confer in good faith with all parties to ensure that all information presented on [Plaintiffs' counsel's] website is true and accurate."  We encourage you to honor that representation.  Please provide your next availability for a call, preferably early tomorrow morning PT.

Best,

Lindsey


**From:** Alex Tievsky <atievsky@edelson.com>
**Sent:** Thursday, January 23, 2020 12:19 PM
**To:** Barnhart, Lindsey <LBarnhart@cov.com>
**Cc:** Todd Logan <tlogan@edelson.com>; Brandt Silver-Korn <bsilverkorn@edelson.com>; Rafey Balabanian <rbalabanian@edelson.com>; Cecily Shiel <cshiel@tousley.com>; Henn, Emily <ehenn@cov.com>; mparris@orrick.com; prugani@orrick.com
**Subject:** Re: Kater v. Churchill Downs Incorporated et al.


**[EXTERNAL]**

Lindsey:

I can confirm that Plaintiffs are not engaging in any misleading communications with putative class members. I'll check with our team and get back to you on a time to meet and confer, although it won't be today. This is not an emergency.

While I do that, can you please be more specific about what you consider to be "misleading" in our communications? I've re-reviewed the submission you reference, and I'm not seeing any issues. To the extent you're referring to us speaking to class members, we note that your client gave them our phone number. We also note that the Court found that our proposed notice (which is extremely similar to what's on the website) complied with the Court's requirements, among which were that the communication not be misleading. (Dkt 145 at 3; dkt 137 at 12.) A meet and confer call will be far more productive if we know what your concerns are beforehand.

Alex

Alexander G. Tievsky | Edelson PC

350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
312.589.6379 (direct) | 312.589.6370 (firm) | 312.589.6378 (fax)

atievsky@edelson.com | www.edelson.com

---

**CONFIDENTIALITY AND LIABILITY FOR MISUSE.**
The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

On Thu, Jan 23, 2020 at 12:18 PM Barnhart, Lindsey <LBarnhart@cov.com> wrote:

> Counsel,
>
> We learned yesterday that you are communicating with putative class members about the Big Fish Games Terms of Use and this litigation without prior approval of the Court or advance notice to Defendants.  Plaintiffs have previously taken the position that such communications are improper.  *See* Dkt. 122 at 2 (moving to restrain BFG from communicating with its customers "[w]ithout telling Plaintiffs or their counsel, and without Court approval").  In addition to being unauthorized, Plaintiffs' counsel's communications contain numerous misleading and inaccurate statements, many of which are detailed in Defendants' Statement in Response to November 19, 2019 Order, Dkt. 138, and which the Court, in turn, declined to approve in its December 19 Order.
>
> Please provide your availability to meet and confer today, and please confirm that Plaintiffs will immediately cease misleading communications with putative class members regarding the Big Fish Games Terms of Use.
>
> Best,
>
> Lindsey
>
> **Lindsey Barnhart**
>
> Covington & Burling LLP
> 3000 El Camino Real, 5 Palo Alto Square, 10th Floor
> Palo Alto, CA 94306-2112
> T +1 650 632 4706 | lbarnhart@cov.com

www.cov.com

**COVINGTON**

--
Todd Logan | Edelson PC |
123 Townsend Street, Suite 100
San Francisco, CA 94107
415-638-9660 (direct) | 415.212.9300 (firm) | 415.373.9495 (fax)
tlogan@edelson.com | www.edelson.com

@EdelsonPC    Edelson-PC    EdelsonLaw

--
Todd Logan | Edelson PC |
123 Townsend Street, Suite 100
San Francisco, CA 94107
415-638-9660 (direct) | 415.212.9300 (firm) | 415.373.9495 (fax)
tlogan@edelson.com | www.edelson.com

@EdelsonPC    Edelson-PC    EdelsonLaw