The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>     v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation,<br><br>                 Defendants. | Case No.: 2:15-cv-00612-RBL<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 23(d) PROTECTIVE ORDER**<br><br>**Note on Motion Calendar: February 14, 2020** |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>     v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>                 Defendants. | Case No.: 2:19-cv-00199-RBL<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 23(d) PROTECTIVE ORDER**<br><br>**Note on Motion Calendar: February 14, 2020** |

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

ARGUMENT .............................................................................................................. 1

I.      Reports From BFC Users, and Plaintiffs' Opposition, Confirm That Edelson's
        Opt-Out Website And Related Communications Are Misleading..................................... 1

II.     Edelson Admits It Is Engaging In Additional Prohibited Communications With
        Putative Class Members, And BFC Users Corroborate That Admission. ......................... 4

III.    Rule 23(d) Relief Is Necessary To Protect Putative Class Members, And In This
        Instance Raises No First Amendment Concerns.............................................................. 5

CONCLUSION............................................................................................................ 6

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RULE 23(d) PROTECTIVE ORDER          - i -
(2:15-cv-00612-RBL; 2:19-cv-00199-RBL)

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 F FTH AVENUE, SUITE 5600
SEATTLE, WASH NGTON  98104-7097
+1 206 839 4300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

Edelson's Opt-Out Website, targeted ads, and other communications to putative class members include numerous misleading statements about this litigation and BFC users' rights in arbitration, and improperly advocate that users should "Say No to Big Fish Arbitration." *Kater* Dkt. 164 ("Mot."). These communications violate Rule 23(d). If the tables were turned, Edelson would no doubt cry foul: Imagine Defendants launching a website or ads admonishing putative class members to "Say No to Edelson Class Action Lawsuit," or making disparaging remarks about Edelson to putative class members. Presumably, Edelson would not contend that—as Edelson now argues—such communications are protected by the First Amendment.

Reports from BFC users confirm that Edelson's communications are misleading. BFC users have reportedly: (1) received via email a *signed* opt-out letter in their name, despite not wanting to sign any such letter; (2) been encouraged by a law firm to opt out of the Terms of Use; (3) received communications from Edelson disparaging BFC; (4) received letters from Edelson about its lobbying activities in Washington; and (5) been contacted daily to be part of a class action. *See* Declaration of Lindsey Barnhart ("Barnhart Decl.") at ¶¶ 5–6 & Ex. B at 4.

Edelson's Opt-Out Website, targeted online ads, and calls and emails to putative class members are part of a concerted effort to present putative class members with biased, incomplete, and misleading information so that Edelson might realize *its* desire to maintain this putative class action—rather than to help putative class members determine whether *they* are better off with the expediency and efficiency that arbitration offers. Edelson is engaged in precisely the sort of conduct that Rule 23(d) is meant to prohibit, and neither the Constitution nor the Court's Orders provide any basis to permit this improper conduct to continue.

**ARGUMENT**

**I.     Reports From BFC Users, and Plaintiffs' Opposition, Confirm That Edelson's Opt-Out Website And Related Communications Are Misleading.**

Defendants' Motion described numerous reasons why statements on the Edelson Opt-Out Website are misleading. Mot. at 4–8. Plaintiffs' Opposition does not seriously address

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RULE 23(d) PROTECTIVE ORDER
(2:15-cv-00612-RBL; 2:19-cv-00199-RBL)                - 1 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 F TH AVENUE, SUITE 5600
SEATTLE, WASHINGTON 98104-7097
+1 206 839 4300

Defendants' arguments with respect to many of those statements. For example, Plaintiffs contend that the Opt-Out Website's representations that different limitations periods apply to (a) class action claims in court and (b) arbitration claims is "true, accurate, and in no way misleading" because *American Pipe* tolling applies in litigation, but "potentially not in individual arbitration." *Kater* Dkt. 167 ("Opp.") at 7. That is directly contrary to the position Edelson previously took before both this Court and the Ninth Circuit—specifically, that the one-year limitations period in the Terms of Use applies to the claims of *any* BFC user who accepts the Terms, no matter what forum the user's claims proceed in, and regardless of whether the user opts out of the dispute resolution provision. *See Kater* Dkt. 151 at 12; Ninth Circuit Case No. 19-36090 Dkt. 11 at 11. Edelson is either misleading the courts, or misleading putative class members. *Cf. Georgine v. Amchem Prod., Inc.*, 160 F.R.D. 478, 491 (E.D. Pa. 1995) (finding misleading statement that "[t]he only way to protect your rights to future compensation is to sign the enclosed 'opt out' form immediately" or else "YOU WILL LOSE VALUABLE RIGHTS IN THE EVENT YOU DEVELOP AN ASBESTOS-RELATED DISEASE IN THE FUTURE").

