# Exhibit A

| | |
|---|---|
| **From:** | Todd Logan <tlogan@edelson.com> |
| **Sent:** | Thursday, February 06, 2020 1:58 PM |
| **To:** | Rubman, Gary |
| **Cc:** | atievsky@edelson.com; brichman@edelson.com; bsilverkorn@edelson.com; rbalabanian@edelson.com; cshiel@tousley.com; Parris, Mark; Rugani, Paul F.; Henn, Emily; Barnhart, Lindsey; Simonsen, Ashley M |
| **Subject:** | Re: Kater v. Churchill Downs Inc. et al. |

**[EXTERNAL]**

Gary:

We understand your 72-hour delayed refusal to provide any details whatsoever about your allegations as a tacit concession that they are mistaken (either as a result of incorrect information or perhaps that they were fabricated). Unless and until you provide us with some sense of what you are talking about, we will consider the matter you raised to be closed.

We will continue our investigation into all those who are involved with Big Fish Games' illegal gambling activities.

Todd

On Thu, Feb 6, 2020 at 1:04 PM Rubman, Gary <grubman@cov.com> wrote:

> Todd,
>
> We decline your request that Big Fish Games provide to Edelson personal information about users who have reported receiving unwanted communications from Edelson.  We trust you understand why we have concerns about doing so.
>
> Big Fish Games continues to receive reports from users that raise concerns about Edelson's communications to putative class members.  You appear to be attempting to deflect these serious issues by characterizing our concerns as a "conspiracy theory," ignoring our specific questions, and instead posing irrelevant questions about Covington "or any other law firm."  We again ask that you clearly and directly respond to the questions listed in my January 31 email.
>
> Best regards,
>
> - Gary
>
> **Gary Rubman**
>
> Covington & Burling LLP
> One CityCenter, 850 Tenth Street, NW

1

Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com
www.cov.com

## COVINGTON

---

**From:** Todd Logan <tlogan@edelson.com>
**Sent:** Monday, February 03, 2020 3:39 PM
**To:** Rubman, Gary <grubman@cov.com>
**Cc:** atievsky@edelson.com; brichman@edelson.com; bsilverkorn@edelson.com; rbalabanian@edelson.com; cshiel@tousley.com; Parris, Mark <mparris@orrick.com>; Rugani, Paul F. <prugani@orrick.com>; Henn, Emily <ehenn@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Simonsen, Ashley M <asimonsen@cov.com>
**Subject:** Re: Kater v. Churchill Downs Inc. et al.

**[EXTERNAL]**

Gary:

We don't cold call putative class members, and we don't spy on them either. If you're actually interested in resolving whatever your purported concerns are, please provide specific information that we can use to figure out what you're talking about.

Frankly, this is starting to sound more and more like a conspiracy theory, and consequently is raising suspicions of our own in terms of people's motivations. Along those lines, please confirm whether the Covington firm, the Orrick firm, or any other law firms: (1) materially assisted in the formation or reorganization of any legal entities that control the day-today operation of Big Fish Casino, and/or (2) have, *putting aside litigation and lobbying activities*, materially assisted in furthering Big Fish Games' gambling activities within the State of Washington.

Thanks.

Todd

On Fri, Jan 31, 2020 at 6:04 PM Rubman, Gary <grubman@cov.com> wrote:

> Todd,

Your email does not resolve our concerns. Our understanding is that the players who have reported receiving calls from attorneys, in particular the player who reported receiving calls from Edelson, <u>did not want</u> to receive such calls and were concerned that attorneys had access to their personal contact, gameplay, and spending information. We do not see how any of these communications could be characterized as privileged when they were unsolicited, unwanted, and disclosed to a third party. We also disagree with your broad assertion that any and all phone or electronic communications that Edelson receives from putative class members are necessarily privileged.

Please respond clearly and directly to each of the following questions:

- Has anyone at Edelson obtained information regarding any Big Fish Games user's gameplay, spending, or personal contact information via any method other than that user providing his or her information directly and voluntarily to Edelson?
    - If so, how?

- Has anyone at Edelson (or anyone acting on behalf of Edelson) used Big Fish Games users' contact information collected via the form on the Opt-Out Website to contact those users?

- Has anyone at Edelson (or anyone acting on behalf of Edelson) contacted any Big Fish Games user without having first received an electronic or phone communication from that user?

- Has anyone at Edelson (or anyone acting on behalf of Edelson) directed unsolicited communications (aside from the paid-for Facebook and Google advertisements) to any Big Fish Games user?

- Have any of your clients contacted any other Big Fish Games users regarding the litigation?
    - Is Edelson preserving these communications?
    - Is Edelson claiming privilege over these communications?

