The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation.<br><br>*Defendants*. | No. 15-cv-00612-RBL<br><br>**PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF RULE 23(d) MOTION**<br><br>ORAL ARGUMENT REQUESTED BY PLAINTIFFS<br><br>Noting Date: February 14, 2020 |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>*Defendants*. | No. 19-cv-00199-RBL<br><br>**PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF RULE 23(d) MOTION**<br><br>ORAL ARGUMENT REQUESTED BY PLAINTIFF<br><br>Noting Date: February 14, 2020 |

Pls' Surreply to Defs' Rule 23d Motion
Case Nos. 15-CV-612, 19-CV-199

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

Defendants have chosen to predicate their Reply Brief, Dkts. 169 / 120, primarily on a new slate of anonymous, unsupported, and false statements accusing Plaintiffs' counsel of unethical conduct. The "support" for these statements comes from the declaration of Defendants' counsel, which is vague and not based on her personal knowledge. Accordingly, Plaintiffs move pursuant to Local Civil Rule 7(g) to strike paragraphs 3-6 of the Declaration of Lindsey Barnhart as well as each portion of the Reply Brief based on those paragraphs.

**I.     Defendants' False Accusation Of Using Clients As "Conduits" Should Be Stricken.**

Of the volley of accusations Defendants lob, perhaps the most charged is the insinuation that Plaintiff's counsel is using a client as a "conduit" to provide legal advice—via Facebook—to class members. Reply Brief at 5; *accord* Dkt. 164 / 115 at 10. The predicate for Defendants' accusation is that, out of the more than 1,000 comments that have been posted on Facebook about an advertisement for www.nocasinoarbitration.com, some 300 of them have apparently been posted by the Facebook user going by the alias "Sara Brown" (who Defendants surmise is a client of Plaintiff's counsel). *Id.*

This accusation is false. That Facebook user is not a client of Plaintiffs' counsel, and Plaintiffs' counsel has never communicated with her about the Facebook advertisement (much less requested that she post anything on Facebook or otherwise communicate with absent class members on Plaintiffs' counsel's behalf). Declaration of Todd Logan ("Logan Decl.") ¶ 3. And the Court need not simply take an attorney's word for it here: "Sara Brown" herself—who apparently believes Defendants are "spy[ing]" on her both on Facebook and in Big Fish Casino—has taken to Facebook to respond directly to Defendants. *See* Logan Decl. ¶ 4.[1] In her words, she is "NOT an Edelson client," Edelson "did NOT attempt to solicit" her; Edelson was "VERY clear that they were limited in what they could discuss with [her] since [she] is NOT a

---

[1] To be clear: Plaintiff's counsel had no hand in "Sara Brown's" decision to respond to Defendants on Facebook. *See* Logan Decl. ¶ 5. In fact, Plaintiff's counsel has not communicated with "Sara Brown" since prior to January 24, 2020. *Id.* And again, Plaintiff's counsel has never communicated with "Sara Brown" about the Facebook advertisement, much less have they requested that she post anything on Facebook or otherwise communicate to absent class members on Plaintiff's counsel's behalf. *See id.* ¶ 3.

Pls' Surreply to Defs' Rule 23d Motion
Nos. 15-CV-612 AND 19-CV-199 -  1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

client," and Defendants' use of her Facebook posts represents "YET ANOTHER PATHETIC ATTEMPT TO PUSH THE LITTLE GUY AROUND FOR TRYING TO KEEP HIS RIGHTS." *See id.;* Exhibit 1 to Logan Decl.

Because Defendants' accusation is false, the Court should strike paragraphs 3-4 of the Barnhart Declaration as well as each portion of the Reply Brief based on those paragraphs.

## II. Defendants' Accusations Based On Anonymous Hearsay Should Be Stricken.

Defendants' remaining allegations of purported misconduct are based entirely on their attorney's vague recounting of "understandings" she has developed about putative class members, with no indication as to who those anonymous people are or how she developed these understandings. A declaration of counsel must be based on personal knowledge only. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995). Defendants' counsel's use of the phrase "I understand" and references to what users "reported" demonstrate that she lacks such knowledge. *See Nielson v. Sports Auth.*, No. 11-cv-4724, 2013 WL 3388534, at *4 (N.D. Cal. July 8, 2013); *Sterling Acceptance Corp. v. Tommark, Inc.*, 227 F. Supp. 2d 454, 459 (D. Md. 2002) (striking affidavit "because the words 'my understanding' indicate a lack of personal knowledge"). The declaration provides no reason to believe that several of these individuals exist, let alone made the comments attributed to them, which is reason alone to strike those statements. And if that were not enough, then the post of "Sara Brown" should leave no lingering doubt that defense counsel lacks personal knowledge of the matters that she is attempting to attest to.

