The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　v.<br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation,<br><br>　　　　　　　Defendants. | Case No.: 2:15-cv-00612-RBL<br><br>**DEFENDANTS' STATUS REPORT**<br><br>**Status Conference Date: March 4, 2020**<br>**Status Conference Time: 9:30 AM** |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>　　　　　　　Defendants. | Case No.: 2:19-cv-00199-RBL<br><br>**DEFENDANTS' STATUS REPORT**<br><br>**Status Conference Date: March 4, 2020**<br>**Status Conference Time: 9:30 AM** |

Defendants Big Fish Games, Inc. ("BFG"), Aristocrat Technologies, Inc., Aristocrat Leisure Limited, and Churchill Downs Incorporated ("CDI") (collectively, "Defendants") submit the following Status Report to provide relevant updates regarding the current status of these cases in advance of the March 4, 2020 status conference.[1]

## I.     PENDING MOTIONS

**Plaintiffs' Motion to Certify Rule 23(b)(2) Class and Motion for Preliminary Injunction (*Kater* Dkt. 176; *Thimmegowda* Dkt. 127)**.  Defendants request the Court's guidance regarding Plaintiffs' motion for class certification and motion for preliminary injunction, both filed on February 20, 2020.  Defendants contend that Plaintiffs' motions are premature (with respect to both motions) and much belated (with respect to the request for preliminary injunction).  Indeed, Plaintiffs previously conceded in briefing filed with the Court on January 9, 2020 that "because the case remains stayed, *plaintiffs' counsel has been and at present remains barred from pursuing class certification*." *Kater* Dkt. 151 at 7 n.2 (emphasis added).  For the following reasons, Defendants will request at the status conference that the Court deny both motions without prejudice.

These proceedings have been stayed since August 2019, pending resolution of Defendants' motions to compel arbitration, *see Kater* Dkt. 119, and pending Ninth Circuit decisions of appeals relating to motions to compel arbitration in three related cases (*Huuuge*, *Double Down*, and *Playtika*), *see Kater* Dkt. 121; *Thimmegowda* Dkt. 70.  *See infra* Section II.

---

[1] Defendants attempted to work with Plaintiffs to file a joint status report.  On February 21, 2020, Defendants notified Plaintiffs that Defendants intended to circulate a draft joint status report for Plaintiffs' review on February 25 and requested Plaintiffs' revisions to the joint report by the close of business on February 26.  In several subsequent emails, the parties discussed at length their dispute regarding the procedural impropriety of Plaintiffs' recently filed motions, and Defendants stated their intent to raise the dispute with the Court at the status conference. Defendants provided a draft joint status report to Plaintiffs on February 25, but Plaintiffs declined to provide revisions as requested, stating for the first time that they were "confused" and not aware of any "basis" for filing the status report.  Defendants reiterated the basis for the filing—to inform the Court about the status of the case in advance of the March 4 status conference—and again requested that Plaintiffs provide timely revisions.  Plaintiffs declined.  Accordingly, Defendants file this report independently.

One of those three appeals—*Playtika*—is still pending, and so the stay remains in effect. Nor has the Court entered any order lifting the stay. The Court's stay orders reflect the well-settled principle that when defendants assert that the plaintiffs' claims must be arbitrated, defendants should not be forced to litigate those claims until their arbitration rights are resolved. *See Kater* Dkts. 119, 121; *Thimmegowda* Dkt. 70; *see also Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (courts "routinely grant stays" pending rulings on motions to compel arbitration because doing so conserves the resources of the parties and the Court); *Kater* Dkt. 105 at 4-5 (collecting cases).

For the same reasons, Defendants should not be required to respond to Plaintiffs' prematurely filed motion for class certification and motion for preliminary injunction, because the case remains stayed, the *Playtika* appeal is still pending before the Ninth Circuit, and Defendants have not yet had the opportunity to enforce their arbitration rights. "To require [Defendants] to proceed with the action pending a ruling on the motion to compel arbitration and any appeal thereof would cause [them] to be 'deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes.'" *Andrus v. D.R. Horton, Inc.*, 2012 WL 1971326, at *3 (D. Nev. June 1, 2012) (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)). Accordingly, Defendants' motions to compel arbitration—which the Court instructed Defendants to wait to re-file until *after* "the stay is lifted," *Thimmegowda*, Dkt. 70—should be resolved before any substantive relief, including certification of a class or issuance of a preliminary injunction, is sought or granted. *See Horenstein v. Mortg. Mkt., Inc.*, 9 F. App'x 618, 619 (9th Cir. 2001) ("plaintiffs who sign arbitration agreements" cannot pursue class action claims); *Toyo Tire Holdings of Americas Inc. v. Continental Tire N. Am., Inc.*, 609 F.3d 975, 981 (9th Cir. 2010) (only if interim relief is "necessary to preserve the status quo and the meaningfulness of the arbitration process" may a court grant preliminary injunctive relief on arbitrable claims).

