The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation. <br><br> *Defendants*. | No. 15-cv-00612-RBL <br><br> **MOTION FOR ENTRY OF MODEL PROTECTIVE ORDER AND MODEL AGREEMENT RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** <br><br> **Noting Date: April 3, 2020** |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, <br><br> *Defendants*. | No. 19-cv-00199-RBL <br><br> **MOTION FOR ENTRY OF MODEL PROTECTIVE ORDER AND MODEL AGREEMENT RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** <br><br> **Noting Date: April 3, 2020** |

Mot. for Entry of Model Protective
Order and Model ESI Protocol

Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

## INTRODUCTION

Pursuant to Local Civil Rule 7(d)(2), Plaintiffs Cheryl Kater, Suzie Kelly, and Manasa Thimmegowda respectfully move the Court to enter: (i) the Western District of Washington's Model Protective Order ("Model Protective Order) (attached hereto as Exhibit 1), and (ii) the Western District of Washington's Model Agreement re: Discovery of Electronically Stored Information ("Model ESI Protocol") (attached hereto as Exhibit 2).[1]

As a threshold point, Plaintiffs wish to apologize to the Court for having to bring such a motion and for whatever part they played in the Parties' inability to reach agreement on things like the language of protective orders and ESI protocols. Protective orders and ESI protocols are obviously the sorts of things that lawyers should be able to agree on, and it's noteworthy that Plaintiffs' counsel has managed to reach such agreements with defense counsel in many of the Related Cases. *See, e.g.*, *Fife v. Scientific Games Corp.*, No. 18-cv-0565-RBL, Dkt. 43 (Stipulated Protective Order); *Wilson v. High 5 Games LLC*, No. 18-cv-05275-RBL, Dkt. 51 (Stipulated Protective Order), Dkt. 62 (Supplemental Stipulated Protective Order), Dkt. 107 (Stipulated Model Agreement Regarding Discovery of Electronically Stored Information); *Wilson v. Playtika Ltd. et al.*, No 18-cv-05277-RBL, Dkt. 58 (Stipulated Protective Order). In fact, for what it's worth and not to cast aspersions on defense counsel, but the undersigned Plaintiffs' counsel have never before—in any case, in any court—been forced to file a contested motion seeking entry of either type of order. Unfortunately, it seems there is a first time for everything, as Plaintiffs' counsel have been forced to do so here.

Because the Parties are at an impasse, because Defendants are taking the position that they cannot produce documents absent the entry of a protective order and ESI protocol, and—

---

[1] "Redline" versions of these orders are attached hereto as Exhibits 3 and 4, respectively. As these redlines reflect, case captions and case identifiers have been added, all optional provisions have been deleted except for a provision regarding the GDPR, "alternative 1" has been selected for Section E of the Model ESI Protocol because that is what the defendant in the *High 5* case selected, and Defendants' proposed definition for "Confidential" has been incorporated in the Model Protective Order.

Mot. for Entry of Model Protective
Order and Model ESI Protocol

Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992

above all else—because time is now of the essence, Plaintiffs respectfully submit that the instant motion should be granted.

## ARGUMENT

Plaintiffs' counsel have litigated this dispute, for nearly five years, against a variety of lawyers employed first by Churchill Downs and later by Big Fish Games and Aristocrat. In late 2018, Plaintiffs' counsel initiated negotiations over the entry of a protective order and ESI protocol with the lawyers from Susman Godfrey who, at the time, represented Churchill Downs (then the only defendant). Those negotiations continued throughout 2019, as the *Thimmegowda* case was filed, new defendants were brought in, Susman Godfrey was replaced by Orrick (for CDI), and Covington & Burling appeared for Big Fish and Aristocrat. The negotiations were often contentious, and while progress was made at various points throughout the year, the Parties were never ultimately able to reach a complete agreement on a set of stipulated orders.

At the March 4, 2020 Joint Status Conference, Plaintiffs' counsel raised the Parties' struggles with the Court and proposed that—to forestall any further delay—the Parties should enter the District's model orders and then re-enter negotiations, if necessary. *See* Mar. 4, 2020 Hr'g Tr. at 8:10-14 ("Our proposal would just be to enter the model orders. If subsequently the parties can reach an agreement on some customized tailored modifications, that's terrific. If not, we've got the baseline orders entered."). But Defendants' counsel ultimately rejected that proposal, specifically emphasizing a need to address "a lot of data privacy requirements now from Europe and the United States, California." *Id.* at 14:23-24.

