The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation.<br><br>*Defendants*. | No. 15-cv-0612-RBL<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF MODEL PROTECTIVE ORDER AND MODEL AGREEMENT RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>**Noting Date: April 3, 2020** |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>*Defendants*. | No. 19-cv-0199-RBL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF MODEL PROTECTIVE ORDER AND MODEL AGREEMENT RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>**Noting Date: April 3, 2020** |

REPLY ISO MODEL PROTECTIVE
ORDER AND MODEL ESI PROTOCOL

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

## TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................................................. 1

**ARGUMENT** ..................................................................................................................................... 2

    **I.**    **The Court Should Enter The District's Model Orders.** ............................................... 2

    **II.**   **The Court Should Not Enter Defendants' Cherry-Picked Orders.** ............................ 4

   **III.**   **Defendants' Brief Is Littered With Half-Truths And False Allegations.** .................. 6

**CONCLUSION** .................................................................................................................................. 6

REPLY ISO MOT. FOR MODEL PROTECTIVE
ORDER AND MODEL ESI PROTOCOL- ii

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

# TABLE OF AUTHORITIES

**United States District Court Cases**

*Corley v. Google, Inc.*,
  No. 16-cv-00473, 2016 WL 3421402 (N.D. Cal. June 22, 2016) .................................. 2, 4

*Fish, LLC v. Harbor Marine Maint. & Supply, Inc.*,
  No. 17-cv-0245-JCC, 2018 WL 1121332 (W.D. Wash. Mar. 1, 2018) ............................. 2

*Minnis v. Washington*,
  No. 11-cv-5600-BHS, 2013 WL 3189051 (W.D. Wash. June 20, 2013) ....................... 3, 4

*Wilson v. PTT, LLC*,
  No. 18-cv-05275-RBL (W.D. Wash. Mar. 03, 2020) ......................................................... 3

REPLY ISO MOT. FOR MODEL PROTECTIVE ORDER AND MODEL ESI PROTOCOL- iii

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

**INTRODUCTION**

After sixteen months of tense negotiations, the Parties still—regrettably—cannot agree on a Protective Order and ESI Protocol. Plaintiffs consequently proposed a neutral and practical path forward: the Court should enter this District's Model Orders, removing Defendants' final claimed firewall to document production, and the Parties should thereafter continue their negotiations on mutually agreed upon customized orders. Dkt. 192/143 ("Motion").

The main thrust of Defendants' responsive brief is to call Plaintiffs' Motion "vexatious," to falsely accuse Plaintiffs' counsel of all sorts of bad acts, and to ask for sanctions. *See* Dkt. 196/147 ("Opposition") at 1. The filing reads more like a manifesto of Defendants' counsel's purported grievances than an opposition to the relief Plaintiffs seek. Unfortunately, this approach appears to be Defendants' counsel's modus operandi when they have to deliver bad news to their clients. *See* Dkt. 164/115 (Defendants' Rule 23(d) Motion) (accusing Plaintiffs' counsel of misrepresentations and ethical breaches). And it's just as unproductive and untruthful now as it was the last time around. *See* Dkt. 185/136 (summarily denying Defendants' Rule 23(d) Motion).

As almost an afterthought, Defendants propose that the Court enter their preferred, extremely customized Protective Order and ESI Protocol. Opposition at 9–12. Defendants contend that those versions contain provisions the parties have agreed to at various points since December 2018. That's about half true; while Plaintiffs have at various points provisionally agreed to certain provisions, at all times—as with all complex negotiations—individual concessions were always dependent on reaching a final, complete, docketed agreement. Moreover, what Defendants fail to disclose in the Opposition is that their preferred orders contain a variety of provisions that represent drastic departures from this District's Model Orders (and those of the Northern District of California), and would substantially prejudice Plaintiffs.

It's long past time for a Protective Order and ESI Protocol to be entered in this case, and there's no reason to allow either party to cherry-pick preferred terms. Consequently, the Court should grant Plaintiffs' Motion, enter the District's Model Orders, and encourage the Parties to continue meet and confer efforts aimed at reaching any further agreements.

