The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated, | No. 2:15-cv-00612-RBL |
| Plaintiffs, | **DECLARATION OF TODD LOGAN** |
| v. | |
| CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation. | |
| Defendants. | |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated, | No. 2:19-cv-00199-RBL |
| Plaintiff, | **DECLARATION OF TODD LOGAN** |
| v. | |
| BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, | |
| Defendants. | |

DECLARATION OF TODD LOGAN
CASE NOS. 15-CV-00612; 19-CV-00199-RBL-i

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

Pursuant to 28 U.S.C. § 1746, I declare and state as follows:

1. I am an attorney at Edelson PC, which has been retained to represent Plaintiffs in the above-captioned matters. I am entering this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement.

2. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

3. I understand that in October 2019, a pop-up was displayed in Big Fish Casino that presented users with a clickable button containing the following text: "I AGREE TO THE TERMS OF USE". To my knowledge, the pop-up hyperlinked to Big Fish Games, Inc.'s ("Big Fish") terms of use that included, *inter alia*, (i) a "mandatory arbitration" provision, and (ii) and a "statute of limitations" provision that read, in part: "any claim or cause of action arising out of or related to these Terms of Use or a Big Fish Offering must be filed within (ONE) (1) year after such claim arose; and is thereafter forever barred."

4. I understand that in December 2019, February 2020, and April 2020, another pop-up was displayed to users in Big Fish Casino that contained text approved by the Court at Dkt. 145 (15-cv-00612-RBL). To my knowledge, these pop-ups hyperlinked to Big Fish's terms of use which at those times included the provisions referenced in Paragraph 3.

5. In January 2020, my law firm established the website referenced at Dkt. 159 (15-cv-00612-RBL) (the "Website"). An individual could use the Website to fill out an electronic form, and with a single click, cause a postcard to be sent to Big Fish's legal department, conveying, *inter alia*, that the individual did not agree to resolve disputes with Big Fish by arbitration ("Opt-Out Postcard").

6. Within days of the Website's launch, scores of individuals had used the Website to cause an Opt-Out Postcard to be sent to Big Fish.

7. By July 23, 2020, more than three thousand individuals had used the Website to cause an Opt-Out Postcard to be sent to Big Fish.

DECLARATION OF TODD LOGAN
CASE NOS. 15-CV-00612; 19-CV-00199-RBL-1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

8.	Edelson PC attorneys, including myself and other proposed Class Counsel, have continued to represent the interests of the putative class members in matters that have arisen before the Washington State Gambling Commission ("WSGC"), including a declaratory order proceeding initiated by The Stars Group and in responding to live testimony presented by DoubleDown Interactive, LLC.

9.	Public records indicate that the International Social Gaming Association ("ISGA") has hired lobbyists Brent Ludeman, Scott Hazlegrove, and Lisa Thatcher to lobby for changes to Washington gambling law.

10.	I understand that in February 2019, the ISGA provided Washington legislators with draft legislation that, *inter alia*, proposed to change the definition of "thing of value" under RCW 9.46.0285.

11.	In 2019 and 2020, certain proposed Class Counsel met with Washington legislators in Olympia, Washington, offered written and in-person testimony before the House Civil Rights & Judiciary Committee, sent correspondence to Senator Mark Mullet, spoke with press about the ISGA's efforts to change Washington gambling law, and helped more than 100 self-identified Big Fish users across the country submit letters, via email, to Washington State Representatives.

12.	In April 2020, the Parties agreed to schedule a mediation session on May 22, 2020 with Judge Layn Phillips (ret.) of Phillips ADR.

13.	For several weeks prior to the mediation, the Parties were in near-daily communication with the Phillips ADR team and each other. During these weeks, Defendants provided Plaintiffs with several sets of detailed transactional data, the Parties exchanged more than fifty (50) pages of briefing on the core facts, legal issues, litigation risks, and potential settlement structures, and the Parties supplemented that briefing with written and telephonic correspondence, mediated by the Phillips ADR team.

