HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation,<br><br>     Defendants. | CASE NO. C15-0612-RBL<br><br>ORDER ON PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>DKT. # 217 |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>     Defendants. | CASE NO. C19-0199-RBL<br><br>ORDER ON PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>DKT. # 171 |

THIS MATTER is before the Court on Plaintiffs' Unopposed Motions for Preliminary Approval of Class Action Settlement. These cases belong to a group of class actions seeking to recover losses incurred on casino-gaming apps, with *Kater v. Churchill Downs Incorporated* being the first such case filed. Now, it appears *Kater*, along with its younger companion *Thimmegowda v. Big Fish Games, Inc.*, is also the first to reach a Settlement Agreement.

Having considered the Motion and supporting papers, the Agreement and the Exhibits attached thereto, the Court issues the following Order:

1. **Settlement Terms.** All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. **Jurisdiction.** The Court has jurisdiction over the Parties, the subject matter of the dispute, and all Settlement Class Members.

3. **Preliminary Class Findings.** The Court preliminarily finds, for the purposes of settlement only, that this action meets all prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, predominance, and superiority, and that the Named Plaintiffs are adequate representatives of the Settlement Class, defined below, and Class Counsel are adequate to represent the Settlement Class, defined below.

4. **Conditional Certification of Settlement Class.** Based on the findings set out in paragraph 3 above, the Court conditionally certifies the following class for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3):

> all persons in the United States who played Big Fish Casino, Jackpot Magic Slots, or Epic Diamond Slots on or before Preliminary Approval of the Settlement.[1]

---

[1] Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) the Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, and employees, (3) persons

*See* Agreement, *Kater* Dkt. # 218-1, § 1.33.

     5.     **Appointment of Class Representatives.** The Court appoints, for settlement purposes only, Cheryl Kater, Suzie Kelly, and Manasa Thimmegowda as Class Representatives.

     6.     **Appointment of Class Counsel.** The Court appoints, for settlement purposes only, Jay Edelson, Rafey S. Balabanian, Todd Logan, Alexander G. Tievsky, and Brandt Silver-Korn of Edelson PC as Class Counsel for the Settlement Class.

     7.     **Conditional Nature of Certification of the Settlement Class.** This conditional certification of the Settlement Class is solely for purposes of effectuating the Settlement. If the Effective Date of the Settlement Agreement does not occur, the foregoing conditional certification of the Settlement Class and appointment of Class Representatives and Class Counsel shall be void and of no further effect, and the Parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument, position, or privilege that any of the Parties might have asserted but for the Settlement Agreement.

     8.     **Preliminary Findings Regarding Proposed Settlement.** Defendants have agreed to establish a $155,000,000.00 Settlement Fund from which Settlement Class Members who file a valid claim will be entitled to recover a cash payment, after deducting administrative expenses, any fee award to Class Counsel, and any incentive payments to the Class Representatives. Agreement, *Kater* Dkt. # 218-1, §§ 1.32, 2.1. No portion of the Settlement Fund will revert to Defendants. *Id.* § 2.1(j). As described in detail in the Plan of Allocation, *id.* at Ex. E, the amount of each Settlement Class Member's payment will vary based on the Settlement Class Member's total losses (those with higher loss amounts are eligible to recover a greater

who properly execute and file a timely request for exclusion from the class, and (4) the legal representatives, successors or assigns of any such excluded persons. *See* Agreement § 1.28.

ORDER - 3

1   percentage of their losses), whether the Settlement Class Member is potentially subject to Big

2   Fish's dispute resolution provision, and overall Settlement Class Member participation levels.

3          As prospective relief, Defendant Big Fish has agreed to: establish a voluntary self-

4   exclusion policy that will allow players to exclude themselves from further gameplay, make

5   available resources related to video game behavior disorders, and change the game mechanics of

6   its apps so players who run out of virtual chips can continue on in the game they are playing

7   without buying chips. *Id*. at § 2.2.  In exchange for the relief described above, Defendants and

8   other entities, including the Platform Providers Facebook, Apple, Google, and Amazon, will be

9   released from all claims raised in these cases relating to the operation of their casino style games

10   and the sale of virtual chips in those games. *Id*. at § 3.

