The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation.<br><br>*Defendants*. | No. 15-cv-00612-RSL<br><br>**PLAINTIFFS' MOTION TO COMPEL NONPARTY AMAZON.COM, INC. TO PRODUCE DOCUMENTS**<br><br><u>**REQUEST FOR ORAL ARGUMENT**</u><br><br>Noting Date: September 25, 2020 |

Pls' Motion to Compel
Case No. 15-cv-612 - i

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................ 2

ARGUMENT ....................................................................................................................... 3

    I.    Legal Standard ................................................................................................ 3

    II.    Fed. R. Civ. P. 37(a)(1) Certification and Compliance with LCR 37(a)(1) ...... 3

    III.    To Keep This Settlement On Track, The Court Should Compel Amazon To Immediately Produce Documents Responsive To Plaintiffs' Subpoena. .................................................................................................. 4

        1.    The subpoenaed information is relevant, and Class Counsel—in their capacity as court-appointed lawyers for the Class, is entitled to it. .............. 4

        2.    None of Amazon's half-hearted, boilerplate objections pass the smell test. .................................................................................. 5

        3.    To keep this settlement on track, the Court should order Amazon's *immediate* compliance with the subpoena. ......................................... 8

CONCLUSION ................................................................................................................... 8

Pls' Motion to Compel
Case No. 15-cv-612 - ii

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

# **TABLE OF AUTHORITIES**

**United States Circuit Court of Appeals Cases:**

*Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court*,
  408 F.3d 1142 (9th Cir. 2005) .................................................................................5

**United States District Court Cases:**

*Amazon.com LLC v. Lay*,
  758 F. Supp. 1154 (W.D. Wash. 2010) ....................................................................6

*Anne Wolf v. Hewlett Packard Company*,
  No. 5:15-cv-1221 (C.D. Cal. Apr. 19, 2018) ............................................................1

*Best v. BNSF Ry. Co.*,
  No 06-cv-172, 2008 WL 149137 (E.D. Wash. January 10, 2008) ..........................5

*In re Nexus 6P Products Liability Litigation*,
  No. 17-cv-02185 (N.D. Cal. June 15, 2019) ............................................................1

*Moussouris v. Microsoft Corp.*,
  No. 16-mc-80170-MEJ, 2016 WL 5870010 (N.D. Cal. Oct. 7, 2016) ....................3

*Phil Shin et al. v. Plantronics, Inc.*,
  No. 18-cv-05626-NC (N.D. Cal. Oct. 31, 2019) ......................................................1

*Rodriguez v. Robbins*,
  No. 07-cv-3239, 2012 WL 12953870 (C.D. Cal. May 3, 2012) .........................4, 5

**Miscellaneous Authority:**

6 Newberg on Class Actions (5th ed.) ............................................................................4, 5

Fed. R. Civ. P. 26 ................................................................................................................3

Fed. R. Civ. P. 37 ................................................................................................................3

Fed. R. Civ. P. 45 ................................................................................................................3

Pls' Motion to Compel
Case No. 15-CV-612 - iii

Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

## INTRODUCTION

To provide notice and administer claims in this $155 million class action settlement, Class Counsel and the Claims Administrator must obtain a Class List, inclusive of both class member contact information and the amount of in-app spending associated with each class member in the Class List. Because the vast majority of Class Members have never provided their contact information to Defendants, and instead played Defendants' social casinos anonymously, Defendants are unable to furnish a useful Class List. Consequently, the Parties' Class Action Settlement Agreement relies on the technology platforms that host, process transactions for, and take a 30% cut of revenues from Defendants' social casinos—including Apple, Google, and Amazon—to provide the information necessary to compile the Class List (*i.e.*, Class Member contact information and in-app spending figures). *See* Dkt. 218-1 at 18-19. As an incentive for compliance, the platforms each stand to receive a complete release of any liability.

None of this is remarkable. That explains why, after receiving subpoenas from Class Counsel, both Google and Apple have agreed to provide all necessary information.

