1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>        *Plaintiffs*,<br><br>    *v.*<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation.<br><br>        *Defendants*. | No. 15-cv-00612-RSL<br><br>**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY AMAZON.COM, INC.**<br><br>Noting Date: November 27, 2020 |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br><br>    *v.*<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>        *Defendants*. | No. 19-cv-00199-RSL<br><br>**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY AMAZON.COM, INC.** |

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

1    This agreement is entered into between and among nonparty Amazon.com, Inc.

2   ("Amazon") and certain parties to the two actions captioned above, *Kater et al. v. Churchill*

3   *Downs Incorporated, et al.*, No. C15-0612-RSL (the "*Kater* Action") and *Thimmegowda v. Big*

4   *Fish Games, et al.*, No. C19-0199-RSL (the "*Thimmegowda* Action" and, together with the Kater

5   Action, the "Actions"), specifically: *Kater* Action plaintiffs Cheryl Kater and Suzie Kelly; and

6   *Thimmegowda* Action plaintiff Manasa Thimmegowda (collectively with Ms. Kater and Ms.

7   Kelly, the "Plaintiffs").  Plaintiffs and Amazon anticipate that Amazon will produce documents

8   in this action that contain sensitive consumer information.  This agreement is intended to

9   supplement the protective order entered by the Court on May 5, 2020 (ECF Nos. 192-1 and 213

10   in the *Kater* Action) ("Protective Order").

11    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good

12   cause for the following Agreed Rider To Protective Order Regarding The Use And Disclosure Of

13   Discovery Produced By Nonparty Amazon.com, Inc. ("Rider").

14   **PURPOSES AND LIMITATIONS**

15    Amazon Protected Material designated under the terms of this Rider shall be used by the

16   Class Action Administrator and Parties solely for the purpose of providing notice to and

17   verifying and paying the recovery amount owed to each member of the Settlement Class.

18   Amazon Protected Material shall not be used directly or indirectly for any other purpose

19   whatsoever.

20    No Amazon Protected Material provided by Amazon to the Class Action Administrator

21   under the terms of this Rider may be shared with any of the Parties, unless specifically

22   authorized by this Rider.

23    It is the intention of Amazon and the Parties that this Rider will protect all materials

24   produced by Amazon in the Actions unless otherwise specified.

25

26

27

STIPULATION AND ORDER
Case Nos. 15-cv-00612-RSL; 19-cv-00199-RSL - 2

**DEFINITIONS**

"Class Action Administrator" means Angeion Group, acting as class action administrator to effect the Class Action Settlement Agreement entered.

"Class Action Settlement Agreement" means the document filed at ECF No. 218-1 in the *Kater* Action.

"Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

"Amazon Protected Material" means any discovery produced by Amazon in the Actions.

"Settlement Class" has the meaning provided in the Class Action Settlement Agreement.

**COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**SCOPE**

The protections conferred by this Rider cover not only the Amazon Protected Material governed by this Rider as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Amazon Protected Material.

Nothing in this Rider shall prevent or restrict Amazon's own disclosure or use of its own Amazon Protected Material for any purpose, and nothing in this Rider shall preclude Amazon from showing its Amazon Protected Material to an individual who prepared the Amazon Protected Material.

**DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs, subject to the Final Disposition clause herein.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

**ACCESS TO AMAZON PROTECTED MATERIAL**

Basic Principles.  All Amazon Protected Material shall be used solely for the purpose of providing notice to and verifying and paying the recovery amount owed to members of the Settlement Class, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Amazon Protected Material shall not be provided, distributed, disclosed, or made available to anyone except as expressly provided in this Rider.

Secure Storage, No Export . Amazon Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Rider. To ensure compliance with applicable United States Export Administration Regulations, Amazon Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

Legal Advice Based on Amazon Protected Material.  Nothing in this Rider shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Amazon Protected Materials, provided counsel does not disclose the Amazon Protected Material itself except as provided in this Rider.

Limitations.  Nothing in this Rider shall restrict in any way Amazon's use or disclosure of its own Amazon Protected Material.

Designation. For the avoidance of doubt, in all circumstances not specifically addressed by this Rider, all Amazon Protected Material shall be treated as if designated "CONFIDENTIAL" under the Protective Order regardless of whether the Amazon Protected Material has been stamped or marked in accordance with that Order.

**USE OF PROTECTED MATERIAL**

It is Amazon's and the Parties' intention that Amazon will produce Amazon Protected Materials directly to the Class Action Administrator, with no production to any of the Parties.

STIPULATION AND ORDER
Case Nos. 15-cv-00612-RSL; 19-cv-00199-RSL - 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992

1   Unless otherwise ordered by the Court or authorized through the prior written consent of

2   Amazon, the Class Action Administrator may disclose Amazon Protected Materials only to those

3   members of the Class Action Administrator's staff, or to any copying, clerical or other support

4   services working at the direction of the Class Action Administrator, to whom disclosure is

5   reasonably necessary in order to provide notice to and/or to verify and pay the recovery amount

6   owed to members of the Settlement Class, provided that each such person to whom disclosure is

7   made must first agree to be bound by the provisions of this Rider by signing a copy of Exhibit A.

8   Nothing in the foregoing paragraph is intended to restrict the Class Action Administrator

9   from disclosing to a member of the Settlement Class any Amazon Protected Material that

10   specifically relates to that individual.

11   Certain Members of the Settlement Class: As a limited exception and subject to this

12   Rider, as of the date of production, the Class Action Administrator may furnish to Counsel for

13   Plaintiffs the contact information for and Lifetime Spending Amount associated with each

14   Settlement Class Member who has a Lifetime Spending Amount of greater than or equal to

15   $25,000.

