**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated, | No. 15-cv-00612-RSL |
| *Plaintiffs*, | **ORDER DENYING PLAINTIFFS' UNOPPOSED MOTIONS TO SEAL DEFENDANTS' REVENUE INFORMATION** |
| *v.* | |
| CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation. | |
| *Defendants*. | |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated, | No. 19-cv-00199-RSL |
| *Plaintiff*, | |
| *v.* | |
| BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, | |
| *Defendants*. | |

SEAN WILSON, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

PLAYTIKA LTD, an Israeli limited company, and CAESARS INTERACTIVE ENTERTAINMENT, LLC, a Delaware limited liability company,

*Defendants*.

No. 18-cv-05277-RSL

SEAN WILSON, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

HUUUGE, INC., a Delaware corporation,

*Defendant.*

No. 18-cv-05276-RSL

This matter comes before the Court on plaintiffs' unopposed motions to seal revenue-related information defendants designated as confidential. "There is a strong presumption of public access to the court's files." LCR 5(g). Absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. A party's unilateral designation of a document as confidential does not, in and of itself, justify a seal under LCR 5(g)(2).

The unopposed motion does not show that the revenue information is kept confidential or that defendants' interests outweigh those of the public. Defendants have not filed a response to the motion or otherwise shown the legitimate private or public interests that warrant a seal, the injury that would result from public disclosure, or that the public's right of access should give way. The revenue information at issue was used to calculate the percentage participation and recovery of class members, information which was important to the Court's consideration of the efficacy of notice and the class' response to the benefits offered by the settlement. In order to fully understand the Court's decision to approve the settlement, the public should have access to the revenue information, especially when the need for secrecy has not been established.

For all of the foregoing reasons, plaintiffs' motions to seal defendants' revenue information (*Kater*, Dkt. # 276; *Thimmegowda*, Dkt. # 209; *Wilson v. HUUUGE*, Dkt. # 131; *Wilson v. Playtika*, Dkt. # 155) are DENIED. Versions of plaintiffs' reply memoranda and the Logan Declaration that make the revenue information available for public viewing have been filed.

DATED this 10th day of February, 2021.

Robert S. Lasnik
United States District Judge