**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation.<br><br>    *Defendants*. | No. 15-cv-00612-RSL<br><br>**ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS** |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>    *Defendants*. | No. 19-cv-00199-RSL<br><br>**ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS** |

WHEREAS, Plaintiffs have submitted authority and evidence supporting Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards; and

WHEREAS, the Court, having considered the Motion and being fully advised, finds that good cause exists for entry of the Order below; therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards.

2. The Court confirms its appointment of Jay Edelson, Rafey S. Balabanian, Todd Logan, Alexander G. Tievsky, and Brandt Silver-Korn of Edelson PC as Class Counsel.

**A.     Attorneys' Fees**

3. Class Counsel has requested the Court calculate their award using the percentage-of-the-fund method. Class Counsel requests the Court award 25% of the $155 million common fund as attorneys' fees.

4. These requested attorneys' fees, which reflect the "benchmark" fee award in common fund cases, are fair and reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002). The Court reaches this conclusion after analyzing: (1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generated benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case; (6) and whether the case was handled on a contingency basis. In reaching this conclusion, the Court has also taken into account the settlements reached, and fee awards requested, in the *Wilson v. Huuuge* and *Wilson v. Playtika* actions.

5. Class Counsel performed exceptional work and achieved an exceptional result for the Class. Class Members stand to recover substantial portions of their Lifetime Spending Amount on Defendants' Applications.

Order - 1

6. Class Counsel further achieved exceptional non-monetary benefits for the Class. Among other things, Defendants have agreed to meaningful prospective relief for the Class, including providing addiction-related resources on the Applications and creating a robust self-exclusion policy within the Applications.

7. This litigation was extremely risky for Class Counsel. Class Counsel worked entirely on contingency, prosecuted a line of several class actions against well-funded corporations, and pursued an entirely novel legal theory: that Defendants' internet-based "social casinos" violated Washington's "Return of Money Lost at Gambling" statute (RCW 4.24.070). Class Counsel also defended the Class's interests before the Washington State Gambling Commission and the Washington State Legislature.

8. The market also supports Class Counsel's fee request. Contingency arrangements in high-stakes, high-value mass litigation typically fall in the range of 30-40%. *See* Declaration of Charles M. Silver ("Silver Decl.") ¶¶ 20, 29, 36. Further, the mean percentage award of attorneys' fees in class actions in the Ninth Circuit is 24.5% of the common fund, and the mean percentage award in this District is 26.98%. *See* Declaration of William B. Rubenstein ("Rubenstein Decl.") ¶ 14.

9. The Court is not required to conduct a lodestar cross-check, *Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 630 (9th Cir. 2020), and declines to do so here. Given the unique circumstances presented by this litigation, in particular the significant amount of non-legal work that had to be performed to turn back industry efforts to obtain protective legislation and to prevent participation in this lawsuit, the Court concludes that a lodestar cross-check would not be a valuable tool to help assess the reasonableness of Class Counsel's fee request. *See* Rubenstein Decl. ¶¶ 18-22; Silver Decl. ¶¶ 74-78.

10. The Court grants Class Counsel's request for a fee award of 25% of the common fund, or $38,750,000.

B.     **Costs and Expenses**

11.    In addition to the fee request, Class Counsel requests reimbursement of $1,785,942.27 in costs and expenses.

12.    The Court finds most of these costs and expenses to be reasonable and appropriate. *See Dennings v. Clearwire Corp.*, No. C10-1859-JLR, 2013 WL 1858797, at *10 (W.D. Wash. May 3, 2013), *aff'd* (Sept. 9, 2013). The amount will be reduced, however, by costs related to activities which justified a fee award far in excess of the lodestar amount, namely the $110,827 in lobbying fees paid to oppose the industry's efforts to change Washington gambling laws and the $84,425.27 in internet advertising expenses related to identifying and engaging with class members who wanted to opt out of the revised terms and conditions. The Court consequently awards Class Counsel reimbursement of $1,590,690 in costs and expenses.

C.     **Incentive Awards**

13.    Class Counsel requests an incentive award of $10,000 each for Cheryl Kater and Manasa Thimmegowda and an incentive award of $50,000 for Suzie Kelly.

14.    The requested incentive awards are fair and reasonable. Kater and Thimmegowda invested substantial time in this case, risked reputational harm, and otherwise made significant contributions to the Class. A $10,000 incentive award is reasonable for their services. *See McClintic v. Lithia Motors, Inc.*, No. C11-859RAJ, 2011 WL 13127844, at *6 (W.D. Wash. Oct. 19, 2011). Kelly's service to and sacrifice for the Class was unique, substantial, and far beyond the typical contributions of a class representative. A $50,000 incentive award is reasonable for her services. *See, e.g.*, *del Toro Lopez v. Uber Techs., Inc.*, 17-cv-6255, 2018 WL 5982506, at *3 (N.D. Cal. Nov. 14, 2018).

D.     **Conclusion**

15.    Based on the foregoing findings and analysis, the Court awards Class Counsel $38,750,000 in attorneys' fees; awards Class Counsel costs and expenses in the amount of $1,590,690; awards Cheryl Kater and Manasa Thimmegowda incentive awards of $10,000; and awards Suzie Kelly an incentive award of $50,000.

**IT IS SO ORDERED.**

Dated this 11th day of February, 2021.

*[signature: Robert S. Lasnik]*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370 • Fax: 312.589.6378