Plaintiffs attempt to resuscitate other challenged statements by suggesting that the purportedly *partial* truth they convey renders them "in no way misleading." Opp. at 6–9. But only telling half the story in a way that paints Edelson's position in the most favorable light— and omitting "critical fact[s]"—is misleading. *See Kutzman v. Derrel's MiniStorage, Inc.*, 354 F. Supp. 3d 1149, 1156-57 (E.D. Cal. 2018) (restraining communications to putative class members that omitted "critical fact[s]" regarding litigation); *see also Panag v. Farmers Ins. Co. of Wash.*, 166 Wash. 2d 27, 50 (2009) (under Washington Consumer Protection Act, a communication "contain[ing] accurate information" is deceptive if it includes an "omission . . . that is likely to mislead"); *Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1344 (N.D. Ga. 2007) (requiring correction of potentially misleading statements on plaintiffs' website).

For example, the Opt-Out Website's statement that "[i]f you decide to give up your rights, starting an arbitration would cost you $250, and if you wanted a lawyer, you would have to pay for one yourself," is misleading because it suggests that class action litigants would *not*

---

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RULE 23(d) PROTECTIVE
ORDER (2:15-cv-00612-RBL; 2:19-cv-00199-
RBL)

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 FIFTH AVENUE, SUITE 5600
SEATTLE, WASHINGTON 98104-7097
+1 206 839 4300

have to pay for a lawyer. Mot. at 6. But any class member's recovery in litigation would necessarily be reduced by Edelson's attorneys' fee award—*i.e.*, the class member would need to "pay for" a lawyer. Edelson contends that "there is no chance a class member would have to pay for a lawyer by herself" in litigation because "fees will be shared among the entire class." Opp. at 8. That non sequitur only reinforces that the statement is misleading; nowhere does the Opt-Out Website inform putative class members that they would have to "pay for" a lawyer, one way or another, regardless of whether they opt out of arbitration.

As another example, the Opt-Out Website's statement that "[t]here is no judge and no jury in arbitration" is misleading because it fails to mention the presence of an arbitrator, duty-bound to render an impartial decision. Mot. at 5. Even the JAMS definition of "arbitration" cited by Plaintiffs does not state that there is "no judge" in arbitration. Opp. at 7. Edelson has no answer to this criticism other than to emphasize the uncontroversial point that arbitration does not provide claimants with the right to a jury of their peers. *Id.*

Reports from BFC users confirm they do not understand Edelson's Opt-Out Website, and can be misled into completing the opt-out form despite not wanting to opt out of arbitration. Specifically, one user reported that she received a completed opt-out letter by email signed in her name, despite not wanting to sign anything, which shows she completed the opt-out form without understanding what it was. *See* Barnhart Decl. ¶ 6. The opt-out letter this user received is identical to the form "postcard" generated via the Opt-Out Website. *See Kater* Dkt. 168-1. This illustrates that the Opt-Out Website is misleading, and may be causing undesired or unintended opt-outs. *Cf. Georgine*, 160 F.R.D. at 490 (misleading letters stating "that opting out [was] the only way to secure . . . compensation" violated Rule 23(d) by preventing class members from making decisions based on "independent analysis of their own self-interest").

In short, Edelson's dissemination of these misleading statements and half-truths to putative class members are textbook examples of communications that Rule 23(d) prohibits. *See, e.g.*, *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1229 n.15, 1230–32 (S.D. Ala. 2008) (restricting communications with putative class members because "misleading half-truths" used

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RULE 23(d) PROTECTIVE
ORDER (2:15-cv-00612-RBL; 2:19-cv-00199-
RBL)

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 FIFTH AVENUE, SUITE 5600
SEATTLE, WASHINGTON 98104-7097
+1 206 839 4300

1

to procure them "crossed a clear line demarcated in *Gulf Oil* and its progeny").