To the extent that the answer to any of the above is "yes," please confirm that Edelson is preserving all such communications and related documents.

Best regards,

- Gary

3

**Gary Rubman**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com
www.cov.com

# COVINGTON

**From:** Todd Logan <tlogan@edelson.com>
**Sent:** Friday, January 31, 2020 3:25 PM
**To:** Rubman, Gary <grubman@cov.com>
**Cc:** atievsky@edelson.com; brichman@edelson.com; bsilverkorn@edelson.com; rbalabanian@edelson.com; cshiel@tousley.com; Parris, Mark <mparris@orrick.com>; Rugani, Paul F. <prugani@orrick.com>; Henn, Emily <ehenn@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Simonsen, Ashley M <asimonsen@cov.com>
**Subject:** Re: Kater v. Churchill Downs Inc. et al.

[EXTERNAL]

Gary:

Your allegations—veiled and otherwise—of wrongdoing are baseless.

Perhaps because you haven't been involved in the case, you seem to not be following what's transpired over the last couple of months. After finding that your client engaged in coercive and misleading communications with putative class members, the Court ordered your client to provide those folks (a population that appears to number in the tens of thousands) with my firm's contact information. Your client did so, and our phone lines and emails have been flooded by putative class members ever since. The contents of my firm's communications with those putative class members are almost invariably privileged by RPC 1.18, but the more fundamental point is that questioning the propriety of those communications is not a road we think you want to go down with the Court (but that's obviously your prerogative).

We honestly have no idea what you are talking about with the vague allusion to our knowledge of one particularly player's "gameplay activities and spending." If you could clarify, and provide specific examples, perhaps we'll be able to substantively respond (though, again, the contents of communications subject to RPC 1.18 are privileged). I'll note--without disclosing any confidences--that it wouldn't be at all remarkable if a

4

putative class member chose to share their "gameplay activities and spending" in communications with a law firm they reached out to.

Best,

Todd

On Fri, Jan 31, 2020 at 10:36 AM Rubman, Gary <grubman@cov.com> wrote:

Counsel,

As noted in Defendants' Motion for Rule 23(d) Protective Order (Dkt. 164), it has come to our attention that Big Fish Games players have been receiving calls from attorneys.  One of the players reported that the attorney who called her was from the Edelson firm, and that the attorney disparaged the game and referred to a class action lawsuit.  The same player stated that the lawyer knew personal information about the player, including information about her gameplay activities and spending.  We have been contacted by other players who have raised similar concerns.

We trust that you understand why we believe this is troubling.  As we continue to evaluate how best to address these improper communications, please provide the following information by 1:00 pm PT today:

>
> 1)   Confirmation whether anyone from the Edelson law firm (or anyone acting on behalf of the Edelson law firm) has contacted Big Fish Games players other than then-existing clients (either in person, by telephone or other real-time electronic means);
>
> 2)   To the extent that anyone from the Edelson law firm has been contacting Big Fish Games players other than then-existing clients, confirmation that such communications will cease immediately;
>
> 3)   To the extent that anyone from the Edelson law firm has obtained information about Big Fish Games players' gameplay activities, spending, and/or contact information, an explanation for how the Edelson law firm obtained such information;
>
> 4)   Confirmation that the Edelson law firm is preserving all communications between the Edelson law firm (or anyone acting on behalf of the Edelson law firm, including clients) and other Big Fish Games players; and

5

    5)   Confirmation that the Edelson law firm is preserving all documents relating to access it may have received to personal information about Big Fish Games players, including their contact information and/or gameplay information.

Finally, in response to Mr. Logan's request from last night that we identify the players who have informed us about these communications, we do not believe it is appropriate or necessary for us to do so at this time. To the extent the Edelson firm has been contacting Big Fish Games players, we assume the Edelson firm is well aware of which players they have contacted. We note that Mr. Logan's email did not include a denial of the allegations contained in our motion or the supporting declaration.

Best regards,

- Gary

**Gary Rubman**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com
www.cov.com

**COVINGTON**

--

Todd Logan | Edelson PC |

123 Townsend Street, Suite 100
San Francisco, CA 94107

415-638-9660 (direct) | **415.212.9300** (firm) | **415.373.9495** (fax)

tlogan@edelson.com | www.edelson.com



--

Todd Logan | Edelson PC |

123 Townsend Street, Suite 100
San Francisco, CA 94107

415-638-9660 (direct) | 415.212.9300 (firm) | 415.373.9495 (fax)

tlogan@edelson.com | www.edelson.com



--
Todd Logan | Edelson PC |
123 Townsend Street, Suite 100
San Francisco, CA 94107
415-638-9660 (direct) | 415.212.9300 (firm) | 415.373.9495 (fax)
tlogan@edelson.com | www.edelson.com