Defendants use their counsel's declaration to insinuate that Plaintiffs' counsel are forging opt-out letters or otherwise exercising discretionary decision-making over which Website visitors send opt-out letters. *See* Reply Brief at 1 ("Reports from BFC users confirm that Edelson's communications are misleading. BFC users have reportedly: (1) received via email a signed opt-out letter in their name, despite not wanting to sign any such letter …."). That accusation is unsupported, outrageous, and categorically false. The only evidence offered in support is Defendant's counsel's declaration that "[o]ne user reported receiving a completed opt-out letter signed in her name," with no details about who this user is, where the report was made, or how

Pls' Surreply to Defs' Rule 23d Motion
Nos. 15-CV-612 AND 19-CV-199 - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

the declaring attorney learned about it. Setting aside the obvious unreliability of counsel's declaration, the allegation is demonstrably false. The only way for the Website to send an opt-out letter is for a visitor to fill out the form and click "sign and send," and when a visitor does so, the Website causes a letter to automatically be mailed from a third-party facility. Logan Decl. ¶ 6. Plaintiffs' counsel do not review the letters before they go out, and they certainly are not signing and sending opt-out letters on behalf of absent class members without their specific consent. *Id.*[2] This false allegation should be stricken.

Defendants make three more allegations of purported misconduct: that one class member "reported receiving communications from a law firm encouraging the user to opt out of the Big Fish Games Terms of Use dispute resolution provision"; another "reported being contacted by a law firm regarding a class action suit against Big Fish Games"; and yet another "reported being contacted daily by attorneys, who encourage the user to be part of a class action." Barnhart Decl. ¶ 6.[3] Again, these threadbare accusations are based solely on unsupported, unreliable, and anonymous hearsay recounted in a vague manner by Defendants' counsel. None of the statements even identify a law firm associated with the purportedly bad acts, let alone suggest a connection to Plaintiffs' counsel. To the extent Defendants allege that Plaintiffs' counsel has engaged in impermissible solicitation, those allegations are categorically untrue. Logan Decl. ¶ 7.

*          *          *

The Court should strike paragraphs 3-6 from the Barnhart Declaration as well as the following pages and lines from Defendant's Reply Brief: 1:10-15; 3:14-23; 4:12-20; and 5:1-20.

---

[2] To the extent Defendants insinuate that the Website is so confusing that the thousands of absent class members who have used it to send opt-out letters have done so without understanding what they were doing, that should have been raised in the initial motion, not for the first time on reply. In any event, as the Court will see when it examines the Website, its intent and function could not be more clear.

[3] Defendants also grouse that some class members who used the Website to send opt-out letters later received an email about Defendants' recent lobbying efforts to gut the statute underlying these lawsuits. *See* Reply Brief at 1. That is a non-sequitur. Plaintiff's counsel's choice to apprise consumers of Defendants' lobbying efforts has nothing to do with the fair administration of these lawsuits.

Pls' Surreply to Defs' Rule 23d Motion
Nos. 15-CV-612 AND 19-CV-199 - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

DATED this 19th day of February, 2020.

**CHERYL KATER, SUZIE KELLY, and MANASA THIMMEGOWDA,** individually and on behalf of all others similarly situated,


By:  Todd Logan
Rafey S. Balabanian*
rbalabanian@edelson.com
Todd Logan*
tlogan@edelson.com
Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300/Fax: 415.373.9435


By:  Cecily C. Shiel
TOUSLEY BRAIN STEPHENS PLLC
Cecily C. Shiel, WSBA #50061
cshiel@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600


*Attorneys for Cheryl Kater, Suzie Kelly and Manasa Thimmegowda*

*Admitted *pro hac vice*

Pls' Surreply to Defs' Rule 23d Motion
Nos. 15-CV-612 AND 19-CV-199 - 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992