Defendants' motion to dismiss for lack of personal jurisdiction—which the Court also instructed Defendants to wait to re-file until *after* "the stay is lifted," *Thimmegowda*, Dkt. 70—

should similarly be resolved before the Court entertains either Plaintiffs' motion for class certification or motion for a preliminary injunction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." (alterations and citation omitted)).

The fact that one of Plaintiffs' motions is for a preliminary injunction does not change the analysis, because that motion does not seek to "preserve the status quo"—the only basis on which a preliminary injunction may issue as to arbitrable claims. *Toyo*, 609 F.3d at 981. Instead, Plaintiffs' motion seeks to radically *alter* the status quo by enjoining Defendants from selling any virtual chips or coins for use in BFG games in Washington. *See Kater* Dkt. 176; *Thimmegowda* Dkt. 127.  Notably, Plaintiffs waited five years after filing this litigation to request this "emergency" relief.  Plaintiffs' "long delay before seeking a preliminary injunction implies a lack of urgency[.]" *California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018) (quoting *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)).

In addition, with respect to Plaintiffs' motion for class certification, because of the discovery stay, Defendants have not had any opportunity to seek discovery from the Plaintiffs who now seek to serve as class representatives.[2]  Plaintiffs should not be permitted to move for class certification before Defendants are able to seek discovery to oppose certification, a point Plaintiffs conceded as recently as January 9, when they argued that "because the case remains stayed, plaintiffs' counsel has been and at present remains *barred from pursuing class certification*." *See Kater* Dkt. 151 at 7 n.2 (emphasis added).

On February 21, 2020, the day after Plaintiffs filed their motion to certify a class and motion for a preliminary injunction, Defendants emailed Plaintiffs to request a two-week extension of the noting date of both motions to permit the parties an opportunity to seek the

---

[2] Of particular note, Plaintiff Kater no longer seeks to serve as a class representative.  *Kater*, Dkt. 176 at 10 n.5.  All Defendants deserve the opportunity to discover her reasons for not wanting to pursue the class action claims she first filed nearly five years ago.

Court's guidance as to Defendants' concerns. Plaintiffs rejected Defendants' request, contending (for the first time) that "these cases are not stayed," despite Plaintiffs' contrary statements to the Court just a few weeks prior. At the status conference, Defendants will respectfully request that the Court deny Plaintiffs' recently filed motions, without prejudice, as procedurally improper and premature.

**Other Pending Motions**. Currently pending before the Court are (1) Plaintiffs' Motion for Reconsideration or, in the Alternative, to Stay Entry of the Court's Order at Dkt. 145/96 (*Kater* Dkt. 151; *Thimmegowda* Dkt. 102); and (2) Defendants' Motion for Rule 23(d) Protective Order (*Kater* Dkt. 164; *Thimmegowda* Dkt. 115).

Plaintiffs' Motion to Stay asks the Court to stay entry of its December 19, 2019 Order approving Defendants' proposed pop-up language regarding BFG's Terms of Use (*Kater* Dkt. 145; *Thimmegowda* Dkt. 96) pending resolution of Plaintiffs' appeal to the Ninth Circuit. On February 26, 2020, the Ninth Circuit dismissed Plaintiffs' appeal for lack of jurisdiction. *Kater* Dkt. 181; *Thimmegowda* Dkt. 132. Accordingly, Plaintiffs' Motion to Stay is now moot.

## II.   STATUS OF DISCOVERY

**Discovery Stay.** On August 21, 2019, the Court stayed all of Plaintiff Kater's and Plaintiff Kelly's discovery as to BFG, and all of Plaintiff Kelly's discovery as to CDI, pending resolution of Defendants' previously filed motions to compel arbitration. *Kater* Dkt. 119. On September 12, 2019, the Court stayed all of Plaintiff Thimmegowda's discovery and *sua sponte* terminated Defendants' motions to compel arbitration and motion to dismiss for lack of personal jurisdiction without resolution pending decision by the Ninth Circuit of appeals in three related cases (*Huuuge*, *Double Down*, and *Playtika*). *Kater* Dkt. 121; *Thimmegowda* Dkt. 70. In the September 12 stay orders, the Court permitted Defendants to "re-note[]" or "revise[] and re-file" the motions "when the stay is lifted." *Id.* The Court stated it was "inclined to await a decision" from the Ninth Circuit "in all three appeals" (*Huuuge*, *Double Down*, and *Playtika*) but invited the parties to let the Court know, after the Ninth Circuit's decision in the *Huuuge* appeal, whether the parties believed otherwise. *Id.*

Defendants agree with the Court's inclination that the stay should remain in place at least until the Ninth Circuit has decided all three appeals. Plaintiffs never indicated a different position to the Court following the *Huuuge* decision, which issued on December 20, 2019. Instead, Plaintiffs represented to the Court that the cases remain stayed after the *Huuuge* decision. As noted above, on January 9, 2020—weeks after the *Huuuge* decision—Plaintiffs represented that "because the case remains stayed, plaintiffs' counsel has been and at present remains barred from pursuing class certification." *Kater* Dkt. 151 at 7 n.2.