Consequently, on March 13, 2020, with Defendants' stated concerns in mind, Plaintiffs' counsel offered a compromise, based on the District's model orders: (i) Plaintiffs would consent to "standard GDPR and/or CCPA compliance provisions Defendants would like to add to the model orders," (ii) the model protective order would be tailored to include "Defendants' prior preferred definition of "'Confidential'," (iii) the ESI Protocol would be tailored to "Defendants [] choice of two alternate provisions" related to the privilege log, and (iv) after the modified model orders were entered, if Defendants wanted any more custom tailoring, Plaintiffs' counsel would

Mot. for Entry of Model Protective
Order and Model ESI Protocol

Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

1  "make [themselves] available to meet and confer in good faith to reach agreed modifications."
2  Logan Decl. ¶ 3 & Exhibit 1.

3      Defendants' response, which came twelve (12) days later, basically ignored each of
4  Plaintiffs' compromise proposals. *See id.* ¶ 4 & Exhibit 2. Instead, Defendants just insisted on
5  extremely customized versions of each order, reflecting their preferred terminology that is in
6  large part based on various stages of the parties' ultimately-failed negotiations throughout 2019.
7  *See id.* Given the history of these negotiations and the need to get orders on file immediately, it is
8  hard to view Defendants' twelve-days-later response as anything other than a deadlock. Indeed,
9  by way of example, Defendants' proposed protective order is *nine (9) pages longer* than
10 Plaintiffs' proposal. Given that document production must begin immediately in advance of
11 imminent motion practice, there is just no way for the Parties' to bridge this large of a gulf in the
12 limited time they have left before production deadlines are upon them.

13     Considering the gulf between the Parties' positions, Plaintiffs respectfully submit that
14 their proposal—simply adopting the District's model orders—is the only sensible path forward.
15 These model orders were vetted, updated, and approved by the Judges in this district as of
16 January 1, 2020. There can consequently be no question that these orders are fair, reasonable,
17 and adequate. *See Minnis v. Washington*, No. C11-5600 BHS, 2013 WL 3189051, at *2 (W.D.
18 Wash. June 20, 2013) ("The model order was drafted and approved by the judges of this district
19 based on their collective experience managing numerous cases with confidential material.").

20     In Plaintiffs' counsel's opinion, these endless disputes over what should be routine
21 stipulations seem part of a concerted effort by Defendants to sidestep and ultimately forestall
22 their discovery obligations. *See, e.g., id.* ¶ 5 & Exhibit 3 (February 4, 2019 Objections to
23 Plaintiff's 1st RFPs to CDI) ("CDI will produce documents responsive to these requests, if
24 any . . . subject to a Protective Order which is being negotiated."); *id.* ¶ 6 & Exhibit 4 (July 15,
25 2019 Objections to Plaintiff's 1st RFPs to ALL) ("[Aristocrat] . . . will produce documents
26 responsive to these requests, if any . . . after entry of the Stipulated Protective Order in this
27 action, which is currently being negotiated."); *id.* ¶ 7 & Exhibit 5 (September 13, 2019 Email)

Mot. for Entry of Model Protective
Order and Model ESI Protocol

Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

("CDI will begin production of documents . . . to the extent it is able to do so in the absence of an agreed upon protective order."); *id.* ¶ 8 & Exhibit 6 (September 18, 2019 Email) ("CDI will substantially complete production of responsive, non-privileged documents, if any, located in CDI central files by October 18, subject to entry of a protective order and an ESI protocol sufficiently in advance of that date.").

To this day, nearly five years into the case, Defendants have still not produced a single non-public document. At the very least, Defendants should not be permitted to continue to use the lack of a stipulated ESI protocol or protective order as an excuse to continue flouting their discovery obligations.

## CONCLUSION

Plaintiffs' motion should be granted. The Model Protective Order and Model ESI Protocol, attached hereto as Exhibits 1 and 2, should be entered.

Dated this 26th day of March, 2020.

**CHERYL KATER**, **SUZIE KELLY, and MANASA THIMMEGOWDA,**
individually and on behalf of all others similarly situated,

By: */s/* Todd Logan

EDELSON PC
Rafey Balabanian*
rbalabanian@edelson.com
Todd Logan*
tlogan@edelson.com
Brandt Silver-Korn*
bsilverkorn@edelson.com
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300 | Fax: 415.373.9435

MOT. FOR ENTRY OF MODEL PROTECTIVE
ORDER AND MODEL ESI PROTOCOL

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

|   |   |
|---|---|
| 1 | By: */s/* Cecily C. Shiel |
| 2 | TOUSLEY BRAIN STEPHENS PLLC |
| 3 | Cecily C. Shiel, WSBA #50061 |
|   | cshiel@tousley.com |
| 4 | 1700 Seventh Avenue, Suite 2200 |
|   | Seattle, Washington 98101-4416 |
| 5 | Tel: 206.682.5600 | Fax: 206.682.2992 |
| 6 |   |
| 7 | *Admitted *pro hac vice* |
| 8 | *Attorneys for Plaintiffs and the Proposed Class* |

MOT. FOR ENTRY OF MODEL PROTECTIVE
ORDER AND MODEL ESI PROTOCOL