REPLY ISO MOT. FOR MODEL PROTECTIVE
ORDER AND MODEL ESI PROTOCOL- 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992

# ARGUMENT

## I. The Court Should Enter The District's Model Orders.

There is an obvious, neutral, and fair solution to any motion—including this one—over Protective Orders or ESI Protocols. The Court should enter the District's Model Orders. *See, e.g.*, *Corley v. Google, Inc.,* No. 16-cv-00473, 2016 WL 3421402, at *2 (N.D. Cal. June 22, 2016) (entering model order, observing that "[Defendant] moves the court to issue the protective order developed by the parties in the course of their negotiations, but the parties reached neither a final agreement to adopt that protective order nor any binding subsidiary agreement to adopt a subset of its terms . . . . Defendant has failed to show it will suffer any specific harm or prejudice if the court, instead, issues the model order."); *Fish, LLC v. Harbor Marine Maint. & Supply, Inc.*, No. 17-cv-0245-JCC, 2018 WL 1121332, at *3 (W.D. Wash. Mar. 1, 2018) ("[T]he parties are DIRECTED to prepare a stipulated protective order for the Court's entry, using the Court's model order."). Doing so will remove Defendants' last claimed impediment to producing documents[1] and will incentivize the Parties to continue negotiating, as the Model Orders obviously aren't perfect for either side.

Defendants' Opposition fails to even argue that this District's Model Protective Order and ESI Protocol are insufficient for this case. *See* Opposition at 5-9 (arguing only that Plaintiffs' Motion was "filed in violation of the Local Rules"[2] and that it "failed to show good cause"). There's a simple explanation for Defendants' failure: the District's Model Orders were "drafted

---

[1] To be clear, Plaintiffs have repeatedly expressed to Defendants that pending the entry of a stipulated protective order, they will treat any documents designated as "confidential" pursuant to the terms of this District's Model Protective Order.

[2] Plaintiff's counsel concedes that the Motion did not contain a formal "certification" that the parties have previously conferred on these subjects. That was an oversight, for which counsel apologizes, borne out of the haste with which the Motion was filed given Defendants' impending production deadlines, continuing refusal to produce documents, and twelve-day delay in responding to Plaintiffs' most recent compromise proposal. *See* Motion at 3. In any event, the Parties have met and conferred extensively in an effort to reach an agreement on an ESI protocol and Protective Order. The first telephonic meet and confer occurred on February 26, 2019, and was between Todd Logan (for Plaintiff Kater) and Steven Seigel of the Susman Godfrey Firm (for CDI). To be clear, contrary to Defendants' counsel's representations and sworn testimony, *see* Opposition at 2 n.1 and Barnhart Decl., Dkt 197 at ¶ 2, counsel from Covington *did not participate in that meet-and-confer* or any of the other prior written negotiations.

REPLY ISO MOT. FOR MODEL PROTECTIVE ORDER AND MODEL ESI PROTOCOL- 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

and approved by the judges of this district based on their collective experience managing numerous cases with confidential material," and consequently are sufficient to protect the confidentiality interests of all parties in these cases. *Minnis v. Washington*, No. 11-cv-5600-BHS, 2013 WL 3189051, at *2 (W.D. Wash. June 20, 2013) ("Defendants do not address why they allegedly refused to enter into the Court's model protective order or why they proposed a different protective order."); *see also Wilson v. PTT, LLC*, No. 18-cv-05275-RBL, Dkt. 107 (W.D. Wash. Mar. 03, 2020) (entering the District's Model ESI Protocol).

Defendants do briefly highlight three reasons why they prefer their own customized Protective Order. *See* Opposition at 10-12. None are near compelling enough to jettison the District's Model Orders in favor of Defendants preferred orders.

*First*, Defendants argue that their preferred draft contains a provision for additional protection of "Highly Confidential" material. *See* Opposition at 10. But this District's Model Protective Order is more than sufficient for protecting confidential material. *See Minnis*, 2013 WL 3189051, at *2 (W.D. Wash. June 20, 2013). And while Plaintiffs have no objection to negotiating additional protections for things like source code reviews, many of the provisions Defendants seek represent drastic, one-sided deviations from the Northern District of California Model Order that Defendants claim to have based their proposal on. Again, in these circumstances, there's no reason for Defendants to be allowed to cherry-pick terms.