DECLARATION OF TODD LOGAN
CASE NOS. 15-CV-00612; 19-CV-00199-RBL-2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

14. On May 22, 2020, the Parties participated in a video-mediation that lasted more than twelve (12) hours. Following several rounds of arms-length negotiations facilitated by Judge Phillips, the Parties agreed to a settlement in principle, which was memorialized in the form of a binding term sheet.

15. In my professional judgment, when the Parties agreed to this settlement, the Parties were fully informed on all pertinent issues and capable of assessing the benefits of the settlement.

16. In the two months following the mediation, the Parties exchanged several rounds of a working settlement document and supporting exhibits, met and conferred telephonically numerous times with each other to discuss the remaining disputed provisions, and together met and conferred with Apple Inc., Google LLC, and Facebook, Inc. to help design the notice plan.

17. There are millions of persons in the United States who have played Big Fish Casino, Jackpot Magic Slots, or Epic Diamond Slots (the "Games").

18. Plaintiffs have long demonstrated their willingness to vigorously prosecute this case, including by providing their counsel with relevant documents and testimony, by submitting comment and materials to the WSGC and Washington Legislature, and more broadly raising public awareness about these cases.

19. Proposed Class Counsel have no conflicts of interest. Proposed Class Counsel have no financial stake in any of the Defendants nor any connections to particular class members that might cause it to privilege certain members over others.

20. Clients represented by Edelson PC first raised the underlying legal theory in these cases more than five years ago. To my knowledge, no other law firm in the country has ever pursued similar claims as those raised in these cases.

21. Over the years, Edelson PC attorneys have represented the interests of the proposed class not just in the specific bounds of these case dockets, but also in proceedings before the WSGC and before the Washington Legislature.

DECLARATION OF TODD LOGAN
CASE NOS. 15-CV-00612; 19-CV-00199-RBL-3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

22. Proposed Class Counsel are well-qualified and experienced members of the plaintiffs' bar who together have extensive experience in class actions of similar size, scope, and complexity to these cases, have frequently been appointed lead class counsel by courts throughout the country, and have the resources necessary to conduct litigation of this nature.

23. In my professional judgment, the most significant risk facing the settlement class's recovery is a retroactive change in Washington gambling law.

24. In my professional judgment, if Plaintiffs tried these cases to verdict, there would be subsequent appeals that would likely take years to resolve. In my professional judgment, the expense and burden associated with litigating these cases through both trial and appeals militate in favor of granting preliminary approval.

25. Based on the current Plan of Allocation, many settlement class members stand to receive five-and-six figure recoveries. Based on my conversations with proposed class members, I understand that such recoveries would enable credit card debts, home equity lines of credit, and other debts accumulated by playing the Games to be paid off.

26. The Parties only agreed to mediate after more than five years of contentious litigation. While the Parties did not conduct a substantial volume of formal discovery prior to mediation, proposed Class Counsel independently undertook substantial informal discovery efforts during the course of these cases. These informal discovery efforts included, *inter alia*, frequent communications with members of the proposed class, collection of large numbers of documents possessed by proposed class membe *e.g.*rs (, emails, text messages, and in-game chat exchanges), and information communications and/or attempts with certain of Big Fish's former employees.

27. In my professional judgment, the proposed settlement is fair, reasonable, and adequate, and in the best interests of the class.

28. I estimate that more than 2,800,000 Friend Codes associated with settlement class members will receive direct notice.

DECLARATION OF TODD LOGAN
CASE NOS. 15-CV-00612; 19-CV-00199-RBL-4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

29.    Attached hereto as Exhibit 1 is a true and accurate copy of the Class Action Settlement Agreement, entitled "Class Action Settlement Agreement."

30.    Attached hereto as Exhibit 2 is a true and accurate copy of Edelson PC's Firm resume, entitled "Edelson PC Firm resume."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2020 at San Francisco, California.

/s/ Todd Logan

DECLARATION OF TODD LOGAN
CASE NOS. 15-CV-00612; 19-CV-00199-RBL-5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992