11          The Agreement further provides that incentive awards to the Class representatives shall

12   not exceed $10,000 and attorney fees shall not exceed 30% of the Settlement Fund. Finally,

13   Settlement Administration Expenses, which together with any anticipated Fee Award and

14   Incentive Award, shall be no more than 30% of the Settlement Fund.

15          The Court preliminarily finds that the proposed Settlement should be approved as:

16   (a) fair, reasonable, and adequate; (b) the product of serious, informed, arm's-length, and non-

17   collusive negotiations; (c) having no obvious deficiencies; (d) not improperly granting

18   preferential treatment to Class Representatives or segments of the Settlement Class; (e) falling

19   within the range of possible approval; and (f) warranting notice to Settlement Class Members of

20   a Final Approval Hearing, at which evidence may be presented in support of and in opposition to

21   the proposed Settlement.

22          9.    **Injunction and Stay.** Pending the final determination of the fairness,

23   reasonableness, and adequacy of the proposed Settlement, all Settlement Class Members are

24

1    PRELIMINARILY ENJOINED from instituting or commencing any action against Defendants

2    based on the Released Claims, and all proceedings in this action, except those related to approval

3    of the Settlement, are STAYED.

4          10.     **Class Notice.** This Court approves the notice plan set forth in the Agreement, *see*

5    *Kater* Dkt. # 218-1, §§ 4.1, 4.2, and the form and content of the notice to class members as set

6    forth in Exhibits B-D attached to the Agreement. The Court approves the procedure for

7    Settlement Class Members to opt out of, or object to, the Settlement as set forth in the Settlement

8    Agreement Notice. *Id*. at §§ 4.4, 4.5. The Court appoints Angeion Group as the Settlement

9    Administrator.

10         The Court directs the mailing of the Settlement Class Notice by email and/or

11   First-Class U.S. mail to the Settlement Class Members in accordance with the schedule set forth

12   below. The Court finds the dates selected for the mailing and distribution of the Notice, as set

13   forth below, meet the requirements of due process and provide the best notice practicable under

14   the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

15   The Court approves the following deadlines:

16         A.     **Class List**: Defendant shall provide Settlement Class Member contact

17                information to Class Counsel and the Settlement Administrator no later than **14**

18                **days** after the Execution of the Settlement Agreement;

19         B.     **Website Posting**: The Settlement Administrator shall provide Notice on the

20                settlement website www.bigfishgamessettlement.com no later than **14 days** after

21                entry of this Preliminary Approval Order;

22

23

24

C.      **Notice Date**: The Settlement Administrator shall mail Notice via Email and/or First-Class U.S. Mail No later than **35 days** after entry of this Preliminary Approval Order;

D.      **Reminder Notice**: The Settlement Administrator shall send Reminder Notice via email no later than **61 days** after entry of this Preliminary Approval Order (i.e., 30 days before the Claims Deadline);

E.      **Claims Deadline**: All claims shall be submitted as set forth in the Agreement no later than **91 days** after entry of this Preliminary Approval Order (i.e., 56 days after the Notice Date); and

F.      **Objection/Exclusion Deadline**: All written objections to the Agreement and/or requests for exclusion shall be submitted as set forth in the Agreement no later than **91 days** after entry of this Preliminary Approval Order (i.e., 56 days after the Notice Date).

11.     **Final Approval Hearing.** I will soon be retiring from the federal judiciary and this case will be transferred to a new judge. After transfer, a fairness hearing should be scheduled to determine whether the Agreement warrants final approval. The hearing should determine, among other things:

A.      whether the Settlement Class should be certified, for settlement purposes, as a class action;

B.      whether the Class Representatives and Class Counsel have adequately represented the Settlement Class;

C.      whether the Settlement should be approved as fair, reasonable, and adequate;

D.       whether the Amended Complaint should be dismissed with prejudice pursuant to the terms of the Settlement;

E.       whether the Notice and the means of disseminating same pursuant to the Settlement Agreement: (i) are appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (ii) meet all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

F.       whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved or adjusted;

G.       whether the proposed disbursement of monetary awards is fair and reasonable and should be approved;

H.       whether the planned prospective relief should be approved;

I.        whether the application for Incentive Awards for the Class Representatives should be approved; and

J.        whether there are any timely and proper objections to the Settlement and/or to the application for attorneys' fees and expenses and/or request for Incentive Awards and how any such objections shall be resolved.

**12.      Additional Briefing Deadlines:** The Court refrains from setting deadlines for Settlement Class Counsel's briefing in support of their motion for approval of attorneys' fees and litigation expenses and final approval of Settlement Agreement. These deadlines should be set by the transferee judge in coordination with the Final Approval Hearing.

1    For these reasons, the Court GRANTS Plaintiffs' Unopposed Motions for Preliminary

2 Approval of Class Action Settlement.

3    IT IS SO ORDERED.

4

5    Dated this 31st day of August, 2020.

6

7    _____

8    Ronald B. Leighton
     United States District Judge