Unfortunately, despite being asked to provide the same information its peers were, nonparty Amazon.com, Inc. ("Amazon") has decided to throw a wrench in this settlement. It refuses to produce Class Member contact information, refuses to turn over associated in-app spending data, and insists on disseminating its own notice program (and, indeed, drafting its own notice).

There is no legitimate legal basis for Amazon's recalcitrance. Its objections to Plaintiffs' subpoena are boilerplate mush, and compliance with Plaintiffs' subpoena would take a single Amazon employee no more than an hour or two. What's really going on is that Amazon has figured out—through its gambits in a handful of recent class action settlements[1]—that if it hires a

---

[1] *See, e.g.*, *Anne Wolf v. Hewlett Packard Company*, No. 5:15-cv-1221, Dkt. No. 127 (C.D. Cal. Apr. 19, 2018) (acceding to Amazon's insistence on disseminating its own notice program); *In re Nexus 6P Products Liability Litigation,* No. 17-cv-02185, Dkt. No. 212 (N.D. Cal. June 15, 2019) (same); *Phil Shin et al. v. Plantronics, Inc.*, No. 18-cv-05626-NC, Dkt. No. 83 (N.D. Cal. Oct. 31, 2019) (same).

Pls' Motion to Compel
Case No. 15-cv-612 - 1

Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992

1   large law firm to drag the post-settlement subpoena process out as long as possible, and if that
2   law firm threatens to appeal any order compelling production (and consequently to knock the
3   settlement process off-schedule), the vast majority of plaintiffs' law firms will kowtow to its
4   demands and allow Amazon to run its own notice program consisting of a single, one-paragraph
5   email of vanilla text drafted by Amazon.

6   The Court should not countenance Amazon's flouting of the Federal Rules of Civil
7   Procedure. The Court should grant this motion, and should enter the attached [proposed] order
8   compelling Amazon to complete production of documents responsive to Plaintiffs' subpoena,
9   attached to the Declaration of Todd Logan ("Logan Decl.") as Exhibit 3, within forty-eight
10  hours.

## FACTUAL BACKGROUND

12  Because the vast majority of Settlement Class Members have never provided their contact
13  information to Defendants, and instead have played Defendants' social casinos anonymously,
14  Defendants are unable to furnish a useful Class List. Logan Decl. ¶ 3. Class Counsel has reached
15  agreements with both Apple and Google, under which those nonparties will produce all
16  information they possess necessary to create the Class List. *Id.* ¶ 4.

17  Similarly, beginning at least as early as July 27, 2020, the undersigned counsel began
18  meeting and conferring with outside counsel for Amazon in an effort to persuade Amazon to
19  informally produce the information necessary to compile a Class List. *Id.* ¶ 5. After extensive
20  meet and confer efforts, Amazon: (1) refused to agree to produce class member contact
21  information to the Claims Administrator such that the Claims Administrator could send notice;
22  (2) insisted that it be allowed to send its own notice; and (3) refused to produce Class Member
23  in-app spending data (other than, on a per-request basis, for Class Members who have previously
24  filed claims). *Id.* ¶¶ 6, 11; Ex. 1 (September 2, 2020 email from Molly Tullman to Todd Logan).

25  Once Class Counsel's informal negotiation efforts had failed, Plaintiffs formally
26  subpoenaed Amazon for Class Member contact information and spending amounts. *Id.* ¶¶ 7, 12-
27  13; Ex. 2 (Plaintiffs' August 19, 2020 subpoena); Ex. 3 (Plaintiffs' September 1, 2020

Pls' Motion to Compel
Case No. 15-cv-612 - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

subpoena).[2] Amazon's formal objections to Plaintiffs' August 19, 2020 subpoena are attached to the Logan Declaration as Exhibit 4. *Id.* ¶ 14. Amazon's objections to Plaintiffs' September 1, 2020 subpoena are due September 15, 2020, but Amazon's counsel has indicated that Amazon "plan[s] on standing on [its] objections." *Id.* ¶¶ 8, 15; Ex. 5 (September 3, 2020 email from Molly Tullman to Todd Logan).