16   For the avoidance of doubt, no Settlement Class Member's contact information or

17   Lifetime Spending Amounts shall be provided to Counsel for Plaintiffs unless Counsel for

18   Plaintiffs have been appointed by the Court as Class Counsel.

19   Any contact information disclosed to counsel for Plaintiffs pursuant to this section shall

20   be used solely for the purpose of providing notice of the Class Action Settlement Agreement to

21   members of the Settlement Class, and counsel for Plaintiffs shall disclose Contact Information

22   only to counsel's staff, or to any copying, clerical or other support services working at the

23   direction of counsel for Plaintiffs, to whom disclosure is reasonably necessary to provide notice

24   to the member.  All Contact Information relating to a member of the Settlement Class shall be

25   destroyed by counsel for Plaintiffs upon confirmation that the member has received actual notice

26   of the Class Action Settlement.

27

STIPULATION AND ORDER
Case Nos. 15-cv-00612-RSL; 19-cv-00199-RSL - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

1

**CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

2

This Rider is intended to provide no mechanism to the Parties through which they can

3

challenge the designation or protected status of Amazon Protected Materials.

4

**SUBPOENAS OR COURT ORDERS**

5

If at any time Amazon Protected Material is subpoenaed by any court, arbitral,

6

administrative, or legislative body, the Party to whom the subpoena or other request is directed

7

shall immediately give prompt written notice thereof to Amazon and to its counsel and shall

8

provide Amazon with an opportunity to move for a protective order regarding the production of

9

Amazon Protected Materials implicated by the subpoena.

10

**FILING PROTECTED MATERIAL**

11

Absent written permission from Amazon or a court Order secured after appropriate notice

12

to all interested persons, the Parties may not file or disclose in the public record any Amazon

13

Protected Material.

14

**INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

15

In the event of a disclosure of any Amazon Protected Material pursuant to this Rider to

16

any person or persons not authorized to receive such disclosure under this Rider, the Party

17

responsible for having made such disclosure, and each Party with knowledge thereof, shall

18

immediately notify counsel for Amazon and provide to such counsel all known relevant

19

information concerning the nature and circumstances of the disclosure. The responsible

20

disclosing Party shall also promptly take all reasonable measures to retrieve the improperly

21

disclosed Amazon Protected Material and to ensure that no further or greater unauthorized

22

disclosure and/or use thereof is made.

23

Unauthorized or inadvertent disclosure does not change the status of Amazon Protected

24

Material or waive the right to hold the disclosed document or information as Protected.

25

**FINAL DISPOSITION**

26

Not later than ninety (90) days after closure of the Final Disposition of this case, each

27

Party and the Class Action Administrator shall return all Discovery Material of a Producing

STIPULATION AND ORDER
Case Nos. 15-cv-00612-RSL; 19-cv-00199-RSL - 6

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of Amazon.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

All Parties that have received any such Discovery Material, as well as the Class Action Administrator, shall certify in writing that all such materials have been returned to counsel for Amazon or destroyed.

## MISCELLANEOUS

Termination of Matter and Retention of Jurisdiction.  The Parties and Amazon agree that the terms of this Rider shall survive and remain in effect after the Final Determination of the Actions.  The Court shall retain jurisdiction after Final Determination of the matter to hear and resolve any disputes arising out of this Rider.

Successors.  This Rider shall be binding upon Amazon and the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice.  The United States District Court for the Western District of Washington is responsible for the interpretation and enforcement of this Order.  All disputes concerning Amazon Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Western District of Washington.

Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures

STIPULATION AND ORDER
Case Nos. 15-cv-00612-RSL; 19-cv-00199-RSL - 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992

of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, or the Court's own orders.

Representation and Agreements Regarding Production. Amazon represents that it will complete production of emails and spending amounts, directly to the Settlement Administrator, as promptly as possible, and on or before December 1, 2020. Amazon further represents that it will promptly complete production of names, physical addresses, and phone numbers ("Supplemental Information") for class members who spent over $100, to the extent Amazon is in possession of such information, though compiling and producing the Supplemental Information may require additional time and production may not be complete as of the Court-ordered deadline. Class Counsel agrees to further meet and confer in good faith with Amazon regarding timing of the production of the Supplemental Information, but reserve their right to pursue appropriate remedies should Amazon not timely produce the Supplemental Information.

$$*\qquad\qquad *\qquad\qquad *$$

Respectfully submitted,

**Dated**: November 27, 2020

By: /s  Todd Logan

Todd Logan*
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300/Fax: 415.373.9435

By: /s/ Cecily C. Shiel

TOUSLEY BRAIN STEPHENS PLLC
Cecily C. Shiel, WSBA #50061
cshiel@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600

*Class Counsel*

STIPULATION AND ORDER
Case Nos. 15-cv-00612-RSL; 19-cv-00199-RSL - 8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992

*Admitted *pro hac vice*

Dated: November 25, 2020         By: /s/   James Howard

James Howard (Bar No. 37259)
JimHoward@dwt.com
Molly N. Tullman (Bar No. 50420)
mollytullman@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 757-8137

*Attorneys for Nonparty Amazon.com, Inc.*

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992

1

**ORDER**

2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

Dated this 30th day of November, 2020.

5

6

*MM S Lasnik*

7

ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Amazon.com, Inc. ("Rider") in *Kater et al. v. Churchill Downs Incorporated, et al.*, No. C15-0612-RSL and *Thimmegowda v. Big Fish Games, et al.*, NO. C19-0199-RSL, United States District Court, District of Washington, Western District. Having read and understood the terms of the Rider, I agree to be bound by the terms of the Rider and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Rider.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992