2

**II.     Edelson Admits It Is Engaging In Additional Prohibited Communications With Putative Class Members, And BFC Users Corroborate That Admission.**

3

4

Plaintiffs' Opposition confirms Edelson has also had numerous other communications

5

with putative class members that it did *not* disclose to the Court: targeted ads encouraging

6

putative class members to opt out of arbitration, *see Kater* Dkts. 165-3–4 ("Say No To Big Fish

7

Arbitration"); and direct phone/email communications in which Edelson admittedly disparaged

8

Defendants, *see* Opp. at 12.  The targeted ads violate Rule 23(d) for the same reasons the Opt-

9

Out Website do.  *See supra* Section I; Mot. at 4–8.  As for the calls and emails, neither

10

Defendants nor the Court can assess whether they comply with Rule 23(d) because Edelson

11

refuses to disclose them based on questionable claims of privilege.[1]  Reports from BFC users and

12

admissions by Edelson, however, strongly indicate that they are also misleading.

13

For example, in addition to the reports described in Defendants' Motion, one BFC user

14

reported receiving communications from a law firm encouraging the user to opt out of

15

arbitration; and another reported being contacted *daily* to join a class action.  Barnhart Decl. ¶ 6.

16

Moreover, Edelson admits that its attorneys "spoke[] unkindly of Big Fish Casino" when

17

communicating by phone and email with putative class members—a clear violation of Rule

18

23(d).  *Kutzman*, 354 F. Supp. 3d at 1157-61 (restraining communications that "contained a

19

number of slights, disparaging remarks, and off-handed comments" targeted at opposing party).

20

Concerned by these reports from BFC users, counsel for Defendants sought Edelson's

21

confirmation or denial that it was engaging in such direct communications.  Despite multiple

22

requests, Edelson refused to answer, claiming the "allegations" were "baseless," and that it did

23

24

---

[1] Even if privileged, Plaintiffs' selective discussion of these communications in their Opposition amounts to a waiver of privilege.  *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) ("[V]oluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all.").

25

26

27

28

not "cold call putative class members, [or] spy on them either."  Barnhart Decl. Ex. A at 2, 4.[2]

Edelson's evasive responses have exacerbated Defendants' concerns.  The question for purposes of Rule 23(d) is not simply whether Edelson is "cold calling" putative class members, but whether its *ex parte* communications with them contain misleading information and/or statements critical of Big Fish Games.  Defendants cannot be certain what Edelson is saying to putative class members, but all signs suggest it is making the same sorts of misleading statements that appear on the Opt-Out Website.  While Edelson may be permitted to field phone calls from putative class members, it is *not* free to present to them a one-sided view of the litigation and users' arbitration rights  *See Maddox*, 499 F. Supp. 2d at 1344 (N.D. Ga. 2007) (requiring plaintiffs to correct "unbalanced" class member communications).

Finally, Plaintiffs' insistence that "there's nothing wrong with putative class members talking to each other," Opp. at 2, side-steps whether Edelson is improperly using clients as conduits to speak with putative class members.  One BFC user, in comments on Edelson's Facebook ad, referenced speaking to Edelson and then made misleading statements to putative class members, some of which may constitute legal advice.  *See, e.g.*, Barnhart Decl. ¶ 4 & Ex. B at 3 ("unless someone is a BILLIONAIRE they cannot possibly afford to arbitrate with big fish or sue big fish independently"); *id.* ("BY . . . NOT OPTING OUT, ppl are eliminating themselves from . . . being able to fight big fish and get any money back EVER!").  Edelson responded to Facebook comments from BFC users to help them reach the Opt-Out Website, but selectively chose *not* to weigh in to correct false and misleading comments from others.  *Id.* at 6.

### III.  Rule 23(d) Relief Is Necessary To Protect Putative Class Members, And In This Instance Raises No First Amendment Concerns.

Plaintiffs' only argument against the relief sought by Defendants is that an order

---

[2] Edelson insisted that to answer any questions, it needed the personal information of the BFC users who reported unwanted contacts by Edelson.  Barnhart Decl. Ex. A at 4, 7.  Defendants understandably have concerns about providing this information, both to protect BFC users from other unsolicited communications and also because Edelson should not need user information to answer whether it engaged in any such communications.