Defendants contend that the discovery stay should remain in place until after (1) the Ninth Circuit rules in *Playtika* and (2) the Court rules on Defendants' renewed motions to compel arbitration and motion to dismiss for lack of personal jurisdiction. As noted below, Defendants propose filing renewed motions within 30 days of the Ninth Circuit's *Playtika* decision. Defendants believe that the Court should wait to set discovery and other case deadlines, if necessary, until after the Court resolves Defendants' renewed motions to compel arbitration and motion to dismiss for lack of jurisdiction.

**Status of Plaintiff Kater's Discovery as to CDI.** The Court did not stay Plaintiff Kater's "outstanding, pre-amendment discovery to" CDI in its stay orders. *Kater* Dkt. 119 at 4. Consistent with the parties' agreement, *Kater* Dkt. 118, the parties met and conferred regarding CDI's discovery responses within 21 days of the Court's stay orders. Plaintiffs sent a meet and confer letter on September 10, 2019; the parties met and conferred telephonically on September 11, 2019; and CDI sent a meet and confer letter on September 23, 2019 responding to Plaintiffs' questions. Plaintiffs have not responded to CDI's September 23 letter or otherwise raised any questions or concerns regarding CDI's discovery responses.

Also consistent with the parties' agreement, *Kater* Dkt. 118, CDI began producing responsive documents within 30 days of the Court's stay orders. CDI's initial document production was small, but for good reason. As CDI has discussed with Plaintiffs, CDI—which no longer owns, and never operated, Big Fish Casino—does not have in its possession, custody, or control much of the material requested by Plaintiff Kater, such as Big Fish Casino user

gameplay and purchase information, or Big Fish Casino source code. CDI further made clear to Plaintiff Kater that the timing of its production of additional responsive, non-privileged documents by October 18, 2019, was subject to entry of a stipulated protective order and ESI protocol. Although Plaintiffs stated on April 19, 2019 that the parties were "agreed" on a stipulated protective order, on August 26, 2019, Plaintiffs requested that the parties begin negotiating the protective order anew. The parties have not yet reached agreement on a stipulated protective order or ESI protocol, and Plaintiffs have not raised the issue with Defendants since November 7, 2019.

### III. ANTICIPATED MOTIONS

**Renewed Motions to Compel Arbitration.** BFG, CDI, and the Aristocrat Defendants intend to renew their motions to compel arbitration, except as to Plaintiff Kater's claims against CDI. Defendants propose that the deadline to file the renewed motions to compel arbitration be set for 30 days after the Ninth Circuit issues its decision in *Playtika*.

**Renewed Motion to Dismiss for Lack of Personal Jurisdiction.** CDI and the Aristocrat Defendants intend to renew their motion to dismiss for lack of personal jurisdiction. CDI and the Aristocrat Defendants propose that the deadline to file the renewed motion to dismiss for lack of personal jurisdiction be set for 30 days after the Ninth Circuit issues its decision in *Playtika*.

**Other.** CDI intends to file an early motion for summary judgment on Plaintiff Kater's claims, and reserves its right to file a motion for judgment on the pleadings, as described in the parties' previously submitted Joint Status Report. *Kater* Dkt. 78. In addition, if the Court grants Defendants' renewed motions to compel arbitration, CDI intends to seek a stay of Plaintiff Kater's claims against CDI pending resolution of the arbitration proceedings.

If the Court denies Defendants' motions to compel arbitration and/or motion to dismiss for lack of personal jurisdiction, Defendants intend to file early motions for summary judgment, and reserve their right to file motions for judgment on the pleadings, as described in the parties' previously submitted Joint Status Report. *Thimmegowda* Dkt. 45.

| | |
|---|---|
| DATED:   February 27, 2020 | Respectfully submitted, |

/s/ Mark Parris
/s/ Paul Rugani
Mark Parris (Bar No. 13870)
mparris@orrick.com
Paul F. Rugani (Bar No. 38664)
prugani@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104
Telephone: (206) 839-4320
*Attorneys for Defendants Aristocrat Technologies, Inc., Aristocrat Leisure Limited, Big Fish Games, Inc. and Churchill Downs Inc.*

/s/ Emily Johnson Henn
/s/ Lindsey Barnhart
Emily Johnson Henn (*pro hac vice*)
ehenn@cov.com
Lindsey Barnhart (*pro hac vice*)
lbarnhart@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Telephone: (650) 632-4700

/s/ Gary Rubman
Gary Rubman (*pro hac vice*)
grubman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-6000

/s/ Ashley M. Simonsen
Ashley M. Simonsen (*pro hac vice*)
asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4782

/s/ Matthew Q. Verdin
/s/ David Watnick
Matthew Q. Verdin (*pro hac vice*)
mverdin@cov.com
David Watnick (*pro hac vice*)
dwatnick@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
Telephone: (415) 591-7065

*Attorneys for Defendants Aristocrat Technologies, Inc., Aristocrat Leisure Limited, and Big Fish Games, Inc.*