*Second*, Churchill Downs would apparently like to share Plaintiffs' confidential information with non-appearing counsel. *See* Opposition at 10–11. But there's good reason for the decision by both the Western District of Washington and the Northern District of California, in their Model Protective Orders, to permit disclosure of "Confidential" information only to "counsel of record" (*i.e.*, *appearing* outside counsel). The reason is that counsel of record are subject to the Court's jurisdiction and consequently must obey the Court's orders regarding, for example, treatment of sensitive discovery. And in a case like this—where discovery is likely to be hotly contested over mental health issues like addiction—Plaintiffs do not consent to CDI's desire to share confidential information with unknown, non-appearing counsel. And while CDI

REPLY ISO MOT. FOR MODEL PROTECTIVE
ORDER AND MODEL ESI PROTOCOL- 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

claims the Model Order would "preclude CDI from effectively consulting with or seeking legal advice from the dedicated outside counsel," *see* Opposition at 11, all CDI needs to do before sharing confidential information is have its lawyers appear in these cases. That's not a big ask.

*Third*, Defendants would like Plaintiffs to be forced to reveal the identity of their experts before providing those experts with any information that Defendants unilaterally designate as "Confidential" or "Highly Confidential." *See* Opposition at 11–12. But this District's Model Order, including the "Exhibit A" experts must sign before receiving confidential information, more than adequately protects Defendants' confidentiality interests. Again, there's good reason that neither the Western District of Washington nor the Northern District of California require parties to preemptively identify experts to whom "Confidential" information is provided. In brief, given the propensity of litigants in high-stakes cases to over-designate documents, the provision Defendants ask for would have the practical effect of requiring Plaintiffs to pre-clear their (even non-testifying) experts with Defendants. There's no basis for that ask. *See, e.g.*, *Corley*, 2016 WL 3421402, at *3 (N.D. Cal. June 22, 2016) ("[T]he protective order should permit the parties to withhold the identities of non-testifying experts who do not review source code and who are not officers, directors, or employees of a competitor of a party or expected to become one.").

At bottom, Defendants have neither explained why they "refused to enter into the Court's model protective order," *Minnis*, 2013 WL 3189051, at *2, nor demonstrated that they "will suffer any specific harm or prejudice if the court . . . issues the model order," *Corley*, 2016 WL 3421402, at *2. The Court should grant the Motion and enter this District's Model orders.

## II.     The Court Should Not Enter Defendants' Cherry-Picked Orders.

As a threshold issue, Defendants' request that the Court enter their extremely-customized Orders suffers from the same deficiency that the Opposition harps on: a failure to rigidly adhere to the Local Rules. *See* Opposition at 1, 5, 6, 8, 12 (arguing that the Motion should be denied for failure to include a LCR 26(c)(1) certification). Specifically, the Opposition violates LCR 26(c)(2), which requires that "Parties that wish to depart from the model order must provide the

REPLY ISO MOT. FOR MODEL PROTECTIVE
ORDER AND MODEL ESI PROTOCOL- 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

court with a redlined version identifying departures from the model." Because the Opposition includes no such redlines, Plaintiffs could ask the Court to summarily deny Defendants' request.

But Plaintiffs do not share Defendants' belief that important issues at critical times of high-stakes litigation should be decided on petty grounds. Instead, Plaintiffs ask the Court to consider the merits of the Parties' proposals. And as revealed by the redlines of Defendants' proposed Protective Order and ESI protocol—which Defendants hid from the Court—those proposals contain a variety of provisions which Plaintiffs do not agree to, which represent drastic departures from this District's Model Orders, and which would substantially prejudice Plaintiffs. *See* Declaration of Todd Logan ("Logan Decl.") ¶¶ 3–4; Logan Decl. Ex. 1 (Redline of Defs' Proposed Protective Order); Logan Decl. Ex. 2 (Redline of Defs' Proposed ESI Protocol).

Though the sheer volume of red in the "redlines" of Defendants' proposals is instructive, Plaintiffs will here identify a couple illustrative problems with Defendants' proposed deviations from this District's Model Orders. For example, Defendants insist on categorizing Aristocrat's Executive Vice President, Ms. Sarah Leung, as "House Counsel," and then exempting Ms. Leung *and her support staff* from routine privilege log requirements. *See* Logan Decl. Ex. 1 at ECF-4 (§ 2.9); Ex. 2 at ECF-8 (§ E(1)). The problem with that request is that Ms. Leung has served in a business capacity at Big Fish Games since 2009, when she was promoted from "Senior Corporate Counsel" to "Director," and has since ascended to business titles including "Senior Director," "Vice President," and now "Senior Vice President" (one of five SVPs at Big Fish). *See* https://www.linkedin.com/in/sarah-leung-a4a3b71. Many of Ms. Leung's emails are likely to reflect business decisions instead of legal advice, and consequently should enjoy neither categorical privilege protections nor an exemption from privilege log requirements.