# ARGUMENT

## I. Legal Standard.

Once a nonparty objects to a subpoena, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). "The scope of discovery a party may obtain through a subpoena is the same as that applicable under Federal Rule of Civil Procedure 26(b)." *Moussouris v. Microsoft Corp.*, No. 16-mc-80170-MEJ, 2016 WL 5870010, at *4 (N.D. Cal. Oct. 7, 2016). That means a party may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

## II. Fed. R. Civ. P. 37(a)(1) Certification and Compliance with LCR 37(a)(1).

Class Counsel has met and conferred extensively with counsel for Amazon in an effort to avoid unnecessary motion practice. These efforts began on July 27, 2020, when the undersigned counsel first spoke by telephone with Amazon's lead outside counsel, Jim Howard of Davis Wright Tremaine, about the need for Amazon to produce certain information to effectuate this settlement. Since then, Class Counsel and counsel for Amazon have communicated extensively, including dozens of emails and a telephonic conference on August 11, 2020 in which the undersigned counsel, Defendants' counsel, and both Jim Howard and Molly Tullman of Davis Wright Tremaine all participated. Unfortunately, no agreement could be reached.

---

[2]     Plaintiffs' August 19, 2020 subpoena inadvertently identified Class Counsel's San Francisco offices, which are more than 100 miles from Amazon's headquarters, as the place for compliance. That inadvertent error was remedied in Plaintiffs' September 1, 2020 subpoena, which identifies the Seattle address of Class Counsel's local counsel as the place for compliance but is otherwise identical to the original subpoena.

Pls' Motion to Compel
Case No. 15-cv-612 - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

III. **To Keep This Settlement On Track, The Court Should Compel Amazon To Immediately Produce Documents Responsive To Plaintiffs' Subpoena.**

1. <u>The subpoenaed information is relevant, and Class Counsel—in their capacity as court-appointed lawyers for the Class, is entitled to it.</u>

Plaintiffs' subpoena seeks information that is plainly relevant to providing notice in and administering this settlement: contact information for, and spending amounts associated with, player accounts in Defendants' social casinos. *See* Logan Decl., Ex. 2. Because the vast majority of players play Defendants' social casinos anonymously, Defendants are unable to furnish that information directly to Class Counsel or the Settlement Administrator. Logan Decl. ¶ 3. Consequently, and given that Amazon hosts and processes transactions for Defendants' social casino games, Plaintiffs have subpoenaed Class List information from nonparty Amazon.

Even if the Class had not yet been conditionally certified, Plaintiffs' subpoena to Amazon would be enforceable because the information it seeks is relevant to the case, because Defendants lack the subpoenaed information, and because the subpoena is minimally burdensome.

But the Court need not even consider that question. Here, the Class has been conditionally certified and Class Counsel have been appointed as attorneys for the Class. *See* Dkt. 221. That establishes an attorney-client relationship between Class Counsel and each member of the Class, and consequently eviscerates any practical basis to deny Class Counsel the subpoenaed information. *See, e.g.*, 6 NEWBERG ON CLASS ACTIONS § 19:2 (5th ed.) ("[O]nce a class has been certified, the default presumption is that there is an attorney-client relationship between class counsel and the absent class members."); *Rodriguez v. Robbins*, No. 07-cv-3239, 2012 WL 12953870, at *4 (C.D. Cal. May 3, 2012) (clear error to deny class counsel contact information of certified class members).

Because the subpoena seeks relevant information about Class Counsel's own clients, because Defendants do not possess the subpoenaed information, because compliance with the

Pls' Motion to Compel
Case No. 15-CV-612 - 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

subpoena is minimally burdensome, and moreover because prompt compliance with the subpoena is necessary to keep this settlement on track, the Court should compel Amazon to immediately comply with Plaintiffs' subpoena.