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RULE 23(d) PROTECTIVE
ORDER (2:15-cv-00612-RBL; 2:19-cv-00199-
RBL)

- 5 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 FIFTH AVENUE, SUITE 5600
SEATTLE, WASHINGTON 98104-7097
+1 206 839 4300

requiring Edelson to "[t]ake[] [d]own" the Opt-Out Website would be an impermissible "prior restraint." Opp. at 10. Plaintiffs do not dispute that the rest of Defendants' requested relief—*e.g.*, invalidation of opt-outs procured through the Website—would be proper if the Court finds the challenged communications misleading. *Id.* Plaintiffs' "prior restraint" argument fails. Temporary suspension of Edelson's Opt-Out Website until it can be cured of misleading statements is not a "prior restraint," as the offending content *has already been published*. *See Alexander v. United States*, 509 U.S. 544, 553–54 (1993) ("[O]ur decisions have steadfastly preserved the distinction between prior restraints and subsequent punishments."). In any event, a properly tailored Rule 23(d) order regulating misleading communications does not offend the First Amendment. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02 (1981). Plaintiffs have acknowledged as much when seeking Rule 23(d) relief, including a prohibition on Defendants' communicating with BFC users about the litigation or users' arbitration rights under the Terms of Use, *Kater* Dkt. 136 at 2–3, which is precisely what Edelson is communicating about here.

Given the distorting effect of the statements on the Opt-Out Website and the ads linking to it, *see supra* Sections I–II, the Court is well within its discretion to require Edelson to suspend the Website and ads until the Court can approve modified versions free of any misleading statements. *See Jones v. Casey's Gen. Stores*, 517 F. Supp. 2d 1080, 1089 (S.D. Iowa 2007). (ordering removal of "offending website information from the public domain" until replaced with "factual, accurate, and balanced" information); *Kater* Dkt. 137 at 12–13 (temporarily suspending display of Defendants' pop-up until Court could approve revised version). The Court should similarly regulate any other communications by Edelson to putative class members (not including its clients) about the litigation, or the impact of the Terms of Use on any legal rights of putative class members—whether communicated directly or indirectly through others, including Edelson's clients—and order all other relief sought in Defendants' Motion. *See* Mot. at 10–12.

**CONCLUSION**

For the foregoing reasons, the Court should issue a protective order under Rule 23(d) and order the relief specified in Defendants' Motion. *See* Mot. at 12.

1    DATED:   February 14, 2020                    Respectfully submitted,

2

3     */s/ Mark Parris*                             */s/ Emily Johnson Henn*
      */s/ Paul Rugani*                             */s/ Lindsey Barnhart*
4     Mark Parris (Bar No. 13870)                   Emily Johnson Henn (*pro hac vice*)
      mparris@orrick.com                            ehenn@cov.com
5     Paul F. Rugani (Bar No. 38664)                Lindsey Barnhart (*pro hac vice*)
      prugani@orrick.com                            lbarnhart@cov.com
6     ORRICK HERRINGTON & SUTCLIFFE LLP             COVINGTON & BURLING LLP
      701 5th Avenue, Suite 5600                    3000 El Camino Real
7     Seattle, WA 98104                             5 Palo Alto Square
      Telephone: (206) 839-4320                     Palo Alto, CA 94306
8     *Attorneys for Defendants Aristocrat*         Telephone: (650) 632-4700
      *Technologies, Inc., Aristocrat Leisure*
9     *Limited, Big Fish Games, Inc. and*           */s/ Gary Rubman*
      *Churchill Downs Inc.*                        Gary Rubman (*pro hac vice*)
10                                                  grubman@cov.com
                                                    COVINGTON & BURLING LLP
11                                                  One CityCenter
                                                    850 Tenth Street, NW
12                                                  Washington, D.C. 20001
                                                    Telephone: (202) 662-6000
13
                                                    */s/ Ashley M. Simonsen*
14                                                  Ashley M. Simonsen (*pro hac vice*)
                                                    asimonsen@cov.com
15                                                  COVINGTON & BURLING LLP
                                                    1999 Avenue of the Stars
16                                                  Los Angeles, CA 90067
                                                    Telephone: (424) 332-4782
17
                                                    */s/ Matthew Q. Verdin*
18                                                  */s/ David Watnick*
                                                    Matthew Q. Verdin (*pro hac vice*)
19                                                  mverdin@cov.com
                                                    David Watnick (*pro hac vice*)
20                                                  dwatnick@cov.com
                                                    COVINGTON & BURLING LLP
21                                                  Salesforce Tower
                                                    415 Mission Street, Suite 5400
22                                                  Telephone: (415) 591-7065

23                                                  *Attorneys for Defendants Aristocrat*
                                                    *Technologies, Inc., Aristocrat Leisure*
24                                                  *Limited, and Big Fish Games, Inc.*

25

26

27

28

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RULE 23(d) PROTECTIVE
ORDER (2:15-cv-00612-RBL; 2:19-cv-00199-
RBL)                              - 7 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 FIFTH AVENUE, SUITE 5600
SEATTLE, WASHINGTON 98104-7097
+1 206 839 4300