Another problematic customization proposed by Defendants is the deletion of Section C(2)(b) from the District's Model ESI Protocol. *See* Logan Decl. Ex. 2 at ECF-5. Under the Model Protocol, after production of documents responsive to a RFP is substantially complete, the responding party may review the production and request up to 10 additional search terms of queries. *Id.* That's crucial to an efficient discovery process because it fosters the production of

REPLY ISO MOT. FOR MODEL PROTECTIVE
ORDER AND MODEL ESI PROTOCOL- 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

responsive documents where—as is common—the initial set of search terms uses inexact company jargon. For example, in these and other related cases, different defendants use different jargon to describe big-spenders in internal communications: some say "Whales," others say "VIPs" or "Royals" or "highly engaged users," and—Plaintiffs presume—others may simply say "addicts." But when an an initial set of search terms for an RFP requesting emails describing big-spenders doesn't use exactly the right jargon (*e.g.*, "VIP" instead of "Whale"), and consequently turns up few or no results, the right result isn't that the RFP is a dead-end. The right result is that the requesting party should get one opportunity to tweak the terms in an effort to establish whether responsive documents really do exist. That's why Section C(2)(b) is included in the District's Model ESI Protocol, and there's no basis for Defendants to jettison it in these cases.

### III. Defendants' Brief Is Littered With Half-Truths And False Allegations.

Due to page constraints, Plaintiffs cannot here correct every half-truth and false allegation in the Opposition. But here are just an illustrative handful:

- The Parties to this litigation **did not** reach a complete agreement on a Protective Order in April 2019. Among other issues, the only parties to that draft document were Cheryl Kater and Churchill Downs. *See* Logan Decl. ¶¶ 5–6 and Exhibit 3 (April 19, 2019 Draft Order).

- Thimmegowda **did not** issue 79 unique jurisdictional RFPs. She issued approximately two dozen each to (1) CDI and (2) the Aristocrat defendants (identically). And when Defendants raised an objection after the most recent telephonic hearing, Thimmegowda agreed to narrow her requests to one dozen (12) each to CDI and Aristocrat. *See* Logan Decl. ¶ 7.

- Plaintiffs' counsel have had no improper communications with any BFG ex-employees. Regarding the person referenced in the Opposition, Plaintiffs' counsel have been in contact with that individual's attorney, Greg Devlin of Winston & Cashatt, since February 25, 2020. *See* Logan Decl. ¶ 8.

- Discovery **is not** completely stayed. The Parties' stipulated discovery stay—the only stay now in effect—does not extend to third-party discovery. *See* Dkt. 117/62 at 3.

- Kater has repeatedly provided the basis for a forthcoming motion to compel: despite being ordered to respond to Kater's pre-amendment discovery, and despite legally possessing those documents, CDI continues to flout its discovery obligations. *See* Logan Decl. ¶ 9.

### CONCLUSION

Plaintiffs' Motion should be granted. The Model Protective Order and Model ESI Protocol, attached to the Motion as Exhibits 1 and 2, should be entered.

REPLY ISO MOT. FOR MODEL PROTECTIVE
ORDER AND MODEL ESI PROTOCOL- 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992

| | |
|---|---|
| Dated: April 3, 2020 | Respectfully submitted,<br><br>**CHERYL KATER**, **SUZIE KELLY, and MANASA THIMMEGOWDA,**<br>individually and on behalf of all others similarly situated,<br><br>By: */s/* Todd Logan<br><br>EDELSON PC<br>Rafey Balabanian*<br>rbalabanian@edelson.com<br>Todd Logan*<br>tlogan@edelson.com<br>Brandt Silver-Korn*<br>bsilverkorn@edelson.com<br>123 Townsend Street, Suite 100<br>San Francisco, California 94107<br>Tel: 415.212.9300 \| Fax: 415.373.9435<br><br>By: */s/* Cecily C. Shiel<br><br>TOUSLEY BRAIN STEPHENS PLLC<br>Cecily C. Shiel, WSBA #50061<br>cshiel@tousley.com<br>1700 Seventh Avenue, Suite 2200<br>Seattle, Washington 98101-4416<br>Tel: 206.682.5600 \| Fax: 206.682.2992<br><br>*Admitted *pro hac vice*<br><br>*Attorneys for Plaintiffs and the Proposed Class* |

REPLY ISO MOT. FOR MODEL PROTECTIVE ORDER AND MODEL ESI PROTOCOL- 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992