2. <u>None of Amazon's half-hearted, boilerplate objections pass the smell test.</u>

Amazon's formal objections, served after more than a month of meeting and conferring with Class Counsel over the information sought, are so boilerplate and threadbare that the Court should strike them. *See, e.g.*, *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) (holding that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient" ); *Best v. BNSF Ry. Co.*, No. 06-cv-172, 2008 WL 149137 (E.D. Wash. January 10, 2008) (striking boilerplate objections and concluding that the "non-specific general objections are not sufficient to permit the Court or the Plaintiff to meaningfully determine the sufficiency of Defendants' response to legitimate discovery."). And even if addressed for their merit, none of Amazon's objections pass the smell test.

*First*, Amazon argues that Plaintiffs' subpoena is "overbroad and unduly burdensome" because the subpoena does not make a showing that "such broad demands cannot be reasonably narrowed." Logan Decl., Ex. 4 at 1. But there's nothing overbroad or unduly burdensome about Plaintiffs' subpoena, given that the subpoenaed information is necessary to create a Class List and in turn to provide notice in and administer a $155 million class action settlement, and that complying with the subpoena would take a single Amazon employee perhaps an hour or two.

*Second*, Amazon objects to the subpoena on grounds of "privacy." *Id.* at 2. That is nonsense. Class Counsel has been appointed by the Court as attorneys for the Class, *see* Dkt. 221, and in any event a Protective Order governs protected information in this case, *see* Dkt. 213. That forecloses any privacy-related objection. *See* 6 NEWBERG ON CLASS ACTIONS § 19:2 (5th ed.); *Rodriguez*, 2012 WL 12953870, at *4.

*Third*, Amazon suggests Plaintiffs' subpoenas are "vague and ambiguous." Logan Decl., Ex. 4 at 2. They are not. Apple and Google had no problem interpreting their clear and

Pls' Motion to Compel
Case No. 15-CV-612 - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

straightforward defined terms, and Amazon shouldn't either. Amazon also implies that there's confusion about which "ASINs" (Amazon Standard Identification Numbers) are at issue, but that's just not true. Class Counsel provided the two specific ASINs at issue, in writing, on August 11, 2020 (during a telephonic meet and confer). There's nothing vague or ambiguous about Plaintiffs' subpoena.

*Fourth*, Amazon blames Class Counsel "for failing to take any efforts, let alone reasonable efforts, to reduce the burden and expense on nonparty Amazon." *Id.* That is ridiculous. Class Counsel spent more than a month engaging in informal negotiations with Amazon in an effort to reach an agreement before even serving a subpoena. The subpoena served upon Amazon in fact represents the *end point* of Class Counsel's negotiations with Google, and has been tailored to be as minimally burdensome as possible. Compliance with the subpoena requires a single Amazon employee to spend perhaps an hour writing a few lines of query code, executing the query, and emailing the resulting spreadsheet to Amazon's lawyers. By way of example, in two related cases, Google has requested to be reimbursed **$125** for its reasonably expended costs—presumably a single hour's work for a single employee—complying with substantially similar subpoenas. Logan Decl. ¶ 9. Bearing in mind that Amazon stands to receive a complete release under this settlement, it is ridiculous to suggest that Class Counsel has failed to take any efforts to reduce Amazon's burden or—moreover—that compliance requires *any* substantial burden on Amazon.

*Fifth*, Amazon suggests that complying with Plaintiffs' subpoena would violate someone's First Amendment rights. *Id.*, Ex. 4 at 3. It is unclear whether Amazon means its own First Amendment rights, or those of the Class—*i.e.*, Class Counsel's clients. Either way, the objection is absurd. Plaintiffs' subpoena seeks contact information for, and spending information associated with, Class Counsel's clients. Nobody is being compelled to make any expressive speech, and there's no risk here that a government entity is prying into the private lives of its citizens. *Cf. Amazon.com LLC v. Lay*, 758 F. Supp. 2d. 1154, 1167 (W.D. Wash. 2010)

Pls' Motion to Compel
Case No. 15-CV-612 - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

(shielding citizens' expressive content from being "disclosed to the government."). In other words, there's no First Amendment issue here.

*Sixth*, Amazon gripes that Plaintiffs' original subpoena identified San Francisco as an improper place for compliance. Logan Decl., Ex. 4 at 3. That inadvertent error was corrected in Plaintiffs September 1, 2020 subpoena. *See id.*, Ex. 3. And in any event, given that compliance will inevitably be performed over the internet (*e.g.*, via email or FTP server), there's no substantive merit to Amazon's objection.

*Seventh*, Amazon objects to the subpoena "to the extent it seeks the disclosure of information or documents containing confidential, proprietary, or trade secret information." *Id.*, Ex. 4 at 3. Because Amazon does not identify what, if any, information responsive to the subpoena falls under these categories, it is impossible for Class Counsel to respond to the objection except to point out that a Protective Order has been entered in this case, *see* Dkt. 213, and consequently none of these objections have any merit.

*Eighth*, Amazon objects to the subpoena "to the extent it purports to require Amazon to search for and provide information not within its possession, custody or control." Logan Decl., Ex. 4 at 3. Given that the subpoena seeks no such information, this objection requires no response.

*Ninth*, Amazon objects "to the subpoena to the extent it seeks production of electronically stored information from sources not reasonably accessible." *Id.* Again, because Amazon provides no specific information to suggest that Plaintiffs' subpoenas in fact seek any information that is "not reasonably accessible," it is essentially impossible for Class Counsel to respond to the objection. One thing Class Counsel can say, though, is that Google's request for costs of compliance with substantially similar subpoenas in two related cases totaled $125 each, potentially for a single hour's work. Logan Decl. ¶ 9. That request should provide the Court a reasonable window into the "burdens or costs" required to produce responsive information. *Id.*, Ex. 4 at 3. To put a finer point on things, compliance with Plaintiffs' subpoena is quick and easy—particularly so for trillion-dollar technology companies.

Pls' Motion to Compel
Case No. 15-CV-612 - 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

3. <u>To keep this settlement on track, the Court should order Amazon's *immediate* compliance with the subpoena.</u>

The Court has ordered notice of this settlement to be sent out on October 5, 2020. *See* Dkt. 221. The settlement administrator needs to possess Amazon's information at least a few days in advance of the notice date to ensure that the data is appropriately formatted and to print all physical notices. *See* Logan Decl. ¶ 10. Consequently, in order to timely send notice to Class Members who played Defendants' social casinos via Amazon, it is imperative that Amazon be compelled to *immediately* produce all responsive information.

## CONCLUSION

The Court should grant this motion, and should enter the attached [proposed] order compelling Amazon to complete production of documents responsive to Plaintiffs' subpoena, attached to the Logan Declaration as Exhibit 3, within forty-eight hours.

DATED this 10th day of September, 2020.

**SUZIE KELLY AND CHERYL KATER**
individually and on behalf of all others similarly situated,

By: /s/ Todd Logan

Todd Logan*
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300/Fax: 415.373.9435

By: /s/ Cecily C. Shiel
TOUSLEY BRAIN STEPHENS PLLC
Cecily C. Shiel, WSBA #50061
cshiel@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600

Pls' Motion to Compel
Case No. 15-CV-612 - 8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992

*Plaintiffs' Attorneys and Class Counsel*

*Admitted pro hac vice

Pls' Motion to Compel
Case No. 15-CV-612 - 9

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing document to be served the following day upon outside for counsel for Amazon.com Inc., via both electronic mail and formal service.

DATED this 10th day of September, 2020.

/s/ Todd Logan

Pls' Motion to Compel
Case No. 